IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, </br></br> Plaintiff, </br></br> v. </br></br> WALMART, INC., D/B/A WAL-MART STORES EAST, LP </br></br> Defendant. | CIVIL ACTION NO. </br></br> C O M P L A I N T </br></br> JURY TRIAL DEMAND |

## NATURE OF THE ACTION

This is an enforcement action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e *et. seq.,* and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, to correct unlawful employment practices on the basis of sex (female) and retaliation, and to provide appropriate relief to Joelle Saunders ("Charging Party" or "Saunders"), and a class of female employees (the "Class") who were adversely affected by such practices.

As alleged with greater particularity below, the Equal Employment Opportunity Commission ("EEOC" or "Commission") alleges that Defendants, Walmart, Inc. and Wal-Mart Stores East, LP ("Walmart" or "Defendants") violated Title VII by subjecting Charging Party and the Class to co-worker harassment and retaliating against Charging Party after she complained of said harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Florida, Pensacola Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Defendants Walmart, Inc. and Wal-Mart Stores East, LP have continuously been doing business in the State of Florida and Walton County and each have continuously had more than 500 employees.

5. At all relevant times, Defendants Walmart, Inc. and Wal-Mart Stores East, LP have continuously been employers engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## ADMINISTRATIVE PROCEDURES

6. More than thirty days prior to the institution of this lawsuit, Saunders filed a charge with the Commission alleging violations of Title VII by Defendants.

7. On September 14, 2020, the Commission issued to Defendants a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendants to join the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and provide appropriate relief.

8. In its efforts to conciliate, the Commission engaged in communications with Defendants to provide them with the opportunity to remedy the discriminatory practices described in the Letter of Determination. The Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

9. On December 1, 2020, the Commission issued to Defendants a Notice of Failure of Conciliation advising Defendants that the Commission was unable to secure from Defendants a conciliation agreement acceptable to the Commission.

10. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

11. Defendants, headquartered in Bentonville, Arkansas, is a grocer and retail store organized and existing under the laws of a state other than Florida.

12. Defendants own and manage over 11,000 stores globally.

### COUNT ONE:
### (Sex Discrimination)

13. Since at least July 2018, Defendants have engaged in unlawful employment practices by subjecting Saunders and the Class to discrimination on the basis of sex at its Defuniak Springs, Florida location in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).

14. In or around April 21, 2018, Saunders was hired as a Sales Associate at Defendants' location in Defuniak Springs, Florida. Shortly after her hire, Saunders moved into the CAP I Team Associate position.

15. Beginning on or about July 2018, Saunders and the Class were subjected to repeated instances of sexual comments and sexual touching by her co-worker James "Jim" Pollock ("Pollock").

16. When around Saunders, Pollock frequently made lewd comments about her breasts and buttocks. This comments included but are not limited to the following: "Lift heavier boxes, your boobs will get bigger," "I'm a breast man, I like mountains with point snow caps, you fit the description," "You shouldn't move your hands like that when you talk because when you do, your boobs move with them," and "Can I ask you something? Have your boobs gotten bigger yet."

17. In addition to lewd comments, Saunders was subjected to unwanted sexual touching by Pollock. During their shift, Pollock would run his fingers down her back, brush up against her, slap her buttocks, and put his hands on her hips while passing her in the workplace.

18. Pollock's lewd comments and sexual touching were unwanted by Saunders.

19. In approximately mid-September 2018, Saunders complained to Fresh CAP I supervisor Ricky Harrison about Pollocks' lewd comments and behavior.

20. Under Defendant's anti-discrimination and anti-harassment policy, a manager who receives, observes, or is otherwise made aware of a violation of the anti-discrimination and harassment policy has a duty to immediately report the complaint or behavior to the appropriate level of management.

21. Harrison did not report Saunders' complaint about Pollock to the appropriate level of management, and Pollock's sexually harassing conduct continued and escalated.

22. At the end of September, Saunders again complained to Harrison about Pollock's sexually harassing conduct. Harrison then reported her complaints to upper management at the store, and Defendants' human resources department also became aware of Saunders' complaints.

23. Saunders provided management a written statement memorializing her complaints about Pollock's sexually harassing conduct on September 27, 2018.

24. For weeks, Defendants failed to investigate Saunders' complaints or take corrective action against Pollock. Due to Defendant's inaction, Pollock's harassment of Saunders and other female employees continued unchecked.

25. Pollock subjected at least two other female employees to lewd comments and inappropriate and sexual touching.

26. For example, he commented to one female CAP I team associate on one occasion, "Guess I'll have to be nice to my wife when I get home [because of] the way you are bent over there." Pollock would frequently try to touch the breasts and buttocks of that employee.

27. On one occasion, Pollock grabbed that employee around the waist as she bent over in the cooler in the meat department. Her supervisor observed this but did nothing.

28. On another occasion in late October or early November 2018, when another female employee was stocking the freezer, Pollock approached that employee from behind and grabbed her waist. That employee complained to her manager, who relayed the complaint to upper management, but no action, or no effective action, was taken and Pollock's harassment continued.

29. Despite the continued harassment and knowledge of Defendants, Defendants failed to take effective corrective action until November 21, 2018 when Pollock was terminated after the husband of one female employee twice came to the store to confront the store manager about the harassment and Defendants' failure to stop it.

30. Defendants failed to take effective action for more than two months after Saunders first complained.

31. The effect of the practices complained of in Paragraphs thirteen (13) through thirty

(30) above has been to deprive Saunders and the Class of equal employment opportunities because of their sex in violation of Section 703(a) of Title VII, 42 U.S.C. § 2000e-2(a).

## COUNT TWO
### (Retaliation)

32. Plaintiff realleges and incorporates by reference Paragraphs thirteen (13) through thirty-one (31) above.

33. Since at least October 1, 2018, Defendants have engaged in unlawful employment practices in Defuniak Springs, Florida in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a).

34. On or about October 1, 2018, four days after Saunders provided Defendants' management a written statement memorializing her complaints about Pollock's sexually harassing conduct, Defendants engaged in unlawful employment practices by terminating Saunders in retaliation for her complaints of sexual harassment.

## ADDITIONAL ALLEGATIONS

35. The unlawful employment practices complained of in Paragraphs thirteen (13) through thirty-four (34) were and are intentional.

36. The unlawful employment practices complained of in Paragraphs thirteen (13) through thirty-four (34) were done with malice or with reckless indifference to the federally protected rights of Saunders and the Class.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in

employment practices that discriminate on the basis of sex and from retaliating against individuals for engaging in protected activity.

B.   Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendants to make whole Charging Party and the Class by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to, front pay and/or reinstatement.

D.   Order Defendant to make whole Charging Party and the Class by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in Paragraphs thirteen (13) through thirty-four (34) above, in amounts to be determined at trial.

E.   Order Defendant to make whole Charging Party and the Class by providing compensation for past and future nonpecuniary losses resulting from the unlawful employment practices described in Paragraphs thirteen (13) through thirty-four (34) above, in amounts to be determined at trial.

F.   Order Defendant to pay punitive damages for its malicious and reckless conduct, as described in Paragraphs thirteen (13) through thirty-four (34) above, in amounts to be determined at trial.

G.   Grant such further relief as the Court deems necessary and proper in the public interest.

H.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

RESPECTFULLY SUBMITTED,

GWENDOLYN YOUNG REAMS
Acting General Counsel

MARSHA L. RUCKER
Regional Attorney
PA Bar No. 90041
marsha.rucker@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street, South
Birmingham, Alabama 35205
Telephone: (205) 651-7045
Facsimile: (205) 212-2041