### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,**

     **Plaintiff,**

**v.**                       **CASE NO. 3:21-CV-1051-TKW-HTC**

**WALMART INC. and
WAL-MART STORES EAST, L.P.,**

     **Defendants.**

_____/

## DEFENDANTS' OMNIBUS MOTIONS IN LIMINE

Defendants Walmart Inc. and Wal-Mart Stores East, L.P. ("Walmart"), by and through their undersigned attorneys, hereby submits to this Court its Omnibus Motions in Limine, Memorandum of Law, and Certificate of Good Faith.

### I.  Introduction

This case involves allegations by the Equal Employment Opportunity Commission ("EEOC") that Joelle Saunders ("Saunders") was subjected to a hostile work environment on the basis of sex. This Court disposed of the EEOC's claims of class discrimination based on sex by granting Walmart's Motion for Summary Judgment as to the allegations brought by Destiny Riveras and Carolina Villalobos. This Court also granted summary judgment on the EEOC's claim that Ms. Saunders was terminated due to retaliation. Thus, the only remaining claim is a claim of sexual

harassment related to Saunders. Essentially, the EEOC alleges that Walmart failed to properly investigate and take effective action after Saunders complained about sexual harassment of a former co-worker, James Pollock ("Pollock").  Walmart denies these allegations.

## II.     Standard for Determination

District courts may make *in limine* rulings "pursuant to the district court's inherent authority to manage the course of trials." *Luce v. U.S.*, 469 U.S. 38, 41, n.4 (1984).  An *in limine* order is designed, among other things, to obviate the need to instruct jurors to forget what they have just heard, or for counsel to have to make requests for a bench conference while the jury wonders what is trying to hide. The Federal Rules of Evidence contain several provisions that guide our analysis for determining the admissibility of evidence.  First and foremost, evidence must be relevant.  Evidence that is not relevant is not admissible. *United States v. Howard*, 373 Fed. Appx. 21, 25 (11th Cir. 2010) (citing Fed. R. Evid. 402). Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401.

Second, even if relevant, evidence is still subject to exclusion under other applicable rules of evidence.  For example, under Rule 403, relevant evidence may be excluded "if its probative value is substantially outweighed by the danger of

10205444v1

unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403. For the reasons described in this motion, Walmart sets forth the subsequent arguments and supporting law for the exclusion from the trial of this case the following evidence, testimony, and arguments.

## III. Legal Argument

**A. <u>Motion in Limine Number 1</u>: Evidence regarding Pollock's alleged harassment of Villalobos and Riveras should be excluded.**

Any testimony, evidence, or argument regarding the allegedly harassing behavior from Pollock toward Villalobos and Riveras while they were employed with Walmart should be excluded because it is irrelevant testimony regarding previously dismissed claims, impermissible character evidence, and unfairly prejudicial and confusing to the jury.

Any evidence regarding the personal experiences of Villalobos and Riveras would be evidence concerning previously dismissed claims, and not relevant to the alleged harassment of Saunders.  On July 17, 2023, pursuant to Walmart's Motion for Summary Judgment, this Court found that both Villalobos and Riveras were not subjected to an actionable sexually hostile work environment based on Pollock's alleged conduct. As such, any testimony by Villalobos or Riveras about how Pollock treated them would be irrelevant to the only remaining claim – Saunders' claim of sex discrimination. "District courts routinely exclude evidence and argument related

to previously dismissed claims as irrelevant and prejudicial." *DeBose v. Univ. of. S. Fla. Bd. Of Trs.,* 2018 WL 8919981, *2 (M.D. Fla. September 9, 2018).

Furthermore, evidence or testimony regarding Pollock's treatment of Villalobos or Riveras is inadmissible under Federal Rule of Evidence 404. Rule 404(a) specifically provides that "[e]vidence of a person's character of character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait." Evidence by Villalobos or Riveras regarding how Pollock allegedly treated them falls squarely under this Rule. The EEOC would only be using their testimony to say to the jury that Pollock's character or trait is to act inappropriately toward female employees as established by his behavior toward these two females and therefore he must have acted consistent with that character or trait with Saunders. Such an argument is exactly what Rule 404(a) is intended to prevent. *See Denney v. City of Albany*, 247 F.3d 1172, 1189 (11th Cir. 2001) (Courts are reluctant to consider prior bad acts in an employment discrimination framework when those acts do not relate directly to the plaintiff).

