IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 3:21-CV-1051-TKW-HTC |
| WALMART INC. and ) | |
| WAL-MART STORES EAST, LP, ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFF UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S OMNIBUS MOTION *IN LIMINE* AND MEMORANDUM IN SUPPORT**

Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") moves the Court to enter an Order *in limine* prohibiting Defendants Walmart Inc. and Wal-Mart Stores East, L.P. (collectively, "Defendants") from introducing any evidence of, making any reference to, or argument concerning, certain matters in the presence of the jury at the trial of this case. Plaintiff's authorities and argument follow the statement of each matter sought to be excluded.

**I.   MOTIONS *IN LIMINE***

    **A.   Any evidence, argument, or reference to Joelle Saunders' Anxiety or Prescribed Medications from Middle and High School**

1

EEOC asks the Court to exclude any testimony, evidence, or argument referencing Joelle Saunders' history of anxiety years before her employment and any treatment for that condition. Evidence on this subject is more prejudicial than probative. In Saunders' deposition, Defendants obtained testimony regarding her experience of anxiety during the time she was in middle school and high school and associated use of prescription medication to treat the condition at that time. (Doc. 92-1, pp. 213:4-214:15). Saunders states she had "a lot of anxiety" in middle and high school. *Id*. Saunders graduated high school in 2009, nearly a decade before the allegations made in this case.

Pursuant to Rule 403, a court may exclude evidence "if its probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." *Aycock v. R.J. Reynolds Tobacco Co.*, 769 F.3d 1063, 1068 (11th Cir. 2014). The primary purpose of Rule 403 is "limited to excluding matter of scant or cumulative probative force, dragged in by the heels for the sake of its prejudicial effect." *Id.* at 1069 (quoting *United States v. Meester*, 762 F.2d 867, 875 (11th Cir. 1985)).

Saunders' anxiety as a teenager is not relevant to this case. The record was not developed to include whether Saunders' anxiety continued from middle school to the time of the harassment. Fed. R. Evid. 401. In addition, any references

2

to Saunders' teenage anxiety would be unfairly prejudicial. The stigma surrounding mental health disorders weighs heavily against the probative value of a decade-old anxiety diagnosis of a middle schooler. Therefore, the danger of unfair prejudice substantially outweighs any probative value, if any. Fed. R. Evid. 403.

      Defendants oppose this portion of the motion.

      **B.    Any argument or reference that any damage Saunders suffered was effectively self-inflicted because she failed to comply with Walmart's corporate policies (Defendants' affirmative defenses nine and nineteen).**

Defendants' ninth and nineteenth affirmative defenses assert that any damage Saunders suffered was effectively self-inflicted because she failed to comply with Walmart's corporate policies. *See* Doc. 69 at 12 (¶9) and 14 (¶19). This Court ruled that "to the extent that these defenses are referring to Saunders' termination being caused by her violation of the attendance policy, rather than retaliation, that point is moot given the Court's disposition of the retaliation claim." (Doc. 103 at 50). Therefore, Defendants should be barred from mentioning Saunders' termination being caused by her violation of the attendance policy because it is moot and irrelevant to the remaining claim. Additionally, evidence and references to Saunders' violations of the time and attendance policy or Saunders' understanding of the time and attendance policy are irrelevant, a waste of time, and likely would confuse the jury because the claim that this

3

information was relevant to has been dispensed of. *See* Fed. R. Evid. 401, 402 & 403.

In addition, this Court ruled that "to the extent that Walmart seeks to use these defenses to argue that Saunders' initial use of the Open Door Policy, rather than the Harassment Policy, is legally fatal to her claim, the Court has rejected that argument as a matter of law because, as discussed above, Walmart's complaint reporting policies allow harassment to be reported under either policy." (Doc. 103 at 50). Therefore, Walmart should be precluded from asking any questions, or making any arguments suggesting that Saunders failed to use the "right" policy or failed to call global ethics.

Defendants oppose this portion of the motion.

