UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

    Plaintiff,

v.                           CASE NO. 3:21-CV-1051-TKW-HTC

**WALMART INC. and**
**WAL-MART STORES EAST, L.P.,**

    **Defendants.**
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S**
**OMNIBUS MOTIONS IN LIMINE**

    Defendants Walmart Inc. and Wal-Mart Stores East, L.P. ("Walmart"), by and through their undersigned attorneys, hereby submit to this Court their Response to Plaintiff the United States Equal Employment Opportunity Commission's ("EEOC") Omnibus Motions in Limine.

**INTRODUCTION**

    Walmart objects to the EEOC's following Motions in Limine: A, B, D, H, and L and respectfully requests that the Court deny these motions. Walmart does not object to the remaining motions within the EEOC's Omnibus Motions in Limine.

**Motion A:**    Any evidence, argument, or reference to Joelle Saunders' Anxiety or Prescribed Medications from Middle and High School.

    Ms. Saunders is seeking damages for emotional distress, and therefore her

history of anxiety and treatment for anxiety is relevant and not unduly prejudicial. Ms. Saunders testified that she has suffered emotional distress as a result of the alleged actions of Mr. Pollock. (DE 84-2, Saunders' Deposition, page. 211:11-213:3). She explained that she took medication for anxiety and depression, and she only stopped taking the medication because it was not "really helping that much anymore." (DE 84-2, Saunders' Deposition, page 213:7-16, 214:8-15, 220:4-12). Ms. Saunders is now claiming to suffer from similar emotional distress, thereby making her previous history of such illness and treatment relevant and admissible. *See Hancock v. Hobbs*, 967 F.2d 462, 467 (11th Cir. 1992)(holding that "because Hancock placed her mental condition in issue with her claim for damages, we conclude that the district court did not abuse its discretion in admitting her prior psychiatric treatment into evidence under Rule 403), *partially abrogated on other grounds by Jaffee v. Redmond, 518 U.S. 1 (1996)* ; *Miledge v. Tucker*, 2021  3550348 (M.D. Fla. August 11, 2021)(holding that "because Plaintiff has placed his mental health at issue, reference to his mental health history is admissible under the Federal Rules of Evidence" but noting that evidence of a specific incident where plaintiff's mental health caused him to throw feces was unduly prejudicial).

      The EEOC claims the information regarding Ms. Saunders' prior mental health condition and treatment is not relevant because the record does not establish that Ms. Saunders had anxiety and depression continuously from middle school to the present.

First, Ms. Saunders testified she only stopped taking medication for her anxiety and depression because it was no longer working, not because she no longer had symptoms. Second, the fact that Ms. Saunders may or may not have suffered from anxiety and depression continuously from middle school to the present day does not determine relevancy. The EEOC has not cited any cases supporting its argument that the prior mental condition must have been continuing to be admissible. Instead, it is up to the jury to determine the weight given this evidence, and the evidence of the other stressors and events in Ms. Saunders' life that caused or contributed to any mental anguish she claims to have suffered as a result of the alleged harassment. Accordingly, the EEOC's motion to exclude Ms. Saunders' history of anxiety and depression should be denied.

**Motion B:  Any argument or reference that any damage Saunders suffered was effectively self-inflicted because she failed to comply with Walmart's corporate policies (Defendants' affirmative defenses nine and nineteen).**

Evidence regarding other stressors in Ms. Saunders' life is admissible, including any stress or emotional distress she suffered as a result of her termination and/or being unemployed. Ms. Saunders did not voluntarily resign; she was terminated for violation of Walmart's attendance policy. Ms. Saunders testified that after she was terminated, she spoke to. Athena Wright about her termination and was crying because she did not have anything to lose. (DE 84-2, Saunders' Deposition, 85:3-8, 85:9-17). She also testified that not having a job "weigh[ed] heavily on my mind because I felt like I wasn't a productive member of society, so that made me feel like a loser." (DE 84-2,

3

Saunders' Deposition, 216:10-25).

To the extent that Ms. Saunders attributes any alleged damages to her termination, the reason that she was terminated is relevant because she did not voluntarily resign but rather was terminated due to her own violation of Walmart's attendance policy. Evidence of other stressors and events that may have caused a plaintiff's emotional distress is relevant and admissible. *See York v. American Tel & Tel. Co.*, 95 F.3d 948, 957-58 (10th Cir. 1996)(holding that because the plaintiff was claiming emotional distress, evidence of other stressors was admissible as "the jury must be permitted to consider such relevant evidence of causation where damages are claimed for emotional distress.").

