## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF FLORIDA
## PENSACOLA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

     **Plaintiff,**                     **CASE NO. 3:21-CV-1051-TKW-HTC**

**v.**

**WALMART, INC. and**
**WAL-MART STORES EAST, L.P.,**

     **Defendants.**

_____

## JOINT PRETRIAL STIPULATION

Plaintiff Equal Employment Opportunity Commission ("EEOC") and Defendants Walmart Inc. and Wal-Mart Stores East, L.P. ("Walmart") respectfully submit this Joint Pretrial Stipulation in accordance with the Court's Order Scheduling Trial and Pretrial Conference and Establishing Related Deadlines and Procedures [DE 109].

**A.    BASIS OF FEDERAL JURISDICTION**

This Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331, 1337, 1343, and 1345. The EEOC's claim is brought pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.§ 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of

1991, 42 U.S.C. § 1981a. Defendants do not dispute that this Court may properly exercise personal jurisdiction over them.

## B.    CONCISE STATEMENT OF THE CASE

This is an employment discrimination action against Walmart. The EEOC alleges Walmart violated Title VII and that Joelle Saunders, a former Walmart employee, was injured as a result of Walmart's violations. While working in Walmart's store in DeFuniak Springs, Florida (store #1134), the EEOC contends Ms. Saunders experienced sexual harassment by a co-worker named James Pollock and that Walmart's management did not investigate the harassment despite knowing about it nor did Walmart stop Mr. Pollock from continuing to harass Ms. Saunders. The EEOC contends that Ms. Saunders suffered emotional distress as a result of the harassment.

Walmart contends it takes reasonable steps to prevent harassment, including having a policy prohibiting harassment, training employees to prevent harassment, and investigating allegations of harassment. In this case, Walmart contends that Mr. Pollock did not harass Ms. Saunders. Nonetheless, Walmart took reasonable actions and investigated Ms. Saunders' allegations once Walmart was provided with proper notice of the details of Ms. Saunders' claim.

## C.    BRIEF GENERAL STATEMENT OF EACH PARTY'S CASE

### 1.    Plaintiff's Statement of Case

The EEOC contends Walmart violated Title VII by failing to prevent workplace sexual harassment and failing to investigate allegations various managers, Ms. Saunders, and other employees raised about Mr. Pollock's inappropriate sexual conduct and comments in the workplace. Through its inaction, Walmart allowed Mr. Pollock to sexually harass Ms. Saunders from June through September 2018. Mr. Pollock touched Ms. Saunders, including subjecting her to unwanted hugs, rubbing his body against hers, trailing his fingers across her lower back, and smacking his hand on her butt. Mr. Pollock commented on Ms. Saunders' breasts repeatedly after proclaiming himself a "breast man." He spoke to her about the size of her breasts. He commented on whether her nipples were hard while pulling open her jacket. He told her that when she moved her arms when she spoke, it made her breasts move. He commented on workplace actions she was taking while performing her job duties and whether they would increase or decrease the size of her breasts. Mr. Pollock commented that butterflied pork chops looked like a woman's vulva and whispered close to Ms. Saunders' ear a comment about his thought that "hers" looked like "that." In addition to the comments and touching, Mr. Pollock leered at Ms. Saunders in the workplace. Given the things he had said and done and the way he looked while doing it, Ms. Saunders experienced Mr. Pollock's gaze upon her as sexualized, threatening, and humiliating.

Walmart's managers or persons with authority to receive, address, or report a complaint of sexual harassment knew, or in the exercise of reasonable care should have known, that Ms. Saunders was experiencing a hostile work environment due to Mr. Pollock's misconduct. Management employees witnessed or knew that Mr. Pollock was acting in inappropriate ways but failed to stop Mr. Pollock or report his misconduct to higher management or Global Ethics upon their first knowledge of it or to comply with Walmart's policies. Ms. Saunders reported Mr. Pollock's sexual harassment to her direct supervisor, Ricky Harrison, in late July or early August 2018. Ms. Saunders reported Mr. Pollock's sexual harassment again to Harrison in August. Ms. Saunders reported to Gerald Huckabee in late August or early September and again a week or so later. In each of these conversations, Ms. Saunders verbally reported the details Walmart needed to investigate and intervene to stop Mr. Pollock. Walmart did not do either of those things. None of the managers with knowledge of the complaints or Mr. Pollock's misconduct spoke to Mr. Pollock about changing his behavior. None of the managers with knowledge of the complaints or Mr. Pollock's misconduct contacted Global Ethics until October 2018. Walmart's policy required such reports, but Walmart did not reinforce the importance of actually following its policies, and its managers did not do so. Walmart acted with reckless indifference to Ms. Sanders' federally protected rights under Title VII.

