# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **3:21-CV-1051-TKW-HTC** |
| | ) | |
| **WALMART INC. and** | ) | |
| **WAL-MART STORES EAST, LP** | ) | |
| | ) | |
| **Defendants.** | ) | |

_____

## PROPOSED JURY INSTRUCTIONS AND VERDICT FORM
_____

Pursuant to the Federal Rules of Civil Procedure and the Court's Order Scheduling Trial and Pretrial Conference and Establishing Related Deadlines and Procedures (Doc. 109), the parties jointly file their Proposed Jury Instructions. The parties submit these requested Jury Instructions subject to later revision based upon any interim Court rulings affecting the scope of the jury's deliberations.

Respectfully submitted this 13th day of October, 2023.

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, AL 35205

/s/ Angelique Lyons
Angelique Groza Lyons, Esq.,
Fla. Bar No. 118801
alyons@constangy.com
Secondary Email:  tampa@constangy.com

1

MARSHA L. RUCKER
Regional Attorney
PA Bar No. 90041
Marsha.rucker@eeoc.gov

GERALD L. MILLER
Assistant Regional Attorney
AL Bar No. ASB-1454-E52G
Gerald.miller@eeoc.gov

BRYAN A. GRAYSON
Supervisory Trial Attorney
AL Bar No. ASB-8944-N65G
Bryan.grayson@eeoc.gov

AUSTIN T. RUSSELL
/s/ *Austin T. Russell*
Trial Attorney
AL Bar No. ASB-6418-S13J
Austin.Russell@eeoc.gov
Telephone: (205) 651-7079
Facsimile: (205) 212-2041

BARBARA J. WELLS
/s/ *Barbara J. Wells*
Trial Attorney
AL Bar No. ASB-1658-R58B
Barbara.wells@eeoc.gov
Telephone: (205) 651-7041

***Attorneys for Plaintiff***

CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
100 North Tampa Street, Suite 3350
Tampa, Florida 33602
(813) 223-7166 / Fax: (813) 223-2515
Attorney for Defendants

F. Damon Kitchen
Fla. Bar No. 861634
dkitchen@constangy.com
CONSTANGY, BROOKS, SMITH &
PROPHETE, LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL 32202-4317
Telephone: (904) 356-8900
Facsimile: (904) 356-8200

***Attorneys for Defendants***

2

# INDEX

- Proposed Instruction 1: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Preliminary Instruction, 1.1 General Preliminary Instruction with case specific modifications redlined including added statement on burden of proof from Sand, Siffert, Reiss & Batterman, 4-73 Modern Federal Jury Instructions-Civil, Instruction 73-2 – Preponderance of the Evidence (Adapted).

- Proposed Instruction 2: Role of EEOC (taken from statute and case law) and Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.2.3 Duty to Follow Instructions Government Entity or Agency Involved.

- Proposed Instruction 3: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Preliminary Instruction, 1.4 Jury Questions.

- Proposed Instruction 4: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Trial Instructions, 2.1 Stipulations.

- Proposed Instruction 5: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Trial Instructions, 2.2 Use of Depositions.

- Proposed Instruction 6: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Trial Instructions, 2.5 Judicial Notice

- Proposed Instruction 7: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.1 Introduction.

- Proposed Instruction 8: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.2.2 Duty to Follow Instructions Corporate Party Involved.

- Proposed Instruction 9: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court.

- Proposed Instruction 10: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.4 Credibility of Witnesses.

- Proposed Instruction 11: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions 3.5.1, Impeachment of Witnesses by Prior Inconsistent Statement.

- Proposed Instruction 12: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.7.1 Responsibility for Proof – Preponderance of the Evidence.

- Proposed Instruction 13: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Adverse Employment Action Claims Instructions, 4.7 Title VII – Civil Rights Act – Workplace Harassment by Co-Worker or Third Party – No Tangible Employment Action Taken.

- Proposed Instruction 14:  Nominal Damages (taken from case law)

- Proposed Instruction 15: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages

- Proposed Instruction 17: Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.9 Election of Foreperson Explanation of Verdict Form

- Proposed Verdict Form

4

**PROPOSED JURY INSTRUCTION NO. 1**
**General Preliminary Instruction**

Members of the Jury:

Now that you've been sworn, I need to explain some basic principles about a civil trial and your duty as jurors. These are preliminary instructions. I'll give you more detailed instructions at the end of the trial.

The jury's duty:

It's your duty to listen to the evidence, decide what happened, and apply the law to the facts. It's my job to provide you with the law you must apply – and you must follow the law even if you disagree with it.

What is evidence:

You must decide the case on only the evidence presented in the courtroom. Evidence comes in many forms. It can be testimony about what someone saw, heard, or smelled. It can be an exhibit or a photograph. It can be someone's opinion.

Some evidence may prove a fact indirectly. Let's say a witness saw wet grass outside and people walking into the courthouse carrying wet umbrellas. This may be indirect evidence that it rained, even though the witness didn't personally see it rain. Indirect evidence like this is also called "circumstantial evidence" – simply a chain of circumstances that likely proves a fact.

5

As far as the law is concerned, it makes no difference whether evidence is direct or indirect. You may choose to believe or disbelieve either kind. Your job is to give each piece of evidence whatever weight you think it deserves.

<u>What is not evidence</u>:

During the trial, you'll hear certain things that are not evidence and you must not consider them.

First, the lawyers' statements and arguments aren't evidence. In their opening statements and closing arguments, the lawyers will discuss the case. Their remarks may help you follow each side's arguments and presentation of evidence. But the remarks themselves aren't evidence and shouldn't play a role in your deliberations.

Second, the lawyers' questions and objections aren't evidence. Only the witnesses' answers are evidence. Don't decide that something is true just because a lawyer's question suggests that it is. For example, a lawyer may ask a witness, "You saw Mr. Jones hit his sister, didn't you?" That question is not evidence of what the witness saw or what Mr. Jones did – unless the witness agrees with it.

There are rules of evidence that control what the court can receive into evidence. When a lawyer asks a witness a question or presents an exhibit, the opposing lawyer may object if he or she thinks the rules of evidence don't permit it. If I overrule the objection, then the witness may answer the question or the court may receive the exhibit. If I sustain the objection, then the witness cannot answer

6

the question, and the court cannot receive the exhibit. When I sustain an objection to a question, you must ignore the question and not guess what the answer might have been.

Sometimes I may disallow evidence – this is also called "striking" evidence – and order you to disregard or ignore it. That means that you must not consider that evidence when you are deciding the case.

I may allow some evidence for only a limited purpose. When I instruct you that I have admitted an item of evidence for a limited purpose, you must consider it for only that purpose and no other.

Credibility of witnesses:

To reach a verdict, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, part of it, or none of it. When considering a witness's testimony, you may take into account:

- the witness's opportunity and ability to see, hear, or know the things the witness is testifying about;

- the witness's memory;

- the witness's manner while testifying;

- any interest the witness has in the outcome of the case;

- any bias or prejudice the witness may have;

- any other evidence that contradicts the witness's testimony;

- the reasonableness of the witness's testimony in light of all the evidence; and

• any other factors affecting believability.

At the end of the trial, I'll give you additional guidelines for determining a witness's credibility.

Description of the case:

This is a civil case. To help you follow the evidence, I'll summarize the parties' positions. The Plaintiff, the Equal Employment Opportunity Commission or EEOC, brings this case against the Defendants Walmart Inc. and Wal-Mart Stores East, L.P., which the parties refer to together as Walmart in both these jury instructions and in the verdict form you will later receive. EEOC alleges that Walmart failed to protect Joelle Saunders from workplace sexual harassment by a co-worker, James Pollock, and that the Walmart failed to promptly investigate or otherwise address Saunders' complaints about Pollock, which allowed him to continue harassing Saunders. Walmart denies those claims and contends that Ms. Saunders was not subjected to any unlawful harassment and that Walmart took reasonable actions to address Ms. Saunders' allegations once Walmart was provided with proper notice by Ms. Saunders.

