UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION,**

      Plaintiff,                            CASE NO. 3:21-CV-1051-TKW-HTC

v.

**WALMART, INC. and**
**WAL-MART STORES EAST, L.P.,**

      Defendants.

_____/

### DEFENDANTS' MOTION FOR SANCTIONS DUE TO THE EEOC'S FAILURE TO TIMELY PRODUCE DOCUMENTS

Defendants Walmart, Inc. and Wal-Mart Stores East, L.P. (hereinafter "Walmart"), by and through their undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37(c)(1), hereby move this Court for the entry of sanctions against Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), for its failure to timely produce documents.

    **I.**      **INTRODUCTION**

The EEOC brought this lawsuit claiming that Ms. Saunders, a former Walmart employee, was sexually harassed by her then co-worker, Mr. James Pollock. The EEOC further alleged that Ms. Saunders complained about the alleged harassment

to her immediate supervisor, Ricky Harrison[1]. Walmart denies these allegations.

During discovery of this case, the EEOC was asked to produce any emails, text messages or social media messages by or between Ms. Saunders and anyone else regarding the issues in this case. The EEOC did not produce any documents, claiming it did not have any such documents. At her deposition, Ms. Saunders testified that she had communicated with Destiny Riveras and Mr. Harrison via Facebook and turned over those documents to the EEOC. Following Ms. Saunders' deposition, the EEOC attorney stated that she had produced all responsive documents, but that she would check and produce any documents Ms. Saunders had testified about. The EEOC did not produce any documents before the close of discovery. Then, more than seven months after the close of discovery and within one month of trial, the EEOC produced 70 pages of social media messages to and from Ms. Saunders and Mr. Harrison, and Ms. Saunders and Destiny Riveras. The EEOC has offered no explanation or excuse for its failure produce these documents during discovery. The EEOC substantially prejudiced Walmart by failing to timely produce the documents. Walmart was deprived of the opportunity to question Ms. Saunders about the statements she made in the messages to Mr. Harrison, some of which contradict her deposition testimony about central issues in this case.

The EEOC's failure to produce these documents in a timely manner is without

---

[1] Mr. Harrison passed away in November 2021.

justification and substantially prejudices Walmart, and thus sanctions are warranted under Federal Rule of Civil Procedure 37(c)(1).

## II. WALMART'S DISCOVERY REQUESTS AND THE EEOC'S RESPONSES.

On July 11, 2022, Walmart served upon the EEOC its First Request for Production to Plaintiff via electronic mail. The EEOC provided initial responses on August 6, 2022, first supplemental responses on January 13, 2023 and second supplemental responses on January 17, 2023. In its discovery, Walmart specifically asked for all communications between Ms. Saunders and anyone employed by Walmart regarding improper conduct. Walmart also requested all emails, texts and social media by and between Ms. Saunders and Ms. Riveras or anyone else concerning the allegations in the Complaint. The EEOC did not provide any valid objections to the requests and indicated that it would produce documents if it obtained any. Specifically, the requests and responses are as follows:

**REQUEST NO. 23:** Please produce any and all documents evidencing conversations that each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class had with anyone employed by Defendants regarding any conduct by Defendants towards them that they or the Commission contend was improper.

**RESPONSE:** *EEOC objects to Request No. 23 because it is overbroad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence regarding "any conduct by Defendant towards [Saunders and the Class] that is improper" is unduly burdensome and would require the EEOC to reveal the mental impressions and legal theories of counsel. Plaintiff further objects to Request No. 23 to the extent it seeks*

3

*the disclosure of information subject to the deliberative process privilege or any other applicable common law or statutory privilege or protection. Subject to, and without waiving these objections, the EEOC directs Defendant to Plaintiff's Complaint, Plaintiff's Initial Disclosures, documents Bates Numbered EEOC-000001-000235, and documents produced in response to these requests. Plaintiff will timely supplement this response pursuant to its obligations under Rule 26(e)(1) of the Federal Rules of Civil Procedure.*

**REQUEST NO. 25:** Please produce any and all entries or comments each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class made in any journal or diary or on any form of social media and/or other digital communications, including, but not limited to Facebook, Twitter, Google+, LinkedIn, Tumblr, Instagram, blog entries and digital or web forums concerning the allegations in the Complaint, and/or the alleged damages that the Commission is seeking on their behalf.

**_RESPONSE:_** *EEOC objects to the request as vague and overly broad. Subject to and without waiving the foregoing objections, the EEOC directs Defendant to the documents produced in response to these requests. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed.R.Civ.P. 26(e).*

**REQUEST NO. 26:** Please produce any and all non-privileged text messages, e-mails, social media messages, memoranda, correspondence or other documents between each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class and any third party concerning the allegations in the Complaint, and/or the alleged damages that the Commission is seeking on their behalf.

