IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) Plaintiff, ) ) v. ) ) WALMART INC. d/b/a ) WAL-MART STORES EAST, L.P. ) ) Defendant. ) | Civil Action No. 3:21-CV-1051-TKW-HTC |

**PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S OBJECTIONS AND RESPONSES TO DEFENDANT'S FIRST SET OF REQUESTS FOR PRODUCTION**

**TO:** Walmart, Inc. Defendant, and
**Elizabeth Joiner, Esq.**
**Damon Kitchen, Esq.**
Constangy Brooks, Smith & Prophete LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL 32202-4317
ejoiner@constangy.com
dkitchen@constangy.com

Attorneys for Defendant

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, Plaintiff Equal Employment Opportunity Commission ("EEOC" or "Commission") hereby submits its answers and objections to Defendant Walmart Inc. d/b/a Wal-Mart Stores East, L.P. ("Walmart" or "Defendant") First Set of Requests for Production of Documents.

Exhibit "A"

## ANSWERS AND OBJECTIONS

**REQUEST NO. 1:** Please produce any and all documents that each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class either received from Defendants or provided to Defendants regarding their employment with Defendants.

**RESPONSE:** The EEOC objects to this request to the extent it seeks information protected from disclosure by the attorney-client privilege or the attorney work product doctrine.

Subject to and without waiving the foregoing objections, EEOC states as follows: the EEOC has produced all documents and things it received from Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class regarding their employment with Defendants. *See* documents produced in response to these requests Bates Numbered EEOC-TBD[1]. Plaintiff will update its response should it receive responsive documents from claimants in accordance with Rule 26(e) of the Federal Rules.

**REQUEST NO. 2:** Please produce all correspondence and communications between Defendants and each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class.

**RESPONSE:** Plaintiff objects to Request No. 2 because it is overbroad, seeks irrelevant documents, and is harassing and unduly burdensome. Subject to and without waiving these objections, the EEOC states that Defendant is already in possession, or already has access to documents responsive to this request. See Plaintiff's Initial Disclosures, Plaintiff's First Supplemental Initial Disclosures, Defendant's Initial Disclosures, any and all documents filed in relation to this litigation, and any and all documents in Defendant's possession, any or all of which may include documents responsive to this request. Plaintiff will timely supplement this response

---

[1] The Commission's Litigation Support unit was unavailable to produce the responsive documents on August 10, 2022. The Commission has provided courtesy copies of the responsive documents without their respective Bates Numbers and its Litigation Support team will re-produce the responsive documents with the appropriate Bates Numbers within the next week.

pursuant to its obligations under Rule 26 (e)(1) of the Federal Rules of Civil Procedure.

**REQUEST NO. 3:** Please produce all correspondence and communications between Defendants and the Commission regarding the allegations contained in the Complaint.

**RESPONSE:** Plaintiff objects to Request No. 3 because it is overbroad, seeks irrelevant documents, and is harassing and unduly burdensome. EEOC also objects to the extent this request seeks documents protected by the statutory conciliation privilege. Plaintiff objects to Request No. 3 because it is overbroad, seeks irrelevant documents, and is harassing and unduly burdensome. EEOC also objects to the extent this Subject to and without waiving these objections, the EEOC states that Defendant is already in possession, or already has access to documents responsive to this request. *See* Plaintiff's Initial Disclosures, Plaintiff's First Supplemental Initial Disclosures, Defendant's Initial Disclosures, any and all documents filed in relation to this litigation, and any and all documents in Defendant's possession, any or all of which may include documents responsive to this request. Plaintiff will timely supplement this response pursuant to its obligations under Rule 26 (e)(1) of the Federal Rules of Civil Procedure.

**REQUEST NO. 4:** Please produce any and all documents which evidence or relate to the job duties of each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class while employed by Defendants.

**RESPONSE:** Plaintiff objects to this request on the grounds that it is duplicative, vague, unduly burdensome, overbroad, harassing, an unwarranted invasion of the privacy of Charging Parties and Class Members, irrelevant and, if relevant, not reasonably calculated to lead to the discovery of admissible evidence. The EEOC further objects to this request to the extent that it seeks disclosure of attorney work product or violates deliberative process privilege. Subject to and without waiving these objections, the EEOC states that Defendant is already in possession, or already has access to documents responsive to this request. See also Plaintiff's Initial Disclosures, Plaintiff's First

Supplemental Initial Disclosures, Defendant's Initial Disclosures, any and all documents filed in relation to this litigation, and any and all documents in Defendant's possession, any or all of which may include documents responsive to this request. Plaintiff will timely supplement this response pursuant to its obligations under Rule 26 (e)(1) of the Federal Rules of Civil Procedure.

