# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

**EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION**,

    **Plaintiff**,

v.                                         Case No. 3:21cv1051-TKW-HTC

**WALMART, INC.** and
**WAL-MART STORES EAST, LP**,

    **Defendants**.

_____/

## ORDER

Based on the discussions at the pretrial conference held on October 20, 2023, and for the reasons stated on the record at the conference, it is **ORDERED** that:

1. The ruling on issue 7 of Defendants' motion in limine is clarified as stated at the hearing, i.e., Mr. Villalobos may testify that his wife told him about what was happening to her at work (only in a general sense), what he did in response to what he was told, and what happened after that.

2. The parties may use electronic versions of exhibits during their presentations, but they shall provide hard copies of the exhibits to the Clerk as the exhibits are introduced because the hard copies will go back with the jury. The parties need not separately provide hard copies of the exhibits to the Court, subject to paragraph 12.c. below.

3. The parties shall exchange any demonstrative exhibits and attempt to resolve any disputes. Any unresolved issues shall be raised at the pretrial conference scheduled in paragraph 10 below.

4. The deferred portions of the parties' motions in limine (*see* Doc. 124) are:

    a. **GRANTED** with respect to issue 3 in Defendants' motion;

    b. **DENIED** with respect to issue 9 in Defendants' motion; and

    c. **GRANTED** with respect to issue L in Plaintiff's motion.

5. Defendants' motion for sanctions (Doc. 125) is **DENIED**.

6. Plaintiff shall confirm with Ms. Saunders that there are no additional communications that were responsive to Defendants' discovery requests similar to those discussed at the pretrial conference, and no later than October 27, 2023, Plaintiff shall certify to Defendants that no other communications exist or produce any additional communications.

7. Defendants may re-depose Ms. Saunders about the substance of the communications that were discussed at the pretrial conference, as well as any other communications disclosed under paragraph 6 above. The deposition shall occur during the week of November 6, 2023, unless the parties agree to a different date.

8. The Clerk shall maintain the exhibits discussed at the pretrial conference under seal.

9. Defendants' ore tenus motion to continue the trial is **GRANTED**, and the trial scheduled for the week of November 6, 2023, is canceled. The trial is rescheduled for January 29, 2024, at 8:30 a.m. (central time).

10. The pretrial conference will reconvene on January 19, 2024, at 9:00 a.m. (central time) to discuss the remaining issues that need to be resolved before trial and trial logistics.

11. The trial and pretrial conference will be held in Courtroom 4 of the United States Courthouse, 1 North Palafox Street, Pensacola, Florida.

12. No later than January 12, 2024, the parties shall file:

    a. objections to deposition designations;

    b. a combined list of the evidentiary objections that need to be resolved before trial;

    c. a notebook containing copies of the objected-to portions of the depositions and copies of the exhibits that are subject to objections that need to be resolved before trial; and

    d. a proposed jury instruction regarding the limited purpose of the testimony of Ms. Riveras and Ms. Villalobos and the fact that their discrimination claims are not at issue in this case.

13. The prior pretrial conference order (Doc. 109) remains in effect, except as modified by this Order.

**DONE and ORDERED** this 23rd day of October, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**