The evidence is not admissible under Federal Rule of Evidence 404(b) as evidence of a crime, wrong or other bad act. Pursuant to the Rule, evidence of other wrongs or bad acts "may be admissible [to prove] motive, opportunity, intent, preparation, plan, knowledge, identity, absence or mistake, or lack of accident." However, none of these are elements of this case. Typically, such "me too" evidence

is not admissible in harassment cases because intent is not an issue. *See Phillips v. Smalley Maintenance Services, Inc.*, 711 F.2d 1524, 1532 (11th Cir. 1983)(explaining that "me too" evidence was only admissible to show intent or motive in a discriminatory termination case but not to be considered for the harassment claim).

In *Goldsmith v. Bagby Elevator*, 513 F.3d 1261, 1286 (11th Cir. 2008), the Eleventh Circuit considered "me too" evidence in a lawsuit involving claims of discrimination, harassment and retaliation. The Eleventh Circuit explained that "me too" evidence could be admissible to show the <u>intent</u> of the <u>decisionmaker</u> to "discriminate against the plaintiff." As for harassment, the Eleventh Circuit held that "me too" evidence could be admissible in the limited circumstance of showing motive or intent of the employer in addressing claims of harassment. The Court held that the "me too" evidence was admissible for the limit purpose to show that any black employee who complained was treated differently and ultimately terminated, thereby proving the plaintiff's claim that the company permitted racial harassment on its premises over a period of time without acting – thus showing the defendant's motive regarding its response to similar harassment complaints.

Neither of the two permissible uses of "me too" evidence is applicable to this case. First, in this case, Pollock's <u>intent</u> is not an issue as intent is an element in a discrimination case but not a harassment case. Second, Villalobos and Riveras cannot testify about how Walmart treated other complaints of harassment to show

Walmart's motive since Villalobos and Riveras did not complain about their alleged harassment until after Saunders complained.  Therefore, the evidence does not show how Walmart treated other individuals who complained about harassment or how Walmart allegedly fired individuals who complained of harassment.  Accordingly, the reason to admit such "me too" evidence in a harassment case as explained in *Bagby Elevator* is not present in this case.  The evidence does not tend to show Walmart's intent or knowledge regarding harassment or how it handles similar claims of harassment.  Instead, the only possible use of this evidence is to argue that if Pollock treated the others inappropriately, he must have treated Saunders inappropriately too – this is inadmissible character evidence and should be excluded under Rule 404.

Even if there were some relevance for this evidence to show Walmart's intent or knowledge, any evidence or testimony regarding Pollock's alleged treatment of Villalobos or Riveras would not be admissible because it is unduly prejudicial, confusing, and misleading. Federal Rule of Evidence 403 creates a balancing test under which trial courts weigh the probative value of evidence against the various risks of admitting it. If the risks substantially outweigh the probative value, it may be excluded. *See Sprint/United Mgmt. Co. v. Mendelsohn*, 552 U.S. 379, 384 (2008). "[T]rial courts regularly prohibit 'me too' evidence from or about other employees who claim discriminatory treatment because it is highly prejudicial and only slightly

relevant." *Johnson v. Interstate Bands Corp.*, 351 F. App'x 36, 41 (6th Cir. 2009); see also *McLaughlin v. Essette Pendaflex Corp.*, 50 F.3d 507, 512 (8th Cir. 1995) (noting that a plaintiff failed to prove discrimination by presenting the testimony of witnesses who were not involved in the employment decision); *Yellow Bayou Plantation, Inc. v. Shell Chemical, Inc.*, 491 F.2d 1239, 1242-43 (5th Cir. 1974) (upholding the decision to exclude evidence of another employment discrimination suit against the defendant because of the high potential for unfair prejudice). Allowing this evidence would degenerate Saunders' claim into a series of "mini trials" concerning the reliability of Villalobos and Riveras. To admit evidence that this Court has already disposed of to prove that Pollock had an intent to harass is highly prejudicial and not probative of whether Pollock's alleged interactions with Saunders actually constitute sexual harassment.  Based on the foregoing, the EEOC should be precluded from introducing evidence, testimony, and arguments from Villalobos and Riveras about their exchanges with Pollock during their respective employments with Walmart.