### C. Any argument, evidence, or reference to alleged procedural deficiencies in the EEOC's pre-suit investigation (Defendants' affirmative defenses one, four, and five)

Walmart's affirmative defenses one, four, and five relate to alleged procedural deficiencies in the EEOC's pre-suit investigation. In its response to the EEOC's motion, Walmart clarified that these defenses only relate to any potential claim of harassment the EEOC might make against Wilcox. The EEOC represented and still represents that it has not and will not assert such a claim in this case. This Court then ruled that summary judgment is granted on defenses one, four, and five. (Doc. 103). Therefore, as argued in paragraphs F and J,

4

Defendants should be precluded from making any arguments or statements related to the sufficiency of EEOC's conciliation or investigation of Saunders' claims.

Defendants do not oppose this portion of the motion.

**D.      Any argument, evidence, or reference that Pollock was acting outside the scope of his employment while harassing Saunders (Defendants' eighteenth affirmative defense)**

Walmart's eighteenth affirmative defense alleges that Pollock was acting outside the scope of his employment while harassing Saunders, and according to Walmart, this defense "speaks specifically to whether [Pollock's] behavior was within the scope of employment as would be necessary to establish vicarious liability." Doc. 91 at 17-18. This Court ruled that "because Walmart's liability for Pollock's harassment of Saunders does not depend on whether he was acting within the scope of his employment, summary judgment is due to be granted on affirmative defense eighteen." (Doc. 103). Therefore, Defendants should be precluded from arguing that Pollock acted outside of the scope of Walmart's policies or the scope of his employment.

Defendants oppose this portion of the motion.

**E.      Saunders', Riveras', and Villalobos' communications with EEOC attorneys**

The attorney-client privilege protects any communications between attorneys for the EEOC and Joelle Saunders, Destiny Riveras, and Carolina Villalobos. EEOC requests that the Court prohibit any questioning designed to

5

elicit the substance of such communications. Although EEOC attorneys do not maintain a traditional attorney-client relationship with the charging parties upon whose allegations its legal claims are based, courts have recognized the EEOC maintains a relationship with claimants that supports an attorney-client privilege applicable to communications between the two. *See EEOC v. Collegeville/Imagineering Ent.,* No. CV-05-3033, 2007 WL 158735, at * 2 (D. Ariz. Jan. 17, 2007) (filing of charges with EEOC and EEOC's subsequent filing of suit constitutes sufficient evidence of an attorney-client suit); *EEOC v. Chemtech Int'l Corp.*, No. CV-H-94-2848, 1995 WL 608333, at *2 (S.D. Tex. May 17, 1995) (applying attorney-client and common interest privileges in ADA action); *EEOC v. HBE Corp.*, No. 4:93-CV-722, 1994 WL 376273, at *2 (E.D. Mo. May 19, 1994) (applying attorney-client and common interest privileges in Title VII action).

Defendants do not oppose this portion of the motion.

**F.     Testimony and evidence concerning the EEOC's investigation preceding this suit**

Defendants may seek to challenge the adequacy of the EEOC investigation and the sufficiency of the evidence that resulted in the EEOC's reasonable cause determination. However, such an inquiry serves no useful purpose in this litigation, and any probative value of such evidence is substantially outweighed by risk of unfair prejudice, waste of time, and likelihood of misleading the jury.

*See* Fed. R. Evid. 401, 402 & 403.

First, the evidence is irrelevant to the issues to be tried because the inadequacy or incompleteness of an EEOC investigation is not a valid defense to a claim of discrimination. *See EEOC v. First Nat'l Bank*, 614 F.2d 1004, 1008 (5th Cir. 1980) (striking defendant's "so-called affirmative defense of malicious prosecution and harassment" as it "did not relate to the primary issue" of whether the defendant committed unlawful discrimination). Defendants simply cannot assert an insufficient or improper EEOC investigation as a defense to the allegations of the complaint. Moreover, any attempt to introduce this evidence muddles the issues and creates a risk of confusion for the jurors.