The EEOC attempts to argue that evidence of Ms. Saunders' violation of Walmart's attendance policy is not relevant because the Court ruled that Walmart's affirmative defenses that Ms. Saunders' non-compliance with Walmart policies and her own conduct contributed to her damages were moot in light of the court granting summary judgment on the retaliatory termination claim. However, this misses the point of both Walmart's argument and the Court's prior ruling on the affirmative defenses. On summary judgment, the Court ruled that Walmart's affirmative defenses that Ms. Saunders' non-compliance with the attendance policy led to her termination and caused her damages were moot since the Court had already granted summary judgment on the termination claim. The Court did not rule that evidence of the Ms.

Saunders' termination for violation of the attendance policy itself was inadmissible or irrelevant to any of Walmart's arguments. Just because the Court concluded that the affirmative defenses were moot because no retaliation existed, does not correlate to mean that the reason for her termination was inadmissible. The EEOC attempts to draw that line, where no such line exists. There is a difference between an affirmative defense being moot and the admissibility of underlying facts. Walmart clearly is not raising any affirmative defense regarding the termination. But Walmart should be able to present evidence that Ms. Saunders was terminated for violation of the attendance policy to explain the chain of events and to provide evidence of other stressful events in Ms. Saunders' life during the period of time she claims the harassment caused her emotional distress.

Furthermore, not only is this information relevant and admissible, Walmart asks this Court to instruct the jury that "Ms. Saunders' employment at Walmart was terminated on October 1, 2018 for violation of Walmart's attendance policy. The Court has already determined that Ms. Saunders was not retaliated against when she was terminated. You may not use the fact that Walmart terminated Ms. Saunders for violation of Walmart's attendance policy against Walmart. Further, Ms. Saunders is not seeking any damages for lost wages caused by her termination." This instruction is necessary to prevent Ms. Saunders from raising any inference of retaliation and to provide Walmart a fair trial on the one remaining claim.

5

Otherwise, the jury will be left to speculate as to the reason for Ms. Saunders' termination and could unfairly assume it was retaliatory or otherwise unfair. Such speculation would be unfairly prejudicial to Walmart.

The EEOC also asks that Walmart be precluded from admitting any evidence that Ms. Saunders violated Walmart's attendance policy at any point during her employment. Ms. Saunders testified that when she first raised a complaint with Gerald Huckabee, she knew she was over the attendance point allotment and was worried she might be terminated. (DE 84-2, Saunders' Deposition, 86:18-90:10). She further testified that she had discussed this concern with Ricky Harrison, a supervisor, before raising a formal complaint because she was worried she was going to be terminated. (Id.). Based on Ms. Saunders' testimony, her knowledge of the attendance policy and her awareness that she might be terminated for violation of that policy is relevant to Ms. Saunders' state of mind when raising the complaint. This relevant evidence will not confuse the jury or unfairly prejudice the EEOC. Accordingly, the EEOC's motion to exclude any mention of the attendance policy or Ms. Saunders' ongoing violation of that policy throughout her employment with Walmart should be denied.

The EEOC also asks this Court to exclude Walmart from introducing any evidence or argument that Ms. Saunders' did not use the "right" policy or failed to call the Global Ethics hotline. The EEOC's argument is based on the premise that, in its Order on summary judgment, the Court noted that Walmart's complaint reporting

policies allowed Ms. Saunders to bring a claim under the Open Door Policy or the Discrimination Policy. Walmart does not intend to argue that the Open Door policy was not applicable to Ms. Saunders' or available for her to report her complaint. Instead, the fact that Ms. Saunders failed to call the Global Ethics hotline or inform a senior/salaried member of management are still relevant facts to Ms. Saunders' efforts in complaining about the alleged harassment she suffered from Mr. Pollock, and are relevant to the reasonableness of the actions Walmart took in responding to Ms. Saunders' complaint. For example, if Ms. Saunders had raised a complaint to her immediate supervisor and was not satisfied with the resolution of that complaint, she had other avenues at her disposal. Similarly, if Ms. Saunders was scared to come forward with a complaint, there were avenues outside the store chain of command available to her. Her failure to use those avenues is relevant. This evidence will not confuse the jury or unfairly prejudice the EEOC. Therefore the EEOC's motion to exclude such evidence should be denied.