The EEOC alleges that Mr. Pollock harassed two other Walmart employees after Saunders reported Pollock's harassment and that Walmart's failure to act when it had knowledge about what Mr. Pollock had done to Ms. Saunders allowed this continued hostile work environment to persist. The EEOC alleges that Mr. Pollock targeted female employees because of their sex and that Mr. Pollock never touched or made sexual statements to male Walmart employees. The EEOC contends that the sexual harassment of Ms. Saunders was so severe or pervasive as to constitute a change in the terms and conditions of her employment and that it interfered with her ability to function in the workplace. The EEOC claims that due to Walmart's inaction and Pollock's harassment, Saunders has suffered significant mental anguish and emotional distress. Walmart's actions warrant the imposition of punitive damages.

### 2.    Defendant's Statement of Case

Walmart is committed to equal employment opportunity and providing a work environment free of harassment. Walmart has a written harassment policy that is provided to all employees, which strictly prohibits harassment. Walmart employees also receive orientation training and on-the-job training regarding Walmart's harassment policy. As such, Ms. Saunders knew how to raise any harassment concerns. Ms. Saunders and Mr. Pollock worked in the same department. For over three months after beginning her employment, Ms. Saunders did not allege any

harassing conduct from Mr. Pollock. When Ms. Saunders raised a complaint, she did not follow the anti-harassment policy and instead asked her supervisor not to report her allegations. Notwithstanding, Ms. Saunders was assigned to a different department on most days, so that she would not have to work with Mr. Pollock. Later on, Ms. Saunders made a complaint using the proper procedure, at which time, Walmart took reasonable actions to address Ms. Saunders' allegations.

**D.    EXHIBITS**

*See* Attachment 1

**E.    WITNESSES**

**1.  Plaintiff's List of Witnesses**
   a.  Joelle Saunders
   b.  Destiny Riveras
   c.  Carolina Villalobos
   d.  Manuel Villalobos
   e.  James "Jim" Pollock
   f.  William "Gerald" Huckabee
   g.  Stephanie Bradley by deposition
   h.  Courtney Huffstutler
   i.  Chris Willcox
   j.  Rob Haubensack
   k.  Nick Stanhope
   l.  Wayne Leach
   m.  Lauren Schiller by deposition
   n.  Mark Bright by deposition

**2.  Defendants' List of Witnesses**
   a.  Lauren Schiller
   b.  Courtney Huffstutler
   c.  William "Gerald" Huckabee
   d.  Stephanie Bradley

e.  James "Jim" Pollock
f.  Nicolas Stanhope
g.  Rob Haubensack

## F.    CONCISE STATEMENT OF FACTS WHICH ARE ADMITTED

1.    Walmart Inc. is a retail company that sells goods and provides services through retail stores and eCommerce.

2.    Walmart Inc. and Wal-Mart Stores East, LP jointly operated the Walmart Supercenter located in DeFuniak Springs, Florida, Store #1134. The Parties have agreed to collectively refer to them as "Walmart."

3.    Ms. Saunders began working for Walmart at Store #1134 on April 21, 2018.

4.    During Ms. Saunders' employment with Walmart, Chris Willcox was the General Manager for Store 1134.

5.     During Ms. Saunders' employment with Walmart, Mr. Pollock was a Fresh CAP I Associate in the Meat Department.

6.    Ricky Harrison was an employee at Store #1134. You will hear testimony about, but not from, Mr. Harrison in this case. That is because Mr. Harrison passed away on November 20, 2021.

## G.    CONCISE STATEMENT OF ISSUES OF LAW UPON WHICH THERE IS AGREEMENT

1.     This Court has both subject matter jurisdiction and personal jurisdiction to hear this matter.

2.     Venue is proper in the United States District Court, Northern District of Florida, Pensacola Division.

3.     The EEOC is statutorily authorized to bring lawsuits against employers to "prevent any person from engaging in any unlawful employment practice" as set out in 42 U.S.C. § 2000e-2. 42 U.S.C. § 2000e-5(a).

4.     Title VII makes it an "unlawful employment practice for an employer" "to fail or refuse to hire or to discharge any individual, or otherwise discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1).

5.     To prove a claim of harassment, the EEOC must prove that the employee on whose behalf the claim was brought: (1) is a member of a protected group; (2) was subjected to unwelcome harassment; (3) the harassment was based on sex; (4) the harassment was severe or pervasive enough to alter the terms and conditions of employment and create an abusive working environment; (5) there is a basis for holding Walmart liable. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002).

2abcb3541267530b

6.     In analyzing whether the conduct was severe or pervasive, courts consider: (1) the frequency of the alleged conduct; (2) the severity of the alleged conduct; (3) whether the conduct is physically threatening or humiliating (as opposed to "a mere offensive utterance); and (4) whether the conduct unreasonably interfered with the employee's job performance. *See Mendoza v. Borden Inc.*, 195 F.3d 1238, 1246-47 (11th Cir. 1999). *Accord Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1276 (11th Cir. 2002).

7.     The requirement that the harassment be "severe or pervasive" contains both  an objective and subjective component. *Miller v. Kenworth of Dothan, Inc.,* 277 F.3d 1269, 1276 (11th Cir. 2002).