Burden of proof:

EEOC has the burden of proving its case by what the law calls a "preponderance of the evidence." That means EEOC must prove that, in light of all the evidence, what it claims is more likely true than not. So, if you could put the

8

evidence favoring the EEOC and the evidence favoring Walmart on opposite sides of balancing scales, the EEOC needs to make the scales tip to its side. If the EEOC fails to meet this burden, you must find in favor of Walmart.

To decide whether any fact has been proved by a preponderance of the evidence, you may – unless I instruct you otherwise – consider the testimony of all witnesses, regardless of who called them, and all exhibits that the court allowed, regardless of who produced them. After considering all the evidence, if you decide a claim or fact is more likely true than not, then the claim or fact has been proved by a preponderance of the evidence.

[Area of dispute.]

<u>Conduct of the jury</u>:

While serving on the jury, you may not talk with anyone about anything related to the case. You may tell people that you're a juror and give them information about when you must be in court. But you must not discuss anything about the case itself with anyone.

You shouldn't even talk about the case with each other until you begin your deliberations. You want to make sure you've heard everything – all the evidence, the lawyers' closing arguments, and my instructions on the law – before you begin deliberating. You should keep an open mind until the end of the trial. Premature discussions may lead to a premature decision.

9

In this age of technology, I want to emphasize that in addition to not talking face-to-face with anyone about the case, you must not communicate with anyone about the case by any other means.  This includes e-mails, text messages, phone calls, and the Internet, including social-networking websites and apps such as Facebook, Instagram, Snapchat, YouTube, and Twitter.  You may not use any similar technology of social media, even if I have not specifically mentioned it here.

You must not provide any information about the case to anyone by any means whatsoever, and that includes posting information about the case, or what you are doing in the case, on any device or Internet site, including blogs, chat rooms, social websites, or any other means.

You also shouldn't Google or search online or offline for any information about the case, the parties, or the law. Don't read or listen to the news about this case, visit any places related to this case, or research any fact, issue, or law related to this case. The law forbids the jurors to talk with anyone else about the case and forbids anyone else to talk to the jurors about it. It's very important that you understand why these rules exist and why they're so important. You must base your decision only on the testimony and other evidence presented in the courtroom. It is not fair to the parties if you base your decision in any way on information you acquire outside the courtroom. For example, the law often uses words and phrases in special ways, so it's important that any definitions you hear come only from me

10

and not from any other source. Only you jurors can decide a verdict in this case. The law sees only you as fair, and only you have promised to be fair – no one else is so qualified.

Taking notes:

If you wish, you may take notes to help you remember what the witnesses said. If you do take notes, please don't share them with anyone until you go to the jury room to decide the case. Don't let note-taking distract you from carefully listening to and observing the witnesses. When you leave the courtroom, you should leave your notes hidden from view in the jury room.

Whether or not you take notes, you should rely on your own memory of the testimony. Your notes are there only to help your memory. They're not entitled to greater weight than your memory or impression about the testimony.

Course of the trial:

Let's walk through the trial. First, each side may make an opening statement, but they don't have to. Remember, an opening statement isn't evidence, and it's not supposed to be argumentative; it's just an outline of what that party intends to prove.

Next, the EEOC will present its witnesses and ask them questions. After EEOC questions the witness, Walmart may ask the witness questions – this is called "cross-examining" the witness. Then Walmart will present their witnesses, and

EEOC may cross-examine them. You should base your decision on all the evidence, regardless of which party presented it.

After all the evidence is in, the parties' lawyers will present their closing arguments to summarize and interpret the evidence for you, and then I'll give you instructions on the law.

You'll then go to the jury room to deliberate.

**SOURCES:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Preliminary Instruction, 1.1 General Preliminary Instruction with case specific modifications redlined including added statement on burden of proof from Sand, Siffert, Reiss & Batterman, 4-73 Modern Federal Jury Instructions-Civil, Instruction 73-2 – Preponderance of the Evidence (Adapted).

GIVEN \_\_\_\_

REJECTED \_\_\_\_

MODIFIED \_\_\_\_

DIFFERENCES BETWEEN PARTIES:

Plaintiff submits that today's jurors tend to be far more familiar with the burden of proof in criminal cases than the burden of proof in civil cases which is significantly different. Plaintiff proposes modifying the pattern to include the following language from the Modern Federal Jury Instructions Civil which addresses this difference: "Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case like this one and you should put it out of your mind." It is an accurate statement of the law that clarifies the jury's task. Plaintiff asks that the Court include it.

Walmart does not agree that it is appropriate to add the following language to the pattern jury instruction: "Some of you may have heard of proof beyond a reasonable

doubt, which is the proper standard of proof in a criminal trial. That requirement does not apply in a civil case like this one and you should put it out of your mind." There is no need to include a new concept to the jury that is otherwise not relevant and is not included anywhere else in the jury instruction.  The Eleventh Circuit pattern instruction fully addresses the issue of burden of proof.  The proposed language will only result in jury confusion.  Walmart requests that the Court reject the language proposed by the EEOC.

## PROPOSED JURY INSTRUCTION NO. 2
### Role of EEOC

The EEOC is an agency of the United States Government [disputed language here]. [disputed language here].  [disputed language here], the EEOC files lawsuits seeking to recover monetary damages [disputed language here]. For this reason, EEOC is the Plaintiff in this case instead of Joelle Saunders.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

**SOURCES:**

42 U.S.C. § 2000e, *et seq.*; *General Telephone Co. of the Northwest, Inc. v. EEOC*, 446 U.S. 318, 331 (1980). *See also EEOC v. Waffle House, Inc.*, 534 U.S. 279, 285 (2002); Portion of Basic Instructions 3.2.3 Duty to Follow Instructions Government Entity or Agency Involved.

GIVEN ____

REJECTED ____

MODIFIED ____

DIFFERENCES BETWEEN PARTIES:

The parties differ on the framing of parts this instruction.

Plaintiff submits that the appropriate instruction is one that helps the jury understand the role the EEOC plays in an enforcement action like this one. It is based in applicable law and would help the jury understand this aspect of the case which differentiates it from cases brought by individual plaintiffs on their own behalf. Plaintiff submits that the instruction should given as it proposed initially as set forth below:

14

"The EEOC is an agency of the United States Government which exists to advance the public interest in preventing and remedying employment discrimination. The EEOC's responsibilities include enforcing a law called Title VII of the Civil Rights Act of 1964, also called "Title VII," which is the federal law involved in this lawsuit. As part of its law enforcement duties, the EEOC files lawsuits seeking to recover monetary damages from employers who the EEOC believes violated Title VII and transfers any damages award to the people who the EEOC believes the employer's violations of Title VII harmed. For this reason, EEOC is the Plaintiff in this case instead of Joelle Saunders.

The fact that a governmental entity or agency is involved as a party must not affect your decision in any way. A governmental agency and all other persons stand equal before the law and must be dealt with as equals in a court of justice."

Walmart asks the Court to reject the additional language requested by the EEOC because it is unnecessary, inappropriate and prejudicial to Walmart. The EEOC's language that the EEOC exists to "advance public interest in preventing and remedying employment discrimination" is improper. The suggested language implies that the EEOC bringing the case instead of Ms. Saunders somehow makes the case more believable since the EEOC is only motivated by the public interest as opposed to a regular plaintiff who is motived by financial gain. Similarly, the language discussing the EEOC's responsibilities and indicating that the EEOC only brings cases against employers it "believes violated Title VII" and gives the awards to the individuals harmed by the violations is improper. Not only does this language promote the same improper impression that a lawsuit brought by the EEOC is more credible, but it also implies that this case must be valid since it is one of the cases

that the EEOC believes has merit.  None of these instructions are necessary to explain the EEOC's role to the jury.  Instead, this superfluous language is unduly prejudicial to Walmart.