**_RESPONSE:_** *EEOC objects to the request as vague and overly broad. Subject to and without waiting the foregoing objections, the EEOC does not have any non-privileged documents responsive to this request. Plaintiff will update its response should it receive responsive documents from claimants in accordance with Rule 26€ of the Federal Rules.*

*See* Exhibit A, Plaintiff Equal Employment Opportunity Commissions' Objections and Responses to Defendants First Set of Request for Production dated August 10, 2022.

As these responses make clear, the EEOC did not raise any objection to the requested texts, emails, or social media posts. In fact, the EEOC stated that it currently did not have any documents but would produce any such documents to supplement its discovery responses. At no point did the EEOC ever supplement these specific responses or provide any responsive documents.

During the deposition of Ms. Saunders on February 6, 2023, Ms. Saunders was specifically asked whether or not she had any documents regarding communications with Ricky Harrison, her former supervisor, or any of the other claimants, including Destiny Riveras. Ms. Saunders responded that she communicated with Destiny Riveras through Facebook. She clarified that they would comment on each other's Facebook posts and she sent one direct message through Messenger wishing Destiny a Happy New Year. (DE 84-2, Saunders Deposition 228:3-25). Regarding Mr. Harrison, Ms. Saunders stated that she never texted Mr. Harrison but did communicate with him through Facebook. Ms. Saunders further testified that she had reviewed her Facebook account and found some messages with Ricky Harrison relating to her employment at Walmart. Ms. Saunders testified that she had turned these documents over. (DE 84-2, Saunders Deposition 229:13-230:9). However, the EEOC had never produced any such documents.

After Ms. Saunders' deposition was over, the EEOC attorney advised that the

EEOC had produced all documents but that she would check and produce any messages as testified to by Ms. Saunders, if any existed. Notwithstanding this assurance, the EEOC never produced any such documents, leaving Walmart to believe that no such documents existed.

After Ms. Saunders' deposition and through the end of discovery, the EEOC never supplemented its discovery responses or initial disclosures to provide these documents. It was not until right before trial, more than seven months after the close of discovery, that the EEOC produced these documents. The EEOC provided no explanation or justification for its failure to timely produce the documents in response to the discovery requests.

### III. EEOC'S UNTIMELY PRODUCTION

On September 26, 2023 and October 6, 2023, the EEOC sent 70 pages of documents to Walmart, consisting of previously requested social media messages to and from Ms. Saunders regarding the allegations in this case. Specifically, the documents produced included a number of messages that appear to be through FaceBook Messenger between Ms. Saunders and Mr. Harrison. These messages are dated October 1, 2018 through September 24, 2021. The documents also included several Facebook Messenger messages between Ms. Saunders and Destiny Riveras dated April 5, 2023 to April 30, 2023. The EEOC included these untimely produced messages between Ms. Saunders and Mr. Harrison on its exhibit list filed with the

Pretrial Statement on October 13, 2023.

## IV. LEGAL ARGUMENT

The EEOC should be sanctioned under Federal Rule of Civil Procedure 37 for its failure to timely produce these messages. Rule 37 provides that if a party fails to provide information required by Rule 26 (initial disclosures) or Rule 34 (production of documents), "the party is not allowed to use that information … at trial, unless the failure was substantially justified or is harmless." In addition, the Court may impose any other appropriate sanctions. A failure to disclose is "substantially justified" if it is a response to a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993), *citing Pierce v. Underwood*, 487 U.S. 552, 565 (1988). A failure to disclose is harmless "when there is no prejudice to the party entitled to receive the disclosure." *Hewitt v. Liberty Mut. Group, Inc.*, 268 F.R.D. 681, 683 (M.D. Fla. 2010). "When determining whether a failure was substantially justified or harmless, reviewing courts consider the non-disclosing party's explanation for the failure, the importance of the information, and whether the opposing party is prejudiced by the discovery violation." *Beasley v. Bank,* 2021 WL 9204484, at *4 (M.D. Fla. Dec. 23, 2021), *citing Lips v. City of Hollywood*, 350 F. App'x. 328, 340 (11th Cir. 2009)). The burden to prove the failure to produce was substantially justified or harmless rests with the party who failed to timely disclose

the information.  *Hewitt*, 268 F.R.D. at 683.

The EEOC's actions were not substantially justified or harmless.  The EEOC did not raise any genuine objections to the discovery responses, and cannot present any argument that it was reasonable to withhold these documents until after the close of discovery and a few weeks before trial.  The EEOC has not explained why the documents were produced so late.  Ms. Saunders testified that she had gathered the documents regarding her conversation with Mr. Harrison and sent those to the EEOC prior to her February 2023 deposition.  However, the documents were not produced until approximately eight months later, despite the EEOC's representation that any documents had or would be produced.