**REQUEST NO. 5:** Please produce any and all documents that reflect, refer or relate to the terms and conditions of the employment of each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class while employed by Defendants.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes reflect, refer or relate to the overly broad and vague "terms and conditions of employment" is unduly burdensome and would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 6:** Please produce any and all documents that reflect, refer or relate to any policies, guidelines or rules that were applicable to each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class in connection with their employment with Defendants.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes reflect, refer or relate to the overly broad and vague "policies, guidelines, or rules" is

unduly burdensome and would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 7:** Please produce any and all documents concerning each allegation of sex discrimination of each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes supports, refutes or relates to allegations of sex discrimination would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 8:** Please produce any and all documents concerning each allegation of retaliation of each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC

believes relates to allegations of retaliation would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 9:** Please produce any and all documents concerning the allegations that James Pollock or any other employees of Store #1134 made lewd comments to each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class and subjected each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class to unwanted sexual touching or any other lewd behavior.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes relates to allegations of lewd comments, unwanted sexual touching or any other lewd behavior would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 10:** Please produce any and all documents concerning the allegation that each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class complained to Rickey Harrison about any lewd comments, unwanted sexual touching, or any other lewd behavior.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC

objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes relates to the complaints about James Pollock's sexually harassing conduct made to Ricky Harrison would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 11:** Please produce any and all documents concerning the allegation that Ricky Harrison did not report complaints by each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class regarding lewd comments, unwanted sexual touching, or any other lewd behavior to the appropriate level of management as alleged in paragraph 21 of the Complaint.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes supports the allegation that Ricky Harrison did not report complaints regarding sexually harassing conduct would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 12:** Please produce any and all documents concerning the allegation that Defendants failed to investigate or to take corrective action regarding complaints by each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class regarding lewd comments, unwanted sexual touching, or any other lewd behavior for any period of time.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes supports the allegation that Defendant failed to investigate or take corrective action regarding complaints about James Pollock's sexually harassing conduct would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections, the EEOC directs Defendant to EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 13:** Please produce any and all documents supporting, showing, or concerning any and all back pay, front pay and any other pecuniary losses Plaintiff contends is owed to each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine and statutory conciliation privilege. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 14:** Please produce any and all documents supporting, showing, or concerning any and all damages or other remedies Plaintiff is seeking in this action on behalf of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine and statutory conciliation privilege. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 15:** Please produce any and all documents supporting, showing, or concerning any and all damages or other remedies Plaintiff contends is needed to make-whole each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class for past and future pecuniary losses resulting from unlawful employment practices.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine and statutory conciliation privilege. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 16:** Please produce any and all documents supporting, showing, or concerning any and all damages or other remedies Plaintiff contends is needed to make-whole each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class for past and future nonpecuniary losses resulting from unlawful employment practices.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC

objects to this request as violative of the attorney work product doctrine and statutory conciliation privilege. Subject to and without waiving the foregoing objections, the EEOC directs Defendant to EEOC's Initial Disclosures Bates Numbered EEOC-000001-000235, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 17:** Please produce any and all documents supporting, showing, or concerning any and all damages or other remedies Plaintiff contends is needed to make-whole each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class for past and future mental, psychological, emotional distress, and anxiety resulting from the alleged unlawful employment practices.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine and statutory conciliation privilege. Subject to and without waiving the foregoing objections, EEOC directs Defendant to EEOC's Initial Disclosures documents Bates Numbered EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 18:** Please produce any and all documents concerning any loss of income, benefits, or any other financial losses incurred by each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class that you claim was caused by Defendants.

**RESPONSE:** EEOC objects to this request as overly broad because it is not limited in temporal scope. EEOC objects to this request to the extent it may encompass communications or memoranda protected by the deliberative process privilege, common interest privilege, statutory conciliation privilege, attorney- client privilege or the attorney work product doctrine. EEOC also objects to

this request as premature. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 19:** Please produce any and all documents that support your claim for damages alleged in the Complaint.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine and statutory conciliation privilege. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 20:** Please produce any and all documents that support your claim for injunctive relief alleged in the Complaint.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes supports its claim for injunctive relief would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 21:** Please produce any and all documents that support your claim for that Defendants have inadequate policies, practices and programs to provide equal employment opportunities for women as alleged in the Complaint.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes supports its claim that Defendant's policies, practices and programs inadequately provide equal employment opportunities for women would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections: See EEOC's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 22:** Please produce any and all documents that support your claim that Defendants' conduct was "malicious and reckless" as alleged in the Complaint.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence that EEOC believes establish that its violation of Title VII was malicious and reckless would require the EEOC to reveal the mental impressions and legal theories of counsel. Subject to and without waiving the foregoing objections, the EEOC directs Defendant to Plaintiff's Initial Disclosures EEOC-000001-000235 and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed.

R. Civ. P. 26(e).

**REQUEST NO. 23:** Please produce any and all documents evidencing conversations that each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class had with anyone employed by Defendants regarding any conduct by Defendants towards them that they or the Commission contend was improper.