**B.    Motion in Limine Number 2: Riveras' testimony that Ricky Harrison told her and Saunders that they would be terminated if they reported allegations of harassment from Pollock should be excluded.**

Riveras testified that Ricky Harrison, supervisor, told Saunders and Riveras that they would be terminated if they reported harassment. (See DE 84-3, Riveras Deposition, 57:13-18). However, Saunders testified that no one at Walmart ever told

her she was not allowed to report harassment or that she would get in trouble if she did so. (See DE 84-1, Saunders' Deposition, 35:5-21).  Saunders explained that she was scared to call the ethics hotline or report harassment because she thought she would be fired, but admitted that no one directly told her that.  (See DE 84-1, Saunders' Deposition 93:19-94:5).  In fact, Saunders testified that she had heard a rumor about it but did not even know from whom she heard the rumor.  (See DE 84-1, Saunders Deposition 94:6-95:21).

Riveras' testimony should be excluded under Federal Rule of Civil Procedure 402 because, based on Saunders' testimony, Saunders did not hear the comment and Riveras' reason for not reporting harassment earlier is not an issue in the case. "Relevancy is not an inherent characteristic of any item of evidence but exists only as a relation between an item of evidence and a matter properly provable in the case." *Huddleston v. United States*, 485 U.S. 681, 689 (1988) (citation omitted). Riveras' testimony is irrelevant because at no point in time has Saunders herself stated or adopted this fact. In fact, Saunders testified to the opposite. She was never told not to report any allegations or told that she would be terminated for reporting any claims. (See DE 84-1, Saunders Deposition, 86:4-17).  The fact that Riveras allegedly heard this comment has no bearing on why Saunders, who did not hear the statement, failed to report the alleged harassment in a timely manner.

The EEOC cannot use Riveras statement to allege that Saunders was deterred

from making any complaints or allegations concerning Pollock based on the alleged comment by Harrison because Saunders testified she was not informed she could be terminated if she did so and the reason she was afraid to report the harassment was because of a rumor. As such, Riveras' testimony regarding what she heard Harrison say serves no purpose in helping the jury resolve whether or not Saunders was subjected to harassment and whether she reported that harassment in a timely manner.   Accordingly, this testimony should be excluded from the trial as not relevant under Rule 402.

### C.    Motion in Limine Number 3: Any evidence that Saunders should not have been terminated or that her termination was a form of retaliation should be excluded.

Evidence contesting the reason for Saunders' termination or suggesting that Saunders was terminated in retaliation for raising a complaint of harassment should be excluded as not relevant, and unduly prejudicial and confusing to the jury[1].  The EEOC should not be permitted to introduce evidence or make argument suggesting Saunders' termination was unfair, retaliatory or not justified because such evidence or argument is not relevant to the claim before the jury.  The Court dismissed the EEOC's claim of retaliation, finding that Walmart terminated Saunders based on a legitimate, non-retaliatory reason – violating Walmart's attendance policy.  Evidence regarding the

---

[1] Walmart requests a statement to the jury that Saunders was terminated for violation of the attendance policy unrelated to her claim of harassment, and that the jury is not to consider her termination as retaliation or in determining whether Saunders was subjected to harassment.

validity of the termination or Saunders' belief that her termination was in retaliation for complaining about harassment is not relevant to the remaining claim of sexual harassment because it does not make the existence of any fact of consequence to the determination of the remaining claim more probable or less probable. Raising claims that have been dismissed as a matter of law serves no purpose in resolving the EEOC's remaining claim of hostile work environment based on her sex. In fact, one of the reasons that summary judgment exists in the first place is to avoid placing issues in front of jurors that can and should be decided as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986) (the central purpose of the summary judgment is "to isolate and dispose of factually unsupported claims or defenses[.]").

Further, the EEOC should be barred from introducing evidence or argument that Saunders should not have been terminated or that she was terminated in retaliation for raising a complaint of harassment because this would be unfairly prejudicial and confuse the jurors. The EEOC does not have a claim for retaliation and arguing retaliation to the jury would confuse the jury about an issue that has already been decided as a matter of law. This would be unfairly and substantially prejudicial to Walmart because the jury will not receive any jury instructions about retaliation and could improperly believe Saunders should not have been termination (even though this issue has already been decided by the Court). The jury's opinion of the case could be unfairly prejudiced against Walmart if the jury were told that Saunders was improperly

terminated or terminated for retaliatory motive. Since this issue has already been decided and is not part of the case before the jury, such evidence should be excluded under Rule 403.