Second, because the trial of Saunders' sexual harassment claim is *de novo*, any inquiry into the sufficiency of the investigation is irrelevant. Courts have rejected similar challenges to the adequacy of an EEOC investigation. *See, e.g., McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 799 (1973) (federal court proceedings are *de novo*, and EEOC "no cause" decision has no bearing on inquiry in court); *EEOC v. KECO Indus., Inc.,* 748 F.2d 1097, 1100 (6th Cir. 1984) (adequacy of EEOC investigation, not a relevant issue); *EEOC v. St. Anne's Hospital*, 664 F.2d 128, 131 (7th Cir. 1982) (employer not entitled to challenge adequacy of EEOC investigation, or contend that it was denied the opportunity to provide information which would have altered conclusions); *Georator Corp. v.*

*EEOC*, 592 F.2d 765, 767 (4th Cir. 1979) (trial is *de novo* and the court will not determine whether substantial evidence supported EEOC's finding of reasonable cause. In so holding, these courts have noted that the EEOC has no adjudicatory power, and its proceedings are not binding on the employer or reviewable by a court. *See EEOC v. Caterpillar, Inc.,* 409 F.3d 831, 833 (7th Cir. 2005); *EEOC v. Gen. Elec. Co.*, 532 F.2d 359, 370-71 (4th Cir. 1976). The purpose of the EEOC's investigation is simply to determine whether there is a basis for the charge of discrimination. *KECO Indus., Inc.,* 748 F.2d at 1100. The agency's findings carry "no determinate consequences." *Georator Corp.,* 592 F.2d at 768. Once a lawsuit is filed, Title VII provides for a trial *de novo*, wholly separate from the investigation that occurred at the administrative stage. *See KECO Indus., Inc.,* 748 F.2d at 1100. At trial, the jury and the trial judge must find the facts and draw legal conclusions from them, independent of any determination by the EEOC. *Id. See also Dickerson v. Met. Dade County*, 659 F.2d 574, 579 (5th Cir. Oct. 19, 1981). No matter the EEOC investigation's findings, Defendant always "has the chance to present its side of the story in court.*" Gen. Elec. Co.,* 532 F.2d at 370 (citation omitted).

      Because the EEOC's findings are not binding and have no determinate consequences, it would not be relevant for Defendants to spend time at trial challenging the conduct of the investigation that resulted in those findings. As one

court stated:

> [Inquiring into the sufficiency or adequacy of the EEOC's investigation] would deflect the efforts of both the court and the parties from the main purpose of this litigation: to determine whether [the defendant] has actually violated Title VII.  Acceptance of [the defendant's] theory would entitle every Title VII defendant to litigate as a preliminary matter whether EEOC had a reasonable basis for its determination…. [This determination] would effectively make every Title VII suit a two-step action: First, the parties would litigate the question of whether EEOC had a reasonable basis for its initial finding, and only then would the parties proceed to litigate the merits of the action.

*KECO Indus., Inc*., 748 F.2d at 1100 (quoting *EEOC v. Chicago Miniature Lamp Works,* 526 F. Supp. 974, 975 (N.D. Ill 1981)). The issue at trial is whether Defendant subjected Joelle to unlawful harassment because of her sex—not whether the EEOC conducted an adequate investigation. Any evidence Defendants seek to introduce concerning the adequacy or sufficiency of the EEOC investigation is irrelevant and inadmissible. *See Newsome v. EEOC*, 301 F. 3d 227, 231 (5th Cir. 2002) (quoting *KECO Industries* for proposition that "the nature and extent of an EEOC investigation into a discrimination is a matter within the discretion of that agency.").

Defendants do not oppose this portion of the motion. In addition, a ruling has already been made as to Defendants' affirmative defenses one, four, and five. (Doc. 103).

### G. Any mention of, or reference to, statutorily imposed caps on compensatory or punitive damages

EEOC requests that the Court prohibit any mention regarding the statutory limits on the recovery of compensatory and punitive damages set forth in 42 U.S.C. § 1981a. That statute specifically prohibits the court from informing the jury of those limits. 42 U.S.C. § 1981a(c)(2); *Warren v. Cty. Comm'n of Lawrence Cty., Ala.*, 826 F. Supp. 2d 1299, 1306 (N.D. Ala. 2011) ("[T]he cap is for the Court, not the jury, to apply; the statute expressly forbids the Court from informing the jury of the statutory limitations on recovery before deliberations.").

Defendants do not oppose this portion of the motion.