**Motion D:** Any argument, evidence or reference that Pollock was acting outside the scope of his employment while harassing Saunders (Defendants' eighteenth defense).

Walmart does not intend to argue that Walmart is not liable for any alleged harassment because Mr. Pollock was acting outside the scope of his employment. However, in its Motion in Limine, the EEOC goes further and asks this Court to bar any evidence or argument that Mr. Pollock's "acted outside the scope of Walmart

7

policies." The EEOC erroneously relies on the Court granting summary judgment as to Walmart's 18th Affirmative Defense to support this argument. However, the Court only found that "Walmart's liability for Pollock's harassment of Saunders does not depend on whether he was acting within the scope of his employment." (DE 103, p. 51). The Court's Order on summary judgment does not prevent Walmart from addressing that harassment (by Pollock or anyone) violates Walmart's policy.

Evidence and argument that Mr. Pollock acted inconsistent with Walmart's policy if he harassed Ms. Saunders is relevant and should be admissible. Walmart does not intend to raise an affirmative defense of this nature, but it does speak to whether Walmart had policies in place to prevent harassment, whether there is sufficient evidence to find a "member of management" acted with willful disregard to Ms. Saunders' rights (as required for punitive damages), and the appropriateness of Walmart's investigation and action to address Ms. Saunders' complaint.

There is a difference between summary judgment on an affirmative defense and what evidence is admissible for other purposes. As explained by Walmart in its response to the summary judgment motion filed by the EEOC, the affirmative defense was plead to address the issue of whether Mr. Pollock's behavior was within the scope of his employment as would be necessary to establish vicarious liability. The Court solely concluded that Mr. Pollock did not have to be acting within the scope of his employment for Walmart to potentially be held liable for his alleged actions. That was

8

the only issue on summary judgment. The Court did not bar or limit the relevance of Mr. Pollock acting inconsistent with Walmart's policy for any reason, such as punitive damages or relevance to Walmart's investigation into Ms. Saunders' complaint, neither of which are affirmative defenses. The EEOC conflates this point and wishes to expand the Court's findings. The EEOC has failed to even argue that the information is not relevant to any issues in this lawsuit outside of vicarious liability or that it should be inadmissible under Rule 403. Given that the evidence is relevant and will not confuse the jury or unfairly prejudice the EEOC, any evidence or argument that Mr. Pollock's alleged actions were outside the scope of Walmart's harassment policy is admissible and the EEOC's motion should be denied.

**Motion H:   References to any Court rulings or prior motions.**

To the extent that the Court grants Walmart's Motion in Limine to prevent Destiny Riveras and Carolina Villalobos from testifying to the alleged harassment they claim to have experienced, Walmart consents to not referencing any prior rulings or motions from the Court. However, to the extent that the Court does not grant Walmart's Motion and Ms. Riveras and Ms. Villalobos testify to any alleged harassment they personally experienced while working for Walmart, Walmart objects to the relief sought by the EEOC in its Motion. The Court has already determined that neither Ms. Riveras nor Ms. Villalobos experienced sexual harassment as a matter of law. (DE 103). Thus, if the Court allows Ms. Riveras and Ms. Villalobos to testify, Walmart asks

this Court to take judicial notice of the fact that neither Ms. Riveras nor Ms. Villalobos were subjected to sexual harassment as a matter of law. Walmart should be able to reference this Court's finding in its opening and closing statements, and to question Ms. Riveras and Ms. Villalobos about this fact. This is relevant information for the jury to understand the context of events, and demonstrate bias on the part of Ms. Riveras and Ms. Villalobos (i.e., they stood to financially benefit from their earlier testimony in this case and they are prejudiced against Walmart since Walmart won on its claims). The EEOC has not identified how this evidence would unfairly prejudice its case or should otherwise be excluded under Rule 403. In fact the opposite is true - to allow them to testify without any explanation is unfairly prejudicial to Walmart.