8.     Title VII does not prohibit mere profanity or harassment alone, but rather it prohibits harassment that discriminates on the basis of a protected category such as sex. *See, e.g., Tonkyro v. Sec'y, Dep't of Veterans Affairs*, 995 F.3d 828, 837 (11th Cir. 2021). This determination requires consideration of the comments and actions in context. *Id.* at 837-838. 15.

9.     At all relevant times to this lawsuit, Walmart Inc. and Wal-Mart Stores East, L.P. had 500 or more employees and met the definition of "employer" in Title VII.

**H.     CONCISE STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE LITIGATED**

1.      Whether Mr. Pollock subjected Ms. Saunders to sexual harassment in the workplace.

2.      Whether the alleged harassment created a hostile work environment for Ms. Saunders.

3.      Whether Walmart knew or, in the exercise of reasonable care should have known, of the harassment.  The parties disagree on the wording of this legal issue.  The EEOC believes it should read " "whether Joelle Saunders' supervisor, or a person with the authority to receive, address, or report a complaint of harassment knew or, in the exercise of reasonable care should have known, of the harassment." Walmart believes it should read whether "Walmart" or "a person with the authority to receive, address, or report a complaint of harassment…"

4.      Whether Walmart took prompt remedial action once it had knowledge of the alleged harassment.

5.      Whether Ms. Saunders was damaged as a result of the alleged harassment.

6.      Whether Ms. Saunders is entitled to an award of compensatory damages, and if so, what amount.

7.      Whether punitive damages should be assessed against Walmart, and if so, in what amount.

## I. CONCISE STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT

1.      If Ms. Saunders is not entitled to compensatory damages, whether an award of nominal damages is appropriate and appropriate to be given to the jury in an instruction and option on the verdict form.

## J. CONCISE STATEMENT OF ANY DISAGREEMENT AS TO THE APPLICATION OF THE RULES OF EVIDENCE OR THE FEDERAL RULES OF CIVIL PROCEDURE

The parties disagree regarding the appropriateness of the facts of which Defendants ask the Court to take judicial notice.

The parties agree that the Federal Rules of Evidence and Federal Rules of Civil Procedure are applicable to the trial of this case.

There are no evidentiary or procedural issues the Parties are aware of at this time other than the issues mentioned in the Parties' Motions in Limine, Motion in Limine Responses, the Jury Charge and Verdict Form, and the objections to exhibits submitted as part of this Joint Stipulation.

## K. LIST OF ALL MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT

1.      Defendants' Omnibus Motion in Limine

2.      Plaintiff's Omnibus Motion in Limine

## L. COUNSEL'S ESTIMATES OF THE LENGTH OF RESPECTIVE CASES AND THE TRIAL

1.     Plaintiff's counsel estimates needing 2 days to try Plaintiff's case.

2.     Defendant's counsel estimates needing 1-2 days to try Defendants' case.

3.     The parties estimate that the trial, as a whole will, not take longer than 4 days.

**M.     SIGNATURE OF COUNSEL FOR ALL PARTIES**

Respectfully submitted this 13th day of October 2023.

| | |
|---|---|
| EQUAL EMPLOYMENT | /s/ Angelique Lyons |
| OPPORTUNITY COMMISSION | Angelique Groza Lyons, Esq., |
| Birmingham District Office | Fla. Bar No. 118801 |
| Ridge Park Place, Suite 2000 | alyons@constangy.com |
| 1130 22nd Street South | Secondary Email:  tampa@constangy.com |
| Birmingham, AL 35205 | CONSTANGY, BROOKS, SMITH & |
| | PROPHETE, LLP |
| MARSHA L. RUCKER | 100 North Tampa Street, Suite 3350 |
| Regional Attorney | Tampa, Florida 33602 |
| PA Bar No. 90041 | (813) 223-7166 / Fax: (813) 223-2515 |
| Marsha.rucker@eeoc.gov | Attorney for Defendants |
| | |
| GERALD L. MILLER | |
| Assistant Regional Attorney | |
| AL Bar No. ASB-1454-E52G | |
| Gerald.miller@eeoc.gov | |
| | |
| BRYAN A. GRAYSON | F. Damon Kitchen |
| Supervisory Trial Attorney | Fla. Bar No. 861634 |
| AL Bar No. ASB-8944-N65G | dkitchen@constangy.com |
| Bryan.grayson@eeoc.gov | CONSTANGY, BROOKS, SMITH & |
| | PROPHETE, LLP |
| AUSTIN T. RUSSELL | 200 West Forsyth Street, Suite 1700 |
| /s/ Austin T. Russell | Jacksonville, FL  32202-4317 |

12

Trial Attorney
AL Bar No. ASB-6418-S13J
Austin.Russell@eeoc.gov
Telephone: (205) 651-7079
Facsimile: (205) 212-2041

BARBARA J. WELLS
/s/ *Barbara J. Wells*
Trial Attorney
AL Bar No. ASB-1658-R58B
Barbara.wells@eeoc.gov
Telephone: (205) 651-7041

***Attorneys for Plaintiff***

Telephone: (904) 356-8900
Facsimile: (904) 356-8200

***Attorneys for Defendants***