16

## PROPOSED JURY INSTRUCTION NO. 3
### Jury Questions

During this trial, you may submit questions to a witness after the lawyers have finished their own questioning. Here is how the procedure works: After each witness has testified, and the lawyers have asked all of their questions, I'll ask if any of you have questions. If you have a question, write it down and give it to the court staff.

You may submit a question for a witness only to clarify an answer or to help you understand the evidence. Our experience with juror questions indicates that jurors rarely have more than a few questions for any one witness, and there may be no questions at all for some witnesses.

If you submit a question, the court staff will give it to me and I'll share your questions with the lawyers in the case. If the rules of evidence allow your question, one of the lawyers or I will read your question to the witness. I may modify the form or phrasing of a question so that it's allowed under the evidence rules. Sometimes, I may not allow the questions to be read to the witness, either because the law does not allow it or because another witness is in a better position to answer the question. If I can't allow the witness to answer a question, you must not draw any conclusions from that fact or speculate on what the answer might have been.

Here are several important things to keep in mind about your questions for the witnesses:

- First, you must submit all questions in writing. Please don't ask any questions aloud.

- Second, the court can't re-call witnesses to the stand for additional juror questions. If you have a question for a particular witness, you must submit it when I ask.

- Finally, because you should remain neutral and open-minded throughout the trial, you should phrase your questions in a way that doesn't express an opinion about the case or a witness. You must keep an open mind until you've heard all the evidence, the closing arguments, and my final instructions on the law.

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Preliminary Instruction, 1.4 Jury Questions.

GIVEN _____

REJECTED _____

MODIFIED _____

DIFFERENCES BETWEEN PARTIES: None.

18

**PROPOSED JURY INSTRUCTION NO. 4**
**Stipulations**

Sometimes the parties have agreed that certain facts are true. This agreement is called a stipulation. You must treat these facts as proved for this case.

The stipulations agreed to by the parties which you must accept as true are:

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Trial Instructions, 2.1 Stipulations with added sentence to introduce specific factual stipulations.

GIVEN ____

REJECTED ____

MODIFIED ____

DIFFERENCES BETWEEN PARTIES: None.

## PROPOSED TRIAL INSTRUCTION NO. 5
### Use of Depositions

A deposition is a witness's sworn testimony that is taken before the trial. During a deposition, the witness is under oath and swears to tell the truth, and the lawyers for each party may ask questions. A court reporter is present and records the questions and answers.

The deposition of [name of witness], taken on [date], is about to be presented to you by reading the transcript. Deposition testimony is entitled to the same consideration as live testimony, and you must judge it in the same way as if the witness was testifying in court.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Trial Instructions, 2.2 Use of Depositions.

GIVEN ____

REJECTED ____

MODIFIED ____

DIFFERENCES BETWEEN PARTIES: None.

## PROPOSED TRIAL INSTRUCTION NO. 6
### Judicial Notice

The rules of evidence allow me to accept facts that no one can reasonably dispute. The law calls this "judicial notice." I've accepted the following facts as proved even though no one introduced evidence to prove it.  You must accept it as true for this case.

[Dispute as to facts about which the Court should take judicial notice of as outlined below]

**SOURCE:** Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Trial Instructions, 2.5 Judicial Notice

GIVEN _____

REJECTED _____

MODIFIED _____

DIFFERENCES BETWEEN PARTIES:

Plaintiff submits that the Court may take judicial notice of facts that are "not subject to reasonable dispute," because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b); *Thomas v. Sec'y, Fla. Dep't of Corr.*, 644 F. App'x 887, 888 (11th Cir. 2016) (taking judicial notice of the date on which another court took a judicial act by denying a motion); *Shahar v.* Bowers, 120 F.3d 211, 214 (11th Cir. 1997) (en banc) ( "For example, the kinds of things about which courts ordinarily take judicial notice are (1) scientific facts: for instance, when does the sun rise or set; (2) matters of geography: for instance, what are the boundaries of a state; or (3) matters of political

21

history: for instance, who was president in 1958."); Weaver *v. U.S.*, 298 F.2d 496 (5th Cir. 1962) ("Judicial notice may be taken of facts known at once with certainty by all the reasonably intelligent people in the community without the need of resorting to any evidential data at all. Judicial notice may be taken without request by a party of such facts as are so generally known or of such common notoriety within the territorial jurisdiction of the court that they cannot reasonably be the subject of dispute. Specific facts and propositions of generalized knowledge which are capable of immediate and accurate determination by resort to easily accessible sources of indisputable accuracy may be judicially noticed. The courts take judicial notice of the boundaries of this nation, of the location of states and territories, the locations of the boundaries of the state in which the court is sitting, of counties, districts and townships. The location and boundary of any incorporated city, as a subdivision of the state are judicially noticed, as well as locations of government buildings and institutions"). Despite the "wide discretion to take judicial notice of adjudicative facts," the process of taking judicial notice of facts is a "highly limited process" because the use of judicial notice bypasses the safeguards which are involved with the usual process of proving facts by competent evidence). *Thomas*, 644 F. App'x at 888 (quoting *Dippin Dots, Inc. v. Frosty Bites Distrib., LLC*, 369 F.3d 1197, 1205 (11th Cir. 2004)). "In order for a fact to be judicially noticed under Rule 201(b), indisputability is a prerequisite." *U.S. v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994) (reversing the district court's summary judgment ruling in this action arising out of the government's claim the defendant breach a Private Practice Assignment Agreement requiring him to work as a physician for four years at a specific hospital because the district court took judicial notice of factual findings and references to witness testimony in a judicial opinion from another lawsuit between the physician and the hospital at which he was supposed to work). The materials Defendants ask the Court to take judicial notice of do not constitute the kinds of generally known and indisputable information in the territory which constitute an appropriate use of the rule. As the Court knows, EEOC disputed the reasonable inferences to be drawn from the facts and whether Defendants had a retaliatory motive. EEOC may take appeal of that ruling and continue to take exception to the Court's ruling on that point. Furthermore, the fact and reason for Saunders' dismissal are not relevant to the claim before the Court or the defense Defendants make to it which arises out of negating that EEOC has evidence of the requisite elements of the

claim rather than an affirmative defense. While seeking to preclude EEOC from continuing to litigate the dismissed retaliation claim, Defendants ask the Court to place its imprimatur on their version of events leading to the dismissal and to allow them to cast doubt on Saunders' veracity through a claim that she fabricated her complaint of sexual harassment to head off the impending disciplinary dismissal without allowing EEOC to argue the evidence it contends of Defendants' own investigatory conclusion and managerial statements affirming that the harassment occurred and warranted dismissal of Pollock, albeit more than six weeks after it dismissed Saunders.

Plaintiffs had not proposed a judicial notice instruction, but would not oppose a proper use of judicial notice as to certain things. Plaintiffs do not think that the statements Defendants propose statements are an appropriate use of judicial notice. Moreover, the parties have submitted briefing in the motions in limine regarding some of the content of the statements Defendants propose.

If the Court and the parties can reach some agreement as to proper types of judicially noticed facts such as the day of the week in 2018 on which a particular date fell or the date Hurricane Michael made landfall at Mexico Beach, Florida or the driving distance between DeFuniak Springs and Mexico Beach, then the judicial notice instruction from the pattern would be the appropriate introduction. However, nothing of which Defendants ask the Court to take judicial notice in this proposed instruction are appropriate under the binding law of the Eleventh Circuit.

Walmart proposes the following:

Ms. Saunders' employment at Walmart was terminated on October 1, 2018 for violation of Walmart's attendance policy.  The Court has already determined that Ms. Saunders was not retaliated against when she was terminated.  You may not use the fact that Walmart terminated Ms. Saunders' employment for violation of Walmart's attendance policy against Walmart.