To the extent the EEOC argues that it did not receive the documents from Ms. Saunders until very recently, this is not sufficient.  First, Ms. Saunders testified at her deposition that she had produced documents to the EEOC prior to February 2023.  Second, even if Ms. Saunders was mistaken and the documents were not sent to the EEOC until recently, the party responding to discovery has an obligation to take reasonable efforts to gather documents in its possession, custody or control.  The EEOC was obligated to specifically ask Ms. Saunders for any documents, including texts and messages, and take reasonable steps to make certain the documents were gathered and produced.  The EEOC clearly failed to meet its discovery obligation and cannot establish that its failure to produce the documents was substantially

justified.

Similarly, the EEOC cannot prove that its failure to timely produce the documents was harmless. Walmart is prejudiced by the EEOC's failure to timely produce the documents because Walmart has not had an opportunity to question Ms. Saunders about the statements she made in the messages to Mr. Harrison, some of which contradict her deposition testimony. This is especially important given the content of the messages, and the information regarding the alleged harassment suffered by Ms. Saunders, her reporting of the alleged harassment, and the actions taken by Walmart as part of its investigation. These are central issues in this case, and the messages speak directly to these critical issues. The harm caused by the EEOC's failure to produce the messages during discovery cannot be cured because Walmart should have had these documents prior to Ms. Saunders' deposition, which would have changed Walmart's strategy for the questioning at the deposition and allowed Walmart to ask important questions about some of these issues. Even if Walmart were granted leave to take Ms. Saunders' deposition to inquire into the content of these messages, it does not cure the harm suffered by Walmart as a result of the late disclosure by the EEOC.

Further, Walmart has no way of knowing whether these are all of the messages Ms. Saunders exchanged with Mr. Harrison about this case or whether she exchanged messages with other individuals about the allegations in this case but just

failed to produce them. It is not clear how Ms. Saunders collected these documents, but it is unlikely that she did a sufficient electronic discovery search of either her social media or her cell phone to make certain she has now gathered all responsive documents. It is reasonable to question how thorough and forthcoming Ms. Saunders and the EEOC have been in this matter.

Given the EEOC's failure to timely produce these documents without justification and to the detriment of Walmart, sanctions are appropriate. Rule 37 requires that the EEOC not be permitted to use these documents or any of the information in these documents at trial. Rule 37 also provides that additional sanctions may be appropriate. In this case, additional sanctions are appropriate, including:

1. Allowing Walmart to inspect Ms. Saunders' cellphone and FaceBook Messenger application to see if there are any additional relevant texts or messages, and to ascertain if any information has been deleted.

2. Allowing Walmart to redepose Ms. Saunders on the relevant information contained in these messages. Even though Ms. Saunders is not allowed to use the messages or the information contained in the messages, Walmart should be permitted to follow-up on this information. While this will not negate the harm to Walmart caused by the EEOC's actions, it is necessary to at least try to mitigate the prejudice to Walmart.

3. Extending the trial date to allow Walmart to conduct the aforementioned discovery. With the trial a mere two weeks away, there is not sufficient time for Walmart to conduct a cell phone and social media review, and then take Ms. Saunders' deposition. Walmart should not have to decide which is more important – using the time for valuable trial preparation or using the time to take valuable discovery that it was unfairly denied due to the EEOC's violation of its discovery obligations. If Walmart is forced to use its time during this critical window a mere two weeks before trial on these discovery issues, then the EEOC will further benefit from its dilatory tactics and Walmart will suffer additional prejudice.

4. Awarding Walmart its fees and costs incurred in preparing this Motion and retaking Ms. Saunders' deposition.

## V. CONCLUSION

Based on the foregoing, Walmart respectfully requests that this Court enter sanctions against the EEOC to include barring the EEOC from using the messages and their content from the trial in this case, allowing Walmart to conduct a search on Ms. Saunders' cell phone and social media, allowing Walmart to conduct additional discovery on the newly produced documents, extending the trial date, and awarding Walmart its attorney's fees.

## CERTIFICATE OF ATTORNEY CONFERENCE

Pursuant to Local Rule 7.1(B), the undersigned certifies that she discussed the

relief sought in this motion with attorneys for Plaintiff. The EEOC has represented that it will strike the documents from its exhibit list, however, the EEOC does not agree to the imposition of sanctions.

Respectfully submitted this 19th day of October, 2023.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq.
Fla. Bar No. 118801
alyons@constangy.com
Secondary Email: tampa@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Tampa, Florida 33602
(813) 223-7166 / Fax: (813) 223-2515

F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL 32202-4317
Telephone: (904) 356-8900
Facsimile: (904) 356-8200
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 19th day of October, 2023, I electronically filed with the Clerk of Court a copy of the foregoing document via the CM/ECF system, which will automatically serve a copy upon counsel for Plaintiff.

/s/Angelique Groza Lyons
Attorney

## CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)

The undersigned counsel certifies that the word-processing software counts 2801 words in this filing, including headings, footnotes, and quotations.

/s/Angelique Groza Lyons
Attorney