**RESPONSE:** EEOC objects to Request No. 23 because it is overbroad, vague, and unduly burdensome. EEOC objects to this request as violative of the attorney work product doctrine. Requiring the EEOC to sort through all the documents produced in this case and highlight for Defendant evidence regarding "any conduct by Defendant towards [Saunders and the Class] that is improper" is unduly burdensome and would require the EEOC to reveal the mental impressions and legal theories of counsel. Plaintiff further objects to Request No. 23 to the extent it seeks the disclosure of information subject to the deliberative process privilege or any other applicable common law or statutory privilege or protection. Subject to, and without waiving these objections, the EEOC directs Defendant to Plaintiff's Complaint, Plaintiff's Initial Disclosures, Plaintiff's First Supplemental Initial Disclosures, Defendant's Initial Disclosures, documents Bates Numbered EEOC-000001-000235, and documents produced in response to these requests. Plaintiff will timely supplement this response pursuant to its obligations under Rule 26 (e)(1) of the Federal Rules of Civil Procedure.

**REQUEST NO. 24:** Please produce any and all documents (including but not limited to witness statements and interviews) concerning any investigation of the allegations in the Complaint.

**RESPONSE:** EEOC objects to the request as overly broad, vague, and unduly burdensome in that this request seeks all documents the EEOC has "concerning any investigation of the allegations in the Complaint." The request is unclear to which investigation it is referring: the investigation allegedly conducted by Defendant's DeFuniak Springs store management, the

investigation allegedly conducted by Defendant's Global Ethics Hotline, the investigation conducted by the EEOC into the charge of discrimination, or any other potential investigation that Defendant may have completed into any of the allegations made by Saunders and the Class. Such a request is overly broad and unduly burdensome. EEOC objects to this request to the extent it seeks documents protected from disclosure by the deliberative process privilege, the attorney work product doctrine, the common interest privilege, and the attorney client privilege. Subject to and without waiving the foregoing objections, EEOC has already produced all non-privileged, responsive documents. See EEOC's Initial Disclosures EEOC-000001-000235, and documents produced in response to these requests, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 25:** Please produce any and all entries or comments each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class made in any journal or diary or on any form of social media and/or other digital communications, including, but not limited to Facebook, Twitter, Google+, LinkedIn, Tumblr, Instagram, blog entries and digital or web forums concerning the allegations in the Complaint, and/or the alleged damages that the Commission is seeking on their behalf.

**RESPONSE:** EEOC objects to the request as vague and overly broad. Subject to and without waiving the foregoing objections, the EEOC directs Defendant to the documents produced in response to these requests. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

**REQUEST NO. 26:** Please produce any and all non-privileged text messages, e-mails, social media postings, social media messages, memoranda, correspondence or other documents between each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class and any third party concerning the allegations in the Complaint, and/or the alleged damages that the Commission is seeking on their behalf.

**RESPONSE:** EEOC objects to the request as vague and overly broad. Subject to and without

waiving the foregoing objections, the EEOC does not have any non-privileged documents responsive to this request. Plaintiff will update its response should it receive responsive documents from claimants in accordance with Rule 26(e) of the Federal Rules.

**REQUEST NO. 27:** Please produce any and all documents concerning any administrative proceedings instituted by each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class based on any allegation in the Complaint, including without limitation, any investigative reports prepared by anyone employed by the Commission.

**RESPONSE:** EEOC objects to this request as vague and overly broad in that it seeks any and all documents concerning "any administrative proceedings." EEOC objects to this request to the extent it seeks "any investigative reports prepared by anyone employed by the Commission." Communications within the EEOC concerning Saunders' allegations are protected from disclosure by the deliberative process privilege and/or the attorney-client privilege and/or the attorney work-product doctrine. The EEOC will not produce any communications, including investigative reports, within the EEOC concerning the Saunders charge. Subject to and without waiving the foregoing objections: EEOC has produced all non- privileged documents and records regarding the Saunders Charge. *See* EEOC's Initial Disclosures Bates Numbered EEOC-000001-000235.

**REQUEST NO. 28:** Please produce any and all documents that concern, describe or otherwise contain any information regarding the efforts each of Joelle Saunders, Destiny Riveras, Carolina Villalobos, and any other members of the Purported Class have made to find work with another employer, including but not limited to, job postings, employment applications, resumes, correspondence, notes, memoranda, offer letters, e-mails and other documents to or from any prospective employers from which employment was sought regarding interviews, tests, offers of employment, and rejections of applications of employment.

**RESPONSE:** EEOC objects to this request as overly broad, not limited in temporal scope, vague, and irrelevant as it pertains to class members who are not seeking backpay. Subject to and without waiving the foregoing objections, EEOC has no non-privileged documents responsive to this request. EEOC will update its response should it receive responsive documents from claimants in

accordance with Rule 26(e) of the Federal Rules.