**D.    Motion in Limine Number 4: Any evidence after Saunders' termination should be excluded.**

Any evidence occurring and referencing any action or conduct after Saunders' termination from Walmart should be excluded as irrelevant, and likely to confuse the jury. Saunders' employment ended on October 1, 20218. The EEOC intends to introduce evidence regarding events that took place at Walmart after the end of Saunders' employment – specifically, evidence regarding the investigation conducted by Walmart.

This evidence is not relevant. When Saunders' employment ended, so did any alleged harassment. Saunders was no longer working at the Walmart store and no longer interacting with Pollock. Walmart cannot be held liable for any time after Saunders' termination and cannot be continuously held responsible to take remedial measures. Walmart could not have taken any subsequent remedial measures after October 1, 2018 that would have prevented Pollock from harassing Saunders. Since Saunders was no longer employed at Walmart, Walmart no longer had a duty to take any remedial measure as to Saunders. According to the EEOC, "[r]emedial measures should be designed to stop the harassment, correct its effects on the employee, and ensure that the harassment does not recur." EEOC Notice No.

11

915.002, Enforcement Guidance: Vicarious Employer Liability for Unlawful Harassment by Supervisors, at § V.C.1.f. (June 18, 1999).

The EEOC cannot use evidence after October 1, 2018 to argue that Walmart, as a general matter, failed to conduct a proper investigation or take prompt remedial action.  The investigation and remedial action only matter as it relates to a specific event of harassment – and the only issue of harassment in this case is the alleged harassment of Saunders which stopped on October 1, 2018.  Thus, evidence of anything that occurred after October 1, 2018 is not relevant.  *See generally Entrekin v. City of Panama City Fla.,* 376 Fed. App'x 987, 995 (11th Cir. 2010) (noting that an employer's failure to investigate an employee's complaint was not an adverse employment action for purposes of Title VII's retaliation provision because the employee did not suffer harm as a result of the failure); *Sturdivant v. City of Atlanta*, 2014 WL 11444087, *18 (N.D. Ga. Feb. 7, 2014) ("In general, an employer's failure to investigate a complaint is not an adverse employment action under Title VII, absent some evidence that the failure to investigate resulted in a material adverse effect on the complaining employee.").

**E.     <u>Motion in Limine Number 5</u>: Any testimony by Saunders that she delayed reporting any alleged harassment because of rumors she heard should be excluded.**

In her deposition, Saunders testified that she did not call the Ethics hotline because she knew that Pollock was well liked, and she thought she would be

terminated if she reported the harassment. Saunders explained that "there was a rumor around the store that other people had been fired for making complaints about noticing other employees doing inappropriate things together." Saunders testified that she does not know who had allegedly been terminated and does not remember who she heard this rumor from, and no one actually told her that she could not report harassment or that she would get in trouble for reporting. (See DE 84-1, Saunders' Deposition, 93:19-95:21). Saunders should be barred from testifying about this alleged rumor because it is, at a minimum, hearsay and likely double hearsay.

Hearsay is defined as "a statement that: (1) the declarant does not make while testifying at the current trial or hearing; and a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c). Hearsay is not admissible at trial unless an exception applies. Fed. R. Evid. 802. Any hearsay testimony from Saunders regarding vague rumors she heard from unknown people regarding unknown events does not fall within any of the hearsay exceptions and should be excluded.

**F.    Motion in Limine Number 6: Christopher Wilcox's employment history and termination from Walmart should be excluded.**

The EEOC intends to introduce evidence regarding unrelated complaints of harassment brought against former store manager Chris Wilcox, and Wilcox's termination for misconduct in March 2019, more than six months after Saunders was terminated. Wilcox's termination had nothing to do with Saunders or her complaint of

13

harassment.