**H.     References to any Court rulings or prior motions**

EEOC requests this Court to preclude the Defendants, their attorneys, and any witnesses from mentioning or referring to in front of the jury any rulings, opinions, or orders this Court made in this case or to any motions on which such rulings may have been based—including, but not limited to references to or questions about the dismissal of Carolina Villalobos' and Destiny Riveras' claims. The Court alone is responsible for instructing the jury on legal matters. The Court's rulings on those matters have no relevance to evidence or argument properly submitted to the jury by parties or their counsel, and any reference to such could only be made for improper purposes. *See Graves v. Plaza Med. Ctrs., Corp.*, No. 10-23382-CIV, 2017 WL 3895438, *9-10 (S.D. Fla., Sep. 6, 2018). The same is true concerning any prior motions. Fed. R. Evid. 401, 402, 403. Therefore, the Court should preclude any

party or witness from referencing the Court's rulings, opinions, or orders.

Defendants oppose this portion of the motion.

### I. Evidence or argument that a judgment against Defendant would cause financial harm to Walmart or its employees

The Court should preclude Defendants from offering testimony, evidence, argument, or any comment, whether implicit or explicit, regarding economic hardship that could or might accrue in the event of a judgment against the Defendant. Fed. R. Evid. 402. Similarly, it should preclude Defendants from introducing testimony, evidence, argument, or any comment suggesting that a judgment against the Defendants would be harmful.

The jury's decision regarding whether discrimination occurred should not be swayed based on irrelevant arguments that the jurors would be harming Walmart by rendering a verdict in favor of Plaintiff. Fed. R. Evid. 401, 402, & 403. It is well-settled that the trier of fact must consider only the factual issue of liability without regard to any potential consequences that may befall a defendant.

Defendants do not oppose this portion of the motion.

### J. Any reference to the sufficiency of the EEOC's conciliation process

The Court should preclude Defendants from offering testimony, evidence, argument, or any comment about the length or sufficiency of the EEOC's administrative investigation, including the conciliation process. The EEOC did engage in substantive conciliation efforts with Defendant. The scope of the Court's

review of EEOC's conciliation process is limited. *Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1656, 191 L. Ed. 2d 607 (2015).

Reference to the EEOC's conciliation process runs afoul of Fed. R. Evid. 408 and could lead to the disclosure of prohibited settlement information. Moreover, reference to the sufficiency of the EEOC's conciliation in this case is irrelevant. The parties have agreed to stipulate that the EEOC has exhausted administrative remedies required as a precondition to suit.

Even if such references were relevant, the relevance is substantially outweighed by the danger of unfair prejudice. Fed. R. Evid. 403. There is a real danger that referring to any prior conciliation efforts, the content of which is confidential, may create confusion among the jury, mislead the jury about the real issue at hand, or waste time. The jury may believe Saunders or the EEOC should have reached a settlement before trial. The jury could be unfairly prejudiced against Saunders by such evidence, argument, or insinuation.

Defendants do not oppose this portion of the motion.

**K.    Statements that the jury should, by its verdict, "send a message" to the EEOC or the federal government or consider similar improper statements**

EEOC moves to exclude any references in *voir dire*, opening statement, closing argument, or at any other point of the trial that jury members should "send a message" to the EEOC or the federal government or consider similar improper

factors in deciding this case (e.g., references to the Biden Administration or Trump Administration, conspiracies related to the EEOC or Federal government, or other politically inflammatory comments about the EEOC). Such statements are inherently prejudicial because they, on their face, urge the jury to render its verdict based on "passion and prejudice." *Honda Motor Co. v. Oberg,* 512 U.S. 415, 426 (1994). Similarly, EEOC requests that the Court preclude the Defendants, including its attorneys and witnesses, from referencing or mentioning the size of the federal government, EEOC, or the number of attorneys employed by or who have appeared on behalf of EEOC. Such evidence or references are also irrelevant and unfairly prejudicial.

In *Westbrook v. General Tire & Rubber Co.*, the Fifth Circuit condemned a similar argument as an "improper distraction from the jury's sworn duty to reach a fair, honest, and just verdict according to the facts and evidence presented at trial." 754 F.2d 1233 (5th Cir. 1985); *see also Guar. Serv. Corp. v. Am. Employers' Ins. Co.,* 893 F.2d 725, 729 (5th Cir. 1990) (references to parties' relative popular appeal, identities, or geographical locations are improper); *Landrum v. Conseco Life Ins. Co.,* No. 1:12cv5, 2014 WL 28861, at *6 (S.D. Miss., Jan. 2, 2014) (granting the defendant's motion in limine concerning any request for the jury to send a message or serve as the conscience of the community).