In *Hyundai Motor America Corporation v. EFN West Palm Motor Sales, LLC*, 2022 WL 16950478, (S.D. Fla. Nov. 15, 2022), the Court had originally ruled and found on Defendants' Motion for Spoliation Sanctions that the plaintiff had met the elements for spoliation, acted in bad faith, and warranted an adverse jury instruction. *Id.* at *1. The plaintiff then moved "to preclude Defendants from referring, arguing, or attempting to introduce evidence of alleged spoliation." *Id.* at *3. The Court analyzed the defendants' motion as a motion in limine finding that the Court's prior ruling on spoliation sanctions was correct and that there was "no reason to exclude argument about, or reference to, [plaintiff's] spoliation." *Id*. As is similar here, the Court's ruling on Defendants' Motion for Summary Judgment is correct and

relevant, thus, there is no reason to exclude any references to the Court's decision and to properly instruct the jury.[1]

To the extent the EEOC is seeking to exclude any mention of the Court's ruling on Ms. Saunders' termination claim, Walmart has addressed this issue on pages 3 through 6 supra.

Based on the forgoing reasons, Walmart requests that the Court deny the EEOC's Motion.

**Motion L:** **References to any discovery in this case, including discovery disputes and information supposedly not provided by the EEOC to the Defendants.**

On October 4, 2023 and October 6, 2023, the EEOC provided Walmart with a production of over seventy pages of bates stamped documents consisting of text messages to and from Ms. Saunders and Ms. Riveras, and Ms. Saunders and Mr. Harrison. These documents were not produced during discovery despite being specifically requested. The EEOC cannot in good faith argue that this evidence is newly discovered evidence that could not have been produced before the discovery period ended. This Court's Order Scheduling Trial provides that "[i]f any new exhibit is discovered after submission of pretrial stipulation, the party desiring to use it shall immediately disclose the exhibit to the court and all other counsel together with the

---

[1] The EEOC cites to G*raves v. Plaza Medical Centers, Corp.*, 2017 WL 3895438 (S.D. Fla. Sept. 6, 2017) to support its argument. However, the case does not contain any facts, reasoning or rationale by the Court, and therefore is not instructive.

reason for late discovery. Use of such newly discovered witnesses or evidence shall be allowed only by order of the court and in the furtherance of justice."

The EEOC has not provided any reason for late discovery, and the documents that were provided were not "new" or "newly discovered." Most of the messages produced are dated from 2018. Through diligent discovery, the EEOC could have timely produced these messages. Moreover, back in February 2023, Ms. Saunders herself testified that she provided all the messages she had from Ms. Destiny Riveras and Mr. Ricky Harrison to the EEOC. (DE 84-2, Saunders' Depo., 228:13 – 229:20). However, these documents were not produced for six more months, long after the close of discovery and on the eve of trial. Accordingly, any evidence the EEOC now seeks to introduce is inadmissible and should be excluded. Justice does not require its admissibility and allowing the EEOC to use this untimely produced evidence is unfairly prejudicial.

To the extent the EEOC's Motion in Limine seeks to allow the introduction of this untimely produced evidence, this request should be denied. To the extent the Court allows the EEOC to introduce these untimely produced text messages, Walmart objects to the EEOC's request to prevent Walmart from asking Ms. Saunders how and when she found this information and turned this information over to counsel. The jury has the right to know that Ms. Saunders previously testified that some of these documents do not even exist, and then she "found" them months

later. This is relevant for the jury to determine the veracity of the exhibits and credibility of Ms. Saunders. Such evidence and argument does not unfairly prejudice the EEOC and should not be excluded under Rule 403. Accordingly, the EEOC's motion to exclude such argument should be denied[2].

Respectfully submitted this 13th day of October, 2023.

*/s/Angelique Groza Lyons*
Angelique Groza Lyons, Esq.
Fla. Bar No. 118801
alyons@constangy.com
Secondary Email:  tampa@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Tampa Street, Suite 3350
Tampa, Florida  33602
(813) 223-7166 / Fax:  (813) 223-2515

F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL  32202-4317
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

***Attorneys for Defendants***

---

[2] To the extent to EEOC's Motion in Limine is speaking to any previous discovery disputes or the sufficiency of the EEOC's discovery responses (not including these untimely produced text messages), Walmart concedes it does not intend to make any such argument.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 13th day of October, 2023, I electronically filed with the Clerk of Court a copy of the foregoing document via the CM/ECF system, which will automatically serve a copy upon counsel for Plaintiff.

/s/Angelique Groza Lyons
Attorney

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

The undersigned counsel certifies that the word-processing software counts 3113 words in this filing, including headings, footnotes, quotations, case style, signature block, and certificates.

/s/Angelique Groza Lyons
Attorney