(*If the court permits Riveras and Villalobos to testify regarding their personal experiences with Mr. Pollock, Walmart requests the following:*)

You will hear testimony from Destiny Riveras and Carolina Villalobos about what James Pollock allegedly said and did to them. The Court has already determined that

neither Destiny Riveras nor Carolina Villalobos were subjected to harassment under the law and that Walmart did not violate the law in regards to Destiny Riveras or Carolina Villalobos.

It is appropriate for the Court to take judicial notice as these facts are "not subject to reasonable dispute," and because they are "generally known within the trial court's territorial jurisdiction" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *See* Fed. R. Evid. 201(b). The fact that the Court has issued rulings on these matters is not subject to reasonable dispute. The fact that the Court has issued these ruling is known by this Court and can be readily accessible from the Court record. Walmart is not asking the Court to take notice of disputed facts but rather the rulings the Court has already made. The EEOC claims this is improper because the information is not relevant – this is simply not true. The jury needs to be provided an explanation for Ms. Saunders' termination, and needs to know that it may not presume the termination was retaliatory. Otherwise, Walmart will be substantially prejudiced and denied a fair trial. Likewise, if the other claimants are permitted to testify as to their alleged personal experiences with Mr. Pollock, the jury needs to be informed that the Court dismissed the claims brought on their behalf. This information is relevant because it establishes bias on the part of the other claimants.

**PROPOSED TRIAL INSTRUCTION NO. 7**
**Introduction to Basic Instructions**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.** |
| **v.** | ) | **3:21-CV-1051-TKW-HTC** |
| | ) | |
| **WALMART INC. and** | ) | |
| **WAL-MART STORES EAST, LP,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COURT'S INSTRUCTIONS TO THE JURY**

Members of the jury:

It's my duty to instruct you on the rules of law that you must use in deciding this case.

When I have finished you will go to the jury room and begin your discussions, sometimes called deliberations.

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.1 Introduction with case specific modifications redlined and case caption added.

GIVEN ____

REJECTED \_\_\_\_

MODIFIED \_\_\_\_

DIFFERENCES BETWEEN PARTIES: None.

## PROPOSED TRIAL INSTRUCTION NO. 8
## Duty to Follow Instructions-- Corporate Entity

Your decision must be based only on the evidence presented here. You must not be influenced in any way by either sympathy for or prejudice against anyone.

You must follow the law as I explain it – even if you do not agree with the law – and you must follow all of my instructions as a whole. You must not single out or disregard any of the instructions on the law.

The fact that a corporation is involved as a party must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for the acts and statements of its employees that are made within the scope of their duties as employees of the company.

**SOURCES:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.2.2 Duty to Follow Instructions Corporate Party Involved

GIVEN _____

REJECTED _____

MODIFIED _____

DIFFERENCES BETWEEN PARTIES: None.

## PROPOSED TRIAL INSTRUCTION NO. 9
## Direct and Circumstantial Evidence

As I said before, you must consider only the evidence that I have admitted in the case. Evidence includes the testimony of witnesses and the exhibits admitted. But, anything the lawyers say is not evidence and isn't binding on you.

You shouldn't assume from anything I've said that I have any opinion about any factual issue in this case. Except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your own decision about the facts.

Your own recollection and interpretation of the evidence is what matters.

In considering the evidence you may use reasoning and common sense to make deductions and reach conclusions. You shouldn't be concerned about whether the evidence is direct or circumstantial.

"Direct evidence" is the testimony of a person who asserts that he or she has actual knowledge of a fact, such as an eyewitness.

"Circumstantial evidence" is proof of a chain of facts and circumstances that tend to prove or disprove a fact. There's no legal difference in the weight you may give to either direct or circumstantial evidence.

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.3 Consideration of Direct and Circumstantial Evidence; Argument of Counsel; Comments by the Court.

GIVEN _____

REJECTED _____

MODIFIED _____

DIFFERENCES BETWEEN PARTIES: None.

## PROPOSED TRIAL INSTRUCTION NO. 10
### Credibility of Witnesses

When I say you must consider all the evidence, I don't mean that you must accept all the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. The number of witnesses testifying concerning a particular point doesn't necessarily matter.

To decide whether you believe any witness I suggest that you ask yourself a few questions:

1. Did the witness impress you as one who was telling the truth?

2. Did the witness have any particular reason not to tell the truth?

3. Did the witness have a personal interest in the outcome of the case?

4. Did the witness seem to have a good memory?

5. Did the witness have the opportunity and ability to accurately observe the things he or she testified about?

6. Did the witness appear to understand the questions clearly and answer them directly?

7. Did the witness's testimony differ from other testimony or other evidence?

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.4 Credibility of Witnesses.

GIVEN _____

REJECTED _____

MODIFIED ____

DIFFERENCES BETWEEN PARTIES: None.

## PROPOSED TRIAL INSTRUCTION NO. 11
## Impeachment of Witnesses by Prior Inconsistent Statement

You should also ask yourself whether there was evidence that a witness testified falsely about an important fact. And ask whether there was evidence that at some other time a witness said or did something, or didn't say or do something, that was different from the testimony the witness gave during this trial.

But keep in mind that a simple mistake doesn't mean a witness wasn't telling the truth as he or she remembers it. People naturally tend to forget some things or remember them inaccurately. So, if a witness misstated something, you must decide whether it was because of an innocent lapse in memory or an intentional deception. The significance of your decision may depend on whether the misstatement is about an important fact or about an unimportant detail.

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.5.1 Impeachment of Witnesses Because of Inconsistent Statements.


GIVEN \_\_\_\_

REJECTED \_\_\_\_

MODIFIED \_\_\_\_

DIFFERENCES BETWEEN PARTIES: None.

**PROPOSED TRIAL INSTRUCTION NO. 12**
**Responsibility For Proof – Preponderance of the Evidence**

In this case, it is the responsibility of the EEOC to prove every essential part of its claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the EEOC's claim is more likely true than not true.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence, you should find against the EEOC.

In deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence regardless of who may have produced them.

If the proof fails to establish any essential part of the EEOC's claim by a preponderance of the evidence, you should find in favor of Walmart as to that claim.

**SOURCE:**
Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.7.1 Responsibility for Proof – Plaintiff's Claims, Cross Claims, Counterclaims – Preponderance of the Evidence.

GIVEN ____
REJECTED ____
MODIFIED ____
DIFFERENCES BETWEEN PARTIES: None.

33

**PROPOSED TRIAL INSTRUCTION NO. 13**
**Workplace Harassment by A Co-Worker**

In this case, the EEOC claims that Walmart violated Federal Civil Rights statutes that prohibit employers from discriminating against employees in the terms or conditions of employment because of their sex. These statutes prohibit the creation of a hostile work environment caused by harassment because of an employee's sex.

Specifically, the EEOC claims that James Pollock harassed Joelle Saunders because of her sex, that the harassment created a hostile work environment for Joelle Saunders, and that Walmart knew, or in the exercise of reasonable care should have known, about the harassment, but did not take prompt remedial action.

Walmart denies the EEOC's claims and asserts that Joelle Saunders was not subjected to harassment and did not timely follow Walmart's policy. Once Joelle Saunders did so, Walmart took reasonable actions to address Ms. Saunders' allegations.

To succeed on its claim against Walmart, the EEOC must prove each of the following facts by a preponderance of the evidence:

First:   James Pollock harassed Joelle Saunders because of her sex;

Second: The harassment created a hostile work environment for Joelle Saunders;

Third:   [Disputed area 13A] knew, or in the exercise of reasonable care should have known, about the hostile work environment;

34

Fourth:  Walmart failed to take prompt remedial action to eliminate the hostile work environment; and

Fifth:  Joelle Saunders suffered damages because of the hostile work environment.

On the verdict form that I will explain in a moment, you will be asked to answer questions about these factual issues.