**REQUEST NO. 29:** If any of Joelle Saunders, Destiny Riveras, Carolina Villalobos, or any other members of the Purported Class are currently or have been employed at any time since their separation from Walmart, please produce any and all documents concerning any wages and benefits they have received, including but not limited to paystubs, copies of paychecks, IRS Form W-2s, tax returns, and any other documents evidencing income earned by each of them since the date of their separation of employment from Walmart to date.

**RESPONSE:** EEOC objects to this request as overly broad, and irrelevant as it pertains to class members who are not seeking backpay. Subject to and without waiving these objections, see documents produced in response to these requests. Plaintiff will timely supplement this response pursuant to its obligations under Rule 26 (e)(1) of the Federal Rules of Civil Procedure.

**REQUEST NO. 30:** Please produce any and all documents identified in Plaintiff's Rule 26(a)(1) initial disclosures.

**RESPONSE:** EEOC has produced all responsive, non-privileged documents and things identified in its Initial Disclosures.

**REQUEST NO. 31:** Please produce any and all documents concerning any release, settlement agreement or other writing or instrument which limits, reduces or extinguishes the actual and/or potential liability of any party to this matter.

**RESPONSE:** EEOC has no non-privileged documents responsive to this request. EEOC will update its response should it receive responsive documents from claimants in accordance with Rule 26(e) of the Federal Rules.

**REQUEST NO. 32:** All expert witness reports and supporting documents reviewed by and/or relied upon by any expert witnesses, including without limitation, any treating medical professionals, identified in response to Interrogatory No. 20.

**RESPONSE:** EEOC objects to this request as premature in that expert discovery in this case has not yet begun. EEOC objects to this request to the extent it asks the EEOC to produce documents not

subject to disclosure under Rule 26(b) as not all documents and things provided by the EEOC to its testifying experts are subject to disclosure under Rule 26(b). EEOC will not produce documents to Defendant that are protected from disclosure under Rule 26(b). Subject to and without waiving the foregoing objections, EEOC states as follows: Each expert the EEOC designates as a trial expert in this case will produce in his or her report a list of the documents and things on which the expert relied in formulating the opinions to which he or she is expected to testify, to the extent such documents are not shielded from disclosure under Rule 26(b) of the Federal Rules.

**REQUEST NO. 33:** Please produce any and all non-privileged documents reviewed in preparation of or referred to or referenced in your responses to Defendants' interrogatories.

**RESPONSE:** To the extent this request seeks the production of documents that EEOC attorneys consulted in connection with the preparation of its answers to Defendant's interrogatories, EEOC objects to this request as violative of the attorney work product doctrine and the deliberative process privilege, overly broad, irrelevant and not proportional to the needs of the case.

Subject to and without waiving the foregoing objections, the EEOC has produced all relevant, non-privileged documents. See EEOC's Initial Disclosures EEOC-000001-000235, and documents produced in response to these request, all of which may contain information responsive to this request. Discovery in this case is ongoing and EEOC will supplement its response to this discovery request with responsive non-privileged documents. Fed. R. Civ. P. 26(e).

Dated: August 10, 2022

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Birmingham District Office Ridge Park Place, Suite 2000 1130 22nd Street South Birmingham, Alabama 35205 | Marsha L. Rucker Regional Attorney Pa. Bar No. 90041 marsha.rucker@eeoc.gov (205) 651-7045 |

|  |  |
|---|---|
|  | Gerald L. Miller<br>Supervisory Trial Attorney<br>Ala. Bar No. asb-1454-E52G<br>gerald.miller@eeoc.gov<br>(205) 651-7026 |
|  | */s/ Alysia D. Franklin*<br>Alysia D. Franklin<br>Senior Trial Attorney<br>Cal. Bar No. 264410<br>alysia.franklin@eeoc.gov<br>(205) 651-7016 |
| EQUAL EMPLOYMENT<br>OPPORTUNITY COMMISSION<br>Mobile Local Office<br>63 South Royal Street, Suite 504<br>Mobile, AL  36602 | Wm. Trent Thompson<br>Trial Attorney<br>N.Y. Bar No. 5232525<br>william.thompson@eeoc.gov<br>(205) 651-7065 |

## **CERTIFICATE OF SERVICE**

I hereby certify that I have on August 10, 2022 served Plaintiff Equal Employment Opportunity Commission's Answers and Objections to Defendant's First Set of Requests for Production on the following counsel of record via email:

**Elizabeth Joiner, Esq.**
**Damon Kitchen, Esq.**
Constangy Brooks, Smith & Prophete LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL 32202-4317
ejoiner@constangy.com
dkitchen@constangy.com

*/s/ Alysia D. Franklin*
Trial Attorney