This evidence should be excluded under Rule 402 as it is not relevant to the only remaining claim in this lawsuit – the alleged harassment experienced by Saunders. Wilcox is not alleged to have harassed Saunders. The EEOC intends to introduce allegations of harassment by Wilcox that occurred both before and after Saunders' employment ended, which is clearly not relevant to the harassment alleged by Saunders. Saunders was not aware of any alleged harassing behavior by Wilcox, as she testified in her deposition. (See DE 84-1, Saunders' Deposition, p. 171:16-172:4). The harassment complaint brought against Wilcox while Saunders was still employed by Walmart was related to a female employee complaining that there was a rumor in the store that she had an intimate relationship with Wilcox. (See Exhibit 1, WM 001589-001602). The employee was not complaining that Wilcox had harassed her, but rather that there was a rumor spreading around the store. This information is completely irrelevant to Saunders' claim that Pollock harassed her, and is even irrelevant to any argument that harassment was permitted at the DeFuniak Spring's Walmart. Similarly, any complaint of harassment brought against Wilcox after Saunders' termination and any evidence related to Wilcox's termination for misconduct have no relation to Saunders or her complaint, and therefore is not relevant to the only issue in this lawsuit. Accordingly, evidence regarding allegations against Wilcox and the reason for his termination should be excluded.

14

Even if the information had a slight probative value, the evidence should still be barred under Rule 403 because it is unduly prejudicial, and would only confuse issues, waste time, and mislead the jury.  If the information regarding the complaints raised about Wilcox were presented to the jury, the entire facts surrounding those situations would need to be considered by the jury, which would then have to decide whether there was a rumor about Wilcox and another, unrelated employee having a consensual relationship, whether Wilcox harassed someone after Saunders' employment ended and whether Walmart's investigations into those allegations of complaints were appropriate.  This will take numerous hours of testimony,  and cause the jury confusion as to what investigation and remedial action are relevant to the actual claim in this lawsuit.  Accordingly, any evidence regarding Wilcox should be excluded.

**G.    <u>Motion in Limine Number 7</u>: Any testimony from Manuel Villalobos ("Mr. Villalobos") should be excluded.**

The EEOC intends to introduce testimony from Manuel Villalobos, the husband of Carolina Villalobos, that his wife told him about the alleged harassment she experienced, that he called Walmart to complain and that he met with management at Walmart – all after Saunders' employment at Walmart ended.  The EEOC also intends to introduce as exhibits Walmart's record of Mr. Villalobos' complaint and emails he sent to Walmart.  (See for example attached Exhibit 2, WM 000611-000615).   Mr. Villalobos is not a party to this case, is not a witness, and does not have any first-hand knowledge of any facts related to or pertaining to Saunders. Mr. Villalobos knowledge

is limited to his wife's allegation of sexual harassment, which was dismissed by the Court.

Any information or testimony that Mr. Villalobos would provide is inadmissible hearsay, since he did not see or know any of the information that was provided to him by Villalobos. Any testimony or documents recounting what Villalobos told her husband is hearsay. Mr. Villalobos' state of mind is not at issue. The hearsay testimony does not fall under any hearsay exception.

Furthermore, the testimony and exhibits as to Mr. Villalobos' complaints are not relevant because the complaints were made after Saunders' employment ended. As set forth above, evidence regarding actions that took place after Saunders' employment ended is not relevant. However, if the Court rules that evidence of the investigation is relevant, that does not extend to Mr. Villalobos' actions. The fact that Mr. Villalobos made a complaint on his wife's behalf, and was angry and confronted management at Walmart has nothing to do with Walmart's actual investigation. The fact that Mr. Villalobos complained and confronted management after Saunders' employment ended does not speak to any issue in the case and therefore should be excluded under Rule 402.

**H.    Motion in Limine Number 8: The EEOC's Letter of Determination should be excluded and a limiting instruction should be given.**

In the event that the EEOC attempts to introduce evidence of its own determination letter from September 14, 2020, the EEOC's Letter of Determination for

16

Saunders' Discrimination Charge is subject to the balancing test in Rule 403 and should be excluded because it is unfairly prejudicial and misleading to the jury. Since the EEOC is the named Plaintiff in the case, admitting the EEOC's "for cause" determination is highly prejudicial.