It is not uncommon in EEOC lawsuits for Defendants to suggest or argue to

the jury that the EEOC is "wasting the taxpayers' money" by pursuing this case, or question the government's judgment in filing this lawsuit, or inferring that this case is a "waste of government resources," or similar argument along those lines. Although vigorous and aggressive advocacy concerning the issues to be decided is acceptable and essential, the EEOC and its counsel are not themselves on trial. Such arguments do not bear on the issue of whether Defendants have engaged in unlawful discrimination.

As such, adverse references or other aspersions concerning the EEOC and its counsel lack any probative value and create an unacceptable risk of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 402, 403.

The EEOC, therefore, seeks an order barring all trial counsel or witnesses from making adverse references or suggestions regarding the integrity or motivations of the government, the EEOC, or its counsel. Such claims are not only wrong and lacking in any evidence whatsoever, they also will open the door for distracting side issues and mini-trials about the information the EEOC obtained during the underlying investigation, the efforts the EEOC made to resolve the case before filing the lawsuit and the efforts made to resolve the case since filing the lawsuit in order to prove that the EEOC engaged in its best efforts to try to avoid the litigation at hand.

There is no place in this trial for an unfairly prejudicial argument. The Court

should preclude Defendants from making these or any similar references or arguments meant to inflame the jury and induce a verdict based on passion, prejudice, or any improper motivations.

Defendants do not oppose this portion of the motion.

**L.     References to any discovery in this case, including discovery disputes and information supposedly not provided by the EEOC to the Defendants.**

Any contention by Defendants that they sought information by interrogatories or Rule 34 document requests during discovery and such interrogatories or document requests were not adequately responded to is not a matter of concern to the jury but is completely irrelevant to any issue in the case. If Defendants claim their discovery efforts were hindered, which they were not, Defendants could have filed a motion to compel or for other relief before the discovery deadline expired. Defendants failed to do so. Discovery and discovery disputes are not a proper concern for the jury. Any reference to such matters could only be made for improper, prejudicial purposes. *Candy Craft Creations, LLC v. Gartner*, 2015 U.S. Dist., No. 2:12-cv-91, LEXIS 143821, *20 (S.D. Ga., Oct. 22, 2015). Evidence that is not relevant is not admissible. Fed. R. Evid. 402. The danger of unfair prejudice substantially outweighs any relevance. Fed. R. Evid. 403.

Defendants oppose this portion of the motion.

**II.    CONCLUSION**

15

For the reasons set forth above, Plaintiff EEOC respectfully requests this Court to issue an order excluding evidence, argument, or any reference to the above matters.

Date: October 6, 2023

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Birmingham District Office Ridge Park Place, Suite 2000 1130 22nd Street South Birmingham, Alabama 35205 | Marsha L. Rucker<br>Regional Attorney<br>Pa. Bar No. 90041<br><br>Gerald L. Miller<br>Assistant Regional Attorney<br>Ala. Bar No. asb-1454-E52G<br><br>Bryan A. Grayson<br>Supervisory Trial Attorney<br>Ala. Bar No. ASB-8944-N65G<br><br>/s/ *Austin T. Russell*<br>Austin T. Russell<br>Trial Attorney Ala. Bar No. 6418S13J<br>austin.russell@eeoc.gov<br>Tel. (205) 651-7079<br>Fax. (205) 212-2041<br><br>Barbara J. Wells<br>Trial Attorney<br>Ala. Bar No. ASB-1658-R58B<br>barbara.wells@eeoc.gov<br>Tel. (205) 651-7041<br>Fax. (205) 212-2041 |

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

The undersigned counsel certifies that the Commission's word-processing software counts in this filing 3,425 words, including headings, footnotes, and quotations, but omitting the case style, signature block, and certificates.

*/s/ Austin T. Russell*
Austin T. Russell

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the preceding was filed electronically on October 6, 2023. Notice of this filing will be sent by operation of the Court's electronic filing systems to all parties indicated on the electronic filing receipt.

/s/ *Austin T. Russell*
Austin T. Russell