A "hostile work environment" created by harassment because of sex exists if:

(a) Joelle Saunders was subjected to offensive acts or statements about sex – even if they were not specifically directed at her;

(b) Joelle Saunders did not welcome the offensive acts or statements, which means that Joelle Saunders did not directly or indirectly invite or solicit them by her own acts or statements;

(c) the offensive acts or statements were so severe or pervasive that they materially altered the terms or conditions of Joelle Saunders' employment;

(d) a reasonable person – not someone who is overly sensitive – would have found that the offensive acts or statements materially altered the terms or conditions of the person's employment; and

(e) Joelle Saunders believed that the offensive acts or statements materially altered the terms or conditions of her employment.

To determine whether the conduct in this case was "so severe or pervasive" that it materially altered the terms or conditions of Joelle Saunders' employment, you should consider all the circumstances, including:

(a) how often the discriminatory conduct occurred;

(b) its severity;

(c) whether it was physically or psychologically threatening or humiliating; and

35

(d) whether it unreasonably interfered with Joelle Saunders' work performance.

[Area of dispute 13B]

A "material alteration" is a significant change in conditions. Conduct that amounts only to ordinary socializing in the workplace does not create a hostile work environment. A hostile work environment will not result from occasional horseplay, sexual flirtation, offhand comments, simple teasing, sporadic use of offensive language, or occasional jokes related to sex. But discriminatory intimidation, ridicule, insults, or other verbal or physical conduct may be so extreme that it materially alters the terms or conditions of employment.

In this case, EEOC claims that James Pollock, one of Joelle Saunders' co-workers, created and carried on the hostile work environment.

You can hold Walmart responsible for the hostile work environment only if the EEOC proves by a preponderance of the evidence that [Area of dispute 13C] knew, or should have known, of the hostile work environment and permitted it to continue by failing to take remedial action.

[area of dispute 13D]

To show that [Area of dispute 13E], "should have known" of a hostile work environment, the EEOC must prove that the hostile environment was so pervasive

36

and so open and obvious that any reasonable person in the [Area of dispute 13F] would have known that the harassment was occurring.

[Area of dispute 13G]

For the fifth element, if you find that:

(a) James Pollock harassed Joelle Saunders because of her sex;

(b) the harassment created a hostile work environment;

(c) [Area of dispute 13H],  knew, or in the exercise of reasonable care should have known, about the hostile work environment; and

(d) [Area of Dispute 13I], did not take prompt remedial action to eliminate the hostile work environment,

then you must decide whether Joelle Saunders suffered damages because of the hostile work environment.

If the damages would not have existed except for the hostile work environment, then you may find that Joelle Saunders suffered those damages because of the hostile work environment.

If you find that Joelle Saunders suffered damages because of the hostile work environment, you must decide the issue of  compensatory damages.

When considering the issue of compensatory damages on behalf of Joelle Saunders, you should determine what amount, if any, has been proven by the EEOC by a preponderance of the evidence as full, just and reasonable compensation for all of Joelle Saunders' damages as a result of the hostile work environment, no more and no less. Compensatory damages are not allowed as a punishment and must not

37

be imposed or increased to penalize Walmart. Also, compensatory damages must not be based on speculation or guesswork.

You should consider the following elements of damage, to the extent you find that the EEOC has proved them by a preponderance of the evidence, and no others: (a) emotional pain and mental anguish.

To determine whether and how much EEOC should recover on behalf of Joelle Saunders for her emotional pain and mental anguish, you may consider both the mental and physical aspects of injury – tangible and intangible. EEOC does not have to introduce evidence of a monetary value for intangible things like Joelle Saunders' mental anguish. You must determine what amount will fairly compensate her for those claims. There is no exact standard to apply, but the award should be fair in light of the evidence.

**Punitive Damages:** The EEOC also asks you to award punitive damages. The purpose of punitive damages is not to compensate EEOC or Joelle Saunders but, instead, to punish Walmart for wrongful conduct and to deter similar wrongful conduct. [Area of dispute 13J]

To be entitled to an award of punitive damages, the EEOC must prove by a preponderance of the evidence that Walmart acted with either malice or with reckless indifference toward Joelle Saunders' federally protected rights. Specifically, the EEOC must show that an employee of Walmart acting in a managerial capacity,

either acted with malice or with reckless indifference to Joelle Saunders' federally protected rights.

There is no bright-line rule about which employees act in a managerial capacity. You must determine whether an employee acted in a "managerial capacity" based upon the type of authority Walmart gave the employee and the amount of discretion that the employee has in what is done and how it is accomplished. [Area of dispute 13K]

To show that Walmart acted with malice, the EEOC must show that an employee acting in a managerial capacity knew that federal law prohibits discrimination and discriminated against Joelle Saunders' anyway. To show that the Walmart acted with reckless indifference to Joelle Saunders' federally protected rights, the EEOC must show that an employee acting in a managerial capacity acted with serious disregard for whether the conduct violated federal law. Either malice or reckless indifference is sufficient to entitle the EEOC to an award of punitive damages; the EEOC need not prove both.

An employer may not be held liable for punitive damages because of discriminatory acts on the part of its managerial employees where the managerial employees' acts are contrary to the employer's good faith efforts to comply with the law by implementing policies and programs designed to prevent unlawful

discrimination in the workplace. However, the mere existence of policies prohibiting discrimination does not preclude punitive damages if the policies are ineffective.

There is no single factor that determines whether Walmart acted with malice or with reckless indifference to Joelle Saunders' federally protected rights. In determining whether to award punitive damages, you may consider factors such as: (1) whether Walmart engaged in a pattern of discrimination toward its employees; (2) whether Walmart acted spitefully or malevolently; (3) whether Walmart showed a blatant disregard for civil legal obligations; (4) whether Walmart failed to investigate reports of discrimination; [area of dispute 13L] (5) whether Walmart failed to take corrective action concerning discriminatory acts or comments by its employees [area of dispute 13M]

If you find that punitive damages should be assessed against Walmart, you may consider the evidence regarding Walmart' financial resources in fixing the amount of such damages.

**SOURCES:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Adverse Employment Action Claims Instructions, 4.7 Title VII – Civil Rights Act – Workplace Harassment by Co-Worker or Third Party – No Tangible Employment Action Taken. *Also* EEOC Enforcement Guidance, 1999 WL 33305874 (June 1999); *Katz v. Dole*, 709 F.2d 251 (4th Cir. 1983).


GIVEN \_\_\_\_

REJECTED \_\_\_\_

MODIFIED _____

DIFFERENCES BETWEEN PARTIES:

**Plaintiff's positions:**

- [Area of dipute 13A] (Third Element of elements of proof): Plaintiff submits that in this case Plaintiff is EEOC because this is an enforcement action so it should be reworded to describe all people the law says are supervisors for purposes of the employing entity to be on notice and that is not limited to just Joelle Saunders' supervisor. Also just saying supervisor is ambiguous as it could be a direct or an indirect supervisor. Given the Court's ruling on summary judgment relating to the person or persons to whom complaints could be taken, it is inaccurate to limit the language to omit Joelle Saunders' supervisor. Plaintiff submits that the better phrasing given the facts of this case would be the pattern plus an addition:

  "Joelle Saunders' supervisor, or a person with the authority to receive, address, or report a complaint of harassment."

- [Area of dispute 13B] Plaintiff submits that the following sentence taken from case law should be placed after the list of items (a) through (d) explaining severe or pervasive: "Plaintiff does not have to show that the conduct was both severe and pervasive and the above factors are intended to help you consider the question. Any relevant factor must be taken into account, but no single factor is dispositive." This is taken from *Harris v. Forklift Sys., Inc.*, 510 17, 21-23 (1993) and *Jones v. UPS Ground* Freight, 683 F.3d 1283, 1299 (11th Cir. 2021). The Supreme Court made it clear that either severe *or* pervasive is enough of a predicate for this element. The pattern as drafted without the sentence added could be read to misstate the law and require proof of both severe *and* pervasive conduct.

- [Area of dispute 13C] same issue as Area of Dispute 13A.