The Eleventh Circuit has established that EEOC determinations are generally admissible in bench trials, but not in jury trials. *Barfield v. Orange County*, 911 F.2d 644, 649 (11th Cir. 1990). The admission of an EEOC report, in certain circumstances, "may be much more likely to present the danger of creating unfair prejudice in the minds of the jury than in the mind of the trial judge, who is well aware of the limits and vagaries of administrative determinations and better able to assign the report appropriate weight and no more." *Id.* at 651. A determination by a government agency such as the EEOC is likely to have a disproportionately probative impact on jurors, especially when the EEOC is a party such as in the instant case.

The Letter of Determination also provides general legal conclusions by the EEOC stating that there is reasonable cause to believe that Saunders was discriminated against by subjecting her to a hostile work environment. This is likely to cause unfair prejudice to Walmart and mislead the jury, whose sole task as the fact finder is to determine the merits and likelihood that Saunders was harassed. Introducing into evidence an official government document that includes the

17

EEOC's interpretation of the evidence and findings of fact, especially when the EEOC is a party to the case, would be unduly prejudicial.  Accordingly, the EEOC's Letter of Determination should be excluded.

In addition, the jury should be provided an instruction regarding the EEOC's role in this case, and that the jury should not draw any inference from the fact that the EEOC has brought this case.  Specifically, in addition to the Eleventh Circuit Pattern Jury Instruction 3.2.3, Walmart asks this Court to include additional language to instruct the jury that the fact the EEOC has chosen to bring this lawsuit is not entitled to any inferences.  Walmart asks the Court to use the following language:

You must not draw any inference from the fact that the EEOC has brought this lawsuit, and may not give any deference to the EEOC's arguments simply because the arguments are made by the EEOC.

## I.    <u>Motion in Limine Number 9</u>: Any reference to Walmart's wealth, assets, sales, revenues, net worth, or any other financial information should be excluded.

Walmart's financial condition or resources should be excluded pursuant to Rule 403. The Eleventh Circuit has found that "the general rule is that, during trial, no references should be made to the wealth or poverty of a party, nor should the financial status of one party be contrasted with the others." *Brough v. Imperial Sterling Ltd.,* 297 F.3d 1172, 1178 (11th Cir. 2002). Moreover, "[t]he erroneous admission of such

evidence can constitute reversible error. *Id.* The probative value of any evidence of Walmart's net worth is substantially outweighed by the danger of unfair prejudice to Walmart, and therefore any such evidence should be excluded.

**J.**   **Motion in Limine Number 10**:  **Saunders should be barred from testifying that she was unable to afford treatment for her alleged emotional distress because she did not have a job.**

It is anticipated that Saunders will testify as to her emotional condition after the alleged harassment, including that she did not seek counseling because she could not afford to do so since she did not have a job.  Testimony regarding her inability to pay for treatment since she did not have a job is likely to confuse the issues and mislead the jury.  Since Saunders' termination was, in effect, caused by her own behavior, she should not be permitted to use her termination as an excuse for not obtaining treatment. Saunders did not seek treatment for any emotional condition, which is relevant to whether she has really suffered any emotional distress.  To the extent she did not seek treatment because she allegedly could not afford to do so, that was caused by her own bad behavior, and should not be considered by the jury.  Accordingly, Walmart moves to exclude such evidence under Rule 403.

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Local Rule 7.1(B), the undersigned certifies that she discussed the relief sought in this motion with attorneys for Plaintiff.  Mr. Russell agreed that the EEOC did not intend to introduce evidence regarding the EEOC's Letter of

Determination (as set forth in #8 above).  The Parties could not reach agreement on the other issues raised in this Motion.

Respectfully submitted this 6th day of October, 2023.

*/s/Angelique Groza Lyons*

Angelique Groza Lyons, Esq.
Fla. Bar No. 118801
alyons@constangy.com
Secondary Email:  tampa@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Tampa Street, Suite 3350
Tampa, Florida  33602
(813) 223-7166 / Fax:  (813) 223-2515

F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL  32202-4317
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

**Attorneys for Defendants**

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 6th day of October, 2023, I electronically filed with the Clerk of Court a copy of the foregoing document via the CM/ECF system, which will automatically serve a copy upon counsel for Plaintiff.

<u>/s/Angelique Groza Lyons</u>
Attorney

## <u>CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)</u>

The undersigned counsel certifies that the word-processing software counts 4737 words in this filing, including headings, footnotes, and quotations.

<u>/s/Angelique Groza Lyons</u>
Attorney

10205444v1