- [Area of dispute 13D] Plaintiff acknowledges that the pattern instruction from the Eleventh Circuit does not define remedial action, but suggests it would be helpful to provide guidance to the jury on what they phrase means in this context. This is not subsequent remedial measure it is instead a part of the legal paradigm for assessing employer liability for its action or inaction in the

41

face of knowledge of coworker harassment. The proposed instruction comes from: EEOC Enforcement Guidance, 1999 WL 33305874 (June 1999); *Dees v. Johnson Controls World Servs., Inc.*, 168 F.3d 417, 422 (11th Cir. 1999); *Katz v. Dole*, 709 F.2d 251 (4th Cir. 1983). The proposed language for the definitional instruction is:

"Remedial action means measures designed to stop harassment, correct its effects on the employee, and ensure that the harassment does not recur. These measures need not be the specific measure the employee requests or prefers so long as they are effective. Moreover, they should not adversely affect the victim and should be proportional to the seriousness of the offense. Remedial measures to correct the effect of the harassment on the victim should put that employee in the position she would have been in had the misconduct not occurred. An employer who does nothing effectual to stop further harassment despite knowing about the harassment cannot be said to have taken effective remedial measures."

- [Area of dispute 13E] same as [Area of dispute 13A]

- [Area of dispute 13F] same issue as [Area of dispute 13A] with slight modification in language: "supervisor's position, or in the position of a person with the authority to receive, address, or report a complaint of harassment,"

- [Area of dispute 13G]. This is a case of co-worker harassment that does not involve any allegation of harassment by a supervisor. The law is clear that the only basis for liability for co-worker harassment is direct liability. The vicarious liability basis available when the harasser is a supervisor is not available here. The Farager/Ellerth affirmative defense is not at issue here, because that is only a defense in a supervisor vicarious liability case. It is not the standard applicable to a direct liability case. Defendants conflate and confuse the law relying on language from cases involving sexual harassment by a supervise in which the courts analyze vicarious liability and the Farager/Ellerth defense in proposing a basis for the insertion they propose here. The misstatement of the law should not be part of the jury's instruction. It is not in the pattern because it is not part of the analysis of the type of coworker direct liability claim at issue. Plaintiff submits that an employer may be held liable under Title VII for the harassing conduct of its non-supervisory employees, customers, or other third parties "if the employer fails to take immediate and appropriate corrective action in response to a hostile work

42

environment of which the employer knew or reasonably should have known." *Beckford v. Dep't of Corr.*, 605 F.3d 951, 957-58 (11th Cir. 2010) (finding that prison could be held liable for harassing conduct of inmates).

- [Area of dispute 13H] same as [Area of dispute 13A]

- [Area of dispute 13I] same as [Area of dispute 13A]

- [Area of dispute 13J] EEOC asks the Court to delete the following sentence from the portion of the instruction regarding punitive damages: "You will only reach the issue of punitive damages if you find for EEOC and award Joelle Saunders compensatory damages." EEOC has deleted the sentence from the pattern jury instructions requiring a finding of compensatory damages before a jury can consider punitive damages. EEOC has done so because a jury finding of compensatory damages is not a prerequisite to an award of punitive damages. *EEOC v. W&O, Inc.*, 213 F.3d 600, 615 (11th Cir. 2000) (finding "punitive damages may be appropriate where a plaintiff has received back pay but no compensatory damages") (citing *Provencher v. CVS Pharmacy*, 145 F.3d 5, 12 (1st Cir. 1998) and *Hennessy v. Penril Datacomm Networks, Inc.*, 69 F.3d 1344, 1352 (7th Cir. 1995)); *EEOC v. W & O, Inc.*, 36 F. Supp. 2d 1348, 1350 (S.D. Fla. 1998) (adopting Seventh Circuit's reasoning in holding that compensatory damages are not a prerequisite to punitive damages). The reasoning of these decisions is based on the plain language of The Civil Rights Act of 1991, 42 U.S.C. § 1981a(b)(1), which specifically states that a complaining party may recover punitive damages "if the complaining party demonstrates that the respondent engaged in a discriminatory practice or discriminatory practices with malice or with reckless indifference to the federally protected rights of an aggrieved individual." As noted by the court in *W&O*, the statute says nothing of requiring compensatory damages in order to receive punitive damages. *W&O* at 1350.

- [Area of dispute 13K] Plaintiff submits the pattern instruction is adequate as worded on managerial capacity and object to the further proposed instructional detail Defendants crafted from the annotations to the standard instruction. Furthermore the additional language seeks to open an avenue for Defendants to continue to undermine the Court's finding as a matter of law regarding the authority of Saunders' direct supervisor, Rickey Harrison, to receive her complaint."

- [Area of dispute 13L] and [Area of dispute 13M] This section from the pattern has a list of six factors relevant to punitive damages. Because the pattern

43

attempts to address situations in which there is a tangible action and those in which there is not one, the last factor relates to whether the harasser was involved in the decision-making process for the tangible action. It is undisputed that this is not a sexual harassment case with a tangible action. Thus, Plaintiffs submit that the list should only include factors 1-5. Including 6 would confuse the jury and is immaterial here. The other change would be to put the conjunction between 4 and 5 rather than between 5 and 6.

**Defendants' positions:**

- [Area of dispute 13A] Walmart objects to including the Joelle Saunders' supervisor language here and would just say:

  "A person with the authority to receive, address, or report a complaint of harassment."

  The standard jury instructions suggest using either "supervisor" or "a person with the authority to receive, address, or report a complaint of harassment", but not both. Including both is confusing to the jury and unnecessary.

- [Area of dispute 13B]  The language suggested by the EEOC is unnecessary and cumulative.  The pattern jury instruction is very clear and uses the disjunctive "or" throughout the instruction.

- [Area of dispute 13C]  same issue as Area of Dispute 13A.

- [Area of Dispute 13D]  Walmart does not disagree that language should be included to clarify "remedial action" since that phrase is not defined in the jury instructions.  In addition to the language proposed by the EEOC, Walmart requests that the following language be included "Once an employer has knowledge of the harassing conduct, an employer need not act instantaneously but must act in a reasonably prompt manner to respond to the employee's complaint."  This language is taken directly from the case of *Frederick v. Sprint/United Mgmt. Co*., 246 F.3d 1305, 1314 (11th Cir. 2001).

44

- [Area of dispute 13E]  same as [Area of Dispute 13A].

- [Area of dispute 13F]  same issues as [Area of Dispute 13A].

- [Area of dispute 13G] Walmart proposes the addition of the following language:

"An employer is insulated from liability under Title VII for a hostile environment sexual harassment claim premised on constructive knowledge of the harassment when the employer has adopted an anti-discrimination policy that is comprehensive, well-known to employees, vigorously enforced, and provides alternative avenues redress.  An employer who has a specific reporting mechanism in place is not deemed to have constructive notice until the aggrieved individual uses that reporting mechanism.  An employee must report harassment promptly, earlier instead of later, and the sooner the better.

Once an employer has knowledge of the harassing conduct, an employer need not act instantaneously but must act in a reasonably prompt manner to respond to the employee's complaint."

> Walmart proposes this additional language to explain an employer's obligation once it has "knowledge" as defined in the jury instructions.  The instructions do not explain "remedial action" or provide sufficient information from which a jury can understand the requirements under the law.  The language comes directly from 11th Circuit case law: *Baldwin v. Blue Cross/Blue Shield of Ala.,* 480 F.3d 1287, 1307 (11th Cir. 2007).  *Farley v. American Cast Iron Pipe Co.*, 115 F.3d 1548, 1554 (11th Cir.1997); *Madray v. Publix Supermarkets*, 208 F.3d 1290 (11th Cir. 2000); *Banks v. City of Atlanta*, 2022 WL 4587869 (11th Cir. Sept. 30,  2022); *Frederick v. Sprint/United Mgmt. Co.*, 246 F.3d 1305, 1314 (11th Cir. 2001).  The EEOC

45

argues that this language is not applicable because some of the cited cases involved supervisor harassment and therefore the language must refer to the *Faragher* affirmative defense.  Despite the assertions by the EEOC, this language is not relevant to the *Faragher* affirmative defense as employer knowledge is presumed under *Faragher* since the bad actor is a supervisor.  To the extent the cited cases dealt with supervisor harassment, such as *Farley*, they predate *Faragher* and thus the standard for supervisor harassment at that time was the same as for co-worker harassment, i.e., the constructive and actual knowledge standard.  Accordingly, it is appropriate to use the above cited language taken directly from Eleventh Circuit cases squarely on point.

- [Area of Dispute 13H] same as [Area of Dispute 13A].

- [Area of Dispute 13I] same as [Area of Dispute 13 A].

- [Area of dispute 13J] Walmart submits that the pattern language should be included: "You will only reach the issue of punitive damages if you find for [name of plaintiff] and award [him] [her] compensatory damages." To be entitled to punitive damages, the EEOC must first be awarded compensatory damages, which in this case can only consist of damages for emotional pain.  The EEOC misunderstands the Eleventh Circuit's use of the phrase "compensatory damages" to only refer to damages for emotional distress. However, as used in the Eleventh Circuit pattern jury instructions, the phrase "compensatory damages" refers to both back pay and emotional distress damages.  This is evidenced by the repeated use of "compensatory damages" to refer to both of these categories of damages. The pattern instructions state that if you determine the plaintiff has proven her case, "you must decide the issue of [his/her] compensatory damages.  When considering the issue of [name of plaintiff]'s compensatory damages, you should determine what amount, if any, has been proven.."  The instruction goes on to state that the type of damages available to the plaintiff are damages for back pay and emotional pain.  As this language makes clear, when the pattern instructions refer to compensatory damages, it means both back pay and emotional pain damages.

The EEOC's argument to exclude this portion of the pattern instructions is misplaced.  The EEOC argues that a plaintiff does not have to be awarded compensatory damages to be entitled to punitive damages.  The only Eleventh Circuit case cited by the EEOC is not applicable because in *W & O*, the Court was referring to damages for emotional distress not "compensatory damages"

46

as used in the pattern jury instructions.  In *W&O,* the EEOC was able to obtain damages for back pay, so there was an avenue of "compensatory damages" as used by the Eleventh Circuit in the pattern jury instruction.  Accordingly, since the EEOC was able to seek back pay in the *W&O* case, it does not contradict the pattern jury instruction language requested by Walmart and does not support the EEOC's request to remove the pattern language.

- [Area of dispute 13K] Walmart submit that the pattern language should be augmented here with the following language derived from the annotations to the Pattern:

"In deciding whether the employee acts in a managerial capacity, there are several factors you should consider:  the type of authority that the employer had given the employee, the amount of discretion that the employee has in what is done and how it is accomplished.  The act must have been done by or approved by 'higher management.'  What constitutes higher management depends on the size of the company and the number of layers between the employee and higher management of the company."

This language, taken directly from the annotations to Eleventh Circuit Pattern Jury Instruction 4.5, is necessary to explain punitive damages, especially given the size of Walmart.  In fact, the annotations specifically mention Walmart, and that what constitutes higher management at Walmart is different than what constitute higher management at a smaller company.  Given the importance of the distinction between a mere manager and higher management in assessing punitive damages, and the Eleventh Circuit's acknowledgement of the significance of this distinction at Walmart in particular, the additional language is necessary to avoid unfair prejudice to Walmart.

The EEOC's argument contained above actually supports this position. The EEOC claims that this explanatory language is not necessary because it "seeks to open an avenue for Defendants to continue to undermine the Court's finding as a matter of law regarding the authority of Saunders' direct supervisor, Ricky Harrison, to receive her complaint." Ricky Harrison, a meat department supervisor who did not have the power to even hire or hire anyone, does not

47

meet the standard for a managerial employee necessary to establish a right to punitive damages.  Given that the EEOC clearly thinks Mr. Harrison could be an employee acting in a managerial capacity for purposes of punitive damages and intends to make that argument to the jury, it is necessary for the jury to be further instructed on this issue.  The jury may very well incorrectly believe that anyone with supervisor or manager in their title is able to act in a managerial capacity for purposes of punitive damages when that clearly is not the case. Accordingly, the additional language proposed by Walmart is necessary to fully instruct the jury and avoid prejudicing Walmart.

- [Area of dispute 13L] and [Area of dispute 13M] Walmart asks this Court to include all six factors from the pattern jury instructions and leave the conjunction between factors 5 and 6. The final factor the EEOC wishes to remove is relevant.  If the alleged harasser was involved in the decision making process as to how to redress the complaint, that would be relevant to the issue of punitive damages.

48

## PROPOSED TRIAL INSTRUCTION NO. 14
### Nominal Damages

If you return a verdict for the EEOC because you find that it has proved all elements of its claim as explained, but you also find that it has failed to prove compensatory damages for Joelle Saunders, then you may return a verdict for some nominal sum such as $1.00. A person whose federal rights were violated is entitled to a recognition of that violation, even if she suffered no actual injury. Nominal damages are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred. However, if you find actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

SOURCES: *Carey v. Piphus*, 435 U.S. 247, 266 (1978); *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982) (acknowledging that sexual harassment plaintiff may recover nominal damages in a Title VII case).

GIVEN  ____

REJECTED ____

MODIFIED ____

DIFFERENCES BETWEEN PARTIES:

Plaintiff submits the instruction on nominal damages above is appropriate. As argued with legal support in opposition to the Defendants' Motion in Limine, EEOC is a law enforcement agency seeking to enforce federal law and ensure future compliance. Nominal damages are an important and appropriate tool in this type of case; indeed, prior to the Civil Rights Act of 1991 and the changes that brought to the damages available, these cases routinely included nominal damages issues.

Nominal damages allow the jury to find Defendants violated the law and award punitive damages and allow the Court to fashion corrective injunctive relief like training improvements or policy changes.

Walmart objects to the EEOC's proposed jury instruction and interrogatory on the verdict form regarding nominal damages.  The language does not appear in the Eleventh Circuit Pattern Jury Instructions, including the annotations.  The cases cited by the EEOC are from 1978 and 1982, prior to the 1991 Amendments to Title VII, which changed the damages available to a prevailing plaintiff under Title VII.  Prior to 1991, compensatory damages were not available under Title VII and therefore nominal damages were considered.  Since the 1991 amendment to Title VII, there is not a need to provide nominal damages in a Title VII claim.

Even if nominal damages are available to a Title VII plaintiff in a Title VII case, those damages are only available where no other damages are available to the plaintiff.  Another Court in this district recently allowed a plaintiff to seek nominal damages in a retaliation case where the employee could not show that relational was the "but for" cause of the termination but only that the termination was "tainted by" retaliation. Under those circumstances, the plaintiff was not legally entitled to compensatory damages or back pay, and thus nominal damages were available as the only option.  *See Lewis v. Kendall*, 2022 WL 19408074, at * 6-7 (N.D. Fla. Dec. 12, 2022).  In this case, the EEOC is seeking compensatory damages for pain and suffering and therefore nominal damages are not appropriate.  *See also Rodriguez v. Miami-Dade Cnty*., 339 F. Supp. 3d 1279, 1286 (M.D. Fla. 2018)("A plaintiff is entitled to nominal damages for constitutional violations even without showing actual injury. *Carey v. Piphus*, 435 U.S. 247, 266–67 (1978).  Nominal damages are not required, however, in cases that involve statutory violations, like Title VII. *Walker v. Anderson Elec. Connectors*, 944 F.2d 841, 845 (11th Cir. 1991)" ).

Furthermore, nominal damages should not be included in this case because the EEOC's only claim is for harassment and damages are an actual element of the claim. Specifically, in the Eleventh Circuit Pattern Jury Instructions, the fifth element of the cause of action is that the plaintiff "suffered damages because of the hostile work environment."  Allowing an instruction on nominal damages is contrary to this pattern instruction and implies that the EEOC can prevail even if it does not satisfy the fifth element of the cause of action.  In other words, the EEOC cannot

50

prevail if it cannot prove that Ms. Saunders suffered damages as a result of the harassment.  The instruction set forth by the EEOC directly contradicts that by explicitly saying that the jury can find in favor of the EEOC even if Ms. Saunders did not suffer an injury.  According, Walmart asks the Court to reject the language proposed by the EEOC.

## PROPOSED TRIAL INSTRUCTION NO. 15
### Duty to Deliberate

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that the Plaintiff should, or should not, prevail in this case.

Your verdict must be unanimous – in other words, you must all agree. Your deliberations are secret, and you'll never have to explain your verdict to anyone.

Each of you must decide the case for yourself, but only after fully considering the evidence with the other jurors. So you must discuss the case with one another and try to reach an agreement. While you're discussing the case, don't hesitate to reexamine your own opinion and change your mind if you become convinced that you were wrong. But don't give up your honest beliefs just because others think differently or because you simply want to get the case over with.

Remember that, in a very real way, you're judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.8.1 Duty to Deliberate When Only the Plaintiff Claims Damages.

GIVEN  ____

REJECTED ____

MODIFIED ____

DIFFERENCES BETWEEN PARTIES: None.

## PROPOSED TRIAL INSTRUCTION NO. 16
### Election of a Foreperson and Explanation of the Verdict Form

When you get to the jury room, choose one of your members to act as foreperson. The foreperson will direct your deliberations and speak for you in court.

A verdict form has been prepared for your convenience.

[Explain verdict form]

Take the verdict form with you to the jury room. When you've all agreed on the verdict, your foreperson must fill in the form, sign it and date it. Then you'll return it to the courtroom.

If you wish to communicate with me at any time, please write down your message or question and give it to the court security officer. The court security officer will bring it to me and I'll respond as promptly as possible – either in writing or by talking to you in the courtroom. Please understand that I may have to talk to the lawyers and the parties before I respond to your question or message, so you should be patient as you await my response. But I caution you not to tell me how many jurors have voted one way or the other at that time. That type of information should remain in the jury room and not be shared with anyone, including me, in your note or question.

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Basic Instructions, 3.9 Election of Foreperson Explanation of Verdict Form.

GIVEN _____

REJECTED _____

MODIFIED _____

DIFFERENCES BETWEEN PARTIES: None.

**PROPOSED VERDICT FORM**

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION NO.:** |
| **v.** | ) | **3:21-CV-1051-TKW-HTC** |
| | ) | |
| **WALMART INC. and** | ) | |
| **WAL-MART STORES EAST, LP** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>VERDICT FORM</u>

**Do you find from a preponderance of the evidence:**

1. That James Pollock harassed Joelle Saunders because of her sex?

$$\text{Answer Yes or No} \quad \underline{\hspace{2cm}}$$

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

2. That the harassment created a hostile work environment for Joelle Saunders?

$$\text{Answer Yes or No} \quad \underline{\hspace{2cm}}$$

1

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

3. That [Area of dispute V1] knew, or in the exercise of reasonable care should have known, about the hostile work environment?

                  Answer Yes or No       _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

4. That Walmart [Area of dispute V2] prompt remedial action to eliminate the hostile work environment?

                  Answer Yes or No       _____

If your answer is [Area of dispute V3], this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "No," go to the next question.

5. That Joelle Saunders suffered damages because of the hostile work environment?

                  Answer Yes or No       _____

If your answer is "No," this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is "Yes," go to the next question.

6.  That Joelle Saunders should be awarded damages to compensate for emotional pain and mental anguish?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____

7. [Area of dispute V4].

8. That punitive damages should be assessed against Walmart?

Answer Yes or No          _____

If your answer is "Yes,"
in what amount?          $_____

SO SAY WE ALL.

_____
Foreperson's Signature

DATE: _____

**SOURCE:**

Eleventh Circuit Pattern Jury Instructions, Civil Cases (2022 Revision) Special Interrogatories to the Jury Adverse Employment Action Claims Instructions 4.7 Title VII – Civil Rights Act – Workplace Harassment by Co-Worker or Third Party – No Tangible Employment Action Taken modified to clarify that nominal damages may

3

be awarded for Civil Rights violations and that a nominal damage award may support an award of punitive damages. *See Carey v. Piphus*, 435 U.S. 247, 266 (1978); *Henson v. City of Dundee*, 682 F.2d 897, 905 (11th Cir. 1982) (acknowledging that sexual harassment plaintiff may recover nominal damages in a Title VII case).

GIVEN _____

REJECTED _____

MODIFIED _____

DIFFERENCES BETWEEN PARTIES:

**Plaintiff's Positions:**

[Area of dispute V1]
For consistency with the law of the case and the case law on point and the nature of this enforcement action, Plaintiff submits that the following language belongs at this spot:

Joelle Saunders' supervisor or another person with the authority to receive, address, or report a complaint of harassment"

Plaintiff submits that an employer may be held liable under Title VII for the harassing conduct of its non-supervisory employees, customers, or other third parties "if the employer fails to take immediate and appropriate corrective action in response to a hostile work environment of which the employer knew or reasonably should have known." *Beckford v. Dep't of Corr.*, 605 F.3d 951, 957-58 (11th Cir. 2010) (finding that prison could be held liable for harassing conduct of inmates).

[Area of dispute V2] & [Area of dispute V3]
Plaintiff requests that the Court include the Special Interrogatory number 4 for this type of claim exactly as it is in the pattern as it is a correct statement of law.

"That Walmart took prompt remedial action to eliminate the hostile work

environment?

    Answer Yes or No     _____

If your answer is 'Yes,' this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If your answer is 'No,' go to the next question."

**[Area of dispute V4]**
Plaintiff submits that the verdict form should pose the special interrogatory about nominal damages and allow for punitive damages to be appended to either an award of compensatory or nominal damages. Plaintiff submits that a special interrogatory is warranted on nominal damages. Plaintiff proposes the following:

"If you find that Joelle Saunders' damages for emotional pain and mental anguish do not have a monetary value, write in the nominal amount you find appropriate here: $_____.

You may not award a dollar amount in response to *both* Question No. 6 and Question No. 7.

If you did not award either compensatory damages in response to Question No. 6 *or* nominal damages in response to Question No. 7, this ends your deliberations, and your foreperson should sign and date the last page of this verdict form. If you awarded damages in response to Question Nos. 6 or 7, go to the next question."

**Defendants' Positions:**

5

- [Area of dispute V1] Walmart proposes using "Walmart" as the noun in this sentence.  Alternatively, Walmart proposes using the phrase "a person with the authority to receive, address, or report a complaint of harassment."  As previously discussed, the Eleventh Circuit pattern jury instructions do not anticipate using both of these phrases, but rather picking the one that most appropriately applies to the case.  In this case, using both of these phrases is confusing.

- [Area of dispute V2] & [Area of dispute V3]  Walmart proposes the following:

  "That Walmart failed to take prompt remedial action to eliminate the hostile

work environment?

  Answer Yes or No            _____


  If your answer is [disputed area] "No" this ends your deliberations, and your

foreperson should sign and date the last page of this verdict form. If your answer is

"Yes," go to the next question."

  The jury question, as proposed by the EEOC, places the burden on Walmart to prove that it took prompt remedial action.  However, the burden is not on Walmart in this case.  In a case of co-worker harassment, as we have here, the burden is on the EEOC to prove that Walmart failed to take prompt remedial action.  Placing the burden on Walmart is inconsistent with the law and unfairly prejudicial to Walmart.

- [Areas of dispute V4]
  As explained above, Walmart opposes the inclusion of nominal damages. This language is not included in either the pattern jury instructions or the pattern interrogatory to the jury.