UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

      Plaintiff,                    CASE NO. 3:21-CV-1051-TKW-HTC

v.

WALMART, INC. and
WAL-MART STORES EAST, L.P.,

      Defendants.
_____/

## DEFENDANTS' MOTION FOR STATUS CONFERENCE AND TO SET DEADLINES

Defendants Walmart, Inc. and Wal-Mart Stores East, L.P. (hereinafter "Walmart"), by and through their undersigned attorneys and pursuant to Federal Rule of Civil Procedure 37(c)(1), hereby move this Court for a Status Conference and to Set Deadlines relating to the continued untimely production of documents by Plaintiff, the Equal Employment Opportunity Commission ("EEOC").

### I.    INTRODUCTION

At the present time, over eight months after the close of discovery, the EEOC is still producing documents that were requested by Walmart during discovery. The EEOC first started producing these untimely documents shortly before the Pretrial Conference, requiring this Court to extend the trial deadline and order that the EEOC

10372651v1

certify that certain documents had been produced. During the month since the Pretrial Conference, the EEOC has produced hundreds of pages of documents, and has advised Walmart that additional documents will be coming in the near future. With trial currently scheduled for January 29, 2024, it is necessary for the Court to establish deadlines for the production of these documents. In addition, Walmart requests the Court to set deadlines for Walmart to conduct necessary follow-up discovery, and to supplement its pretrial filings, as needed.

## II.  FACTS

The EEOC brought this lawsuit claiming that Ms. Joelle Saunders, a former Walmart employee, was sexually harassed by her then co-worker, Mr. James Pollock. The EEOC further alleged that Ms. Saunders complained about the alleged harassment to her immediate supervisor, Ricky Harrison[1]. Walmart denies these allegations.

Pursuant to the Court's September 20, 2022 Order Extending Deadlines [Doc. 48], the discovery period ended on February 28, 2023. More than seven months after the close of discovery, on September 26, 2023 and October 6, 2023, the EEOC produced over seventy pages of documents to Walmart, consisting of Facebook Messenger communications to and from Ms. Saunders regarding allegations in this

---

[1] Mr. Harrison passed away in November 2021.

2

case, dating back to October 1, 2018. These communications had previously been requested during discovery but were not produced by the EEOC. Subsequent to the EEOC's untimely production, Walmart filed a Motion for Sanctions concerning the production on October 19, 2023.

The Court held its Pretrial Conference on October 20, 2023. At the hearing, the Court denied Walmart's Motion, but issued its October 23, 2023 Order outlining the EEOC's responsibilities in providing any remaining outstanding discovery. [Doc. 127]. In its Order, the Court stated that no later than October 27, 2023, the EEOC was to confirm with Ms. Saunders that there were no additional documents, and to either certify to Walmart that no other documents existed, or to produce any remaining documents. The Order also stated that Walmart could re-depose Ms. Saunders concerning the substance of the documents produced and discussed at the pretrial conference, and any other documents the EEOC would be producing. Based on the EEOC's contention that they would certify or provide any remaining documents by October 27th, the Court provided a deadline for Defendants to conduct the redeposition of Ms. Saunders for the week of November 6, 2023, unless the parties agreed otherwise. To date, the EEOC has not abided by the Court's October 23rd Order due to its gross negligence in conducting discovery searches and producing relevant discovery, and Walmart has been prejudiced. The EEOC has stated they will ***continue to search and provide*** relevant documents, which the

EEOC deems are responsive of Walmart's *initial requests* sent during discovery. The EEOC's continuing late production of relevant documents almost ten months after the close of discovery and within three months of the scheduled trial date establishes its failure to meet its discovery obligations.

A.      **Documents produced by the EEOC since the Pretrial Conference**

Since the pretrial conference on October 20th, the EEOC has produced over 300 pages of responsive documents on October 26, 2023, October 27, 2023, November 6, 2023, November 8, 2023 and November 17, 2023. These documents include communications dated prior to the discovery deadline. Specifically, the EEOC has now produced the following:

1.      Responsive emails from Ms. Saunders' two yahoo email accounts (29 pages).

2.      Records from Ms. Saunders' Indeed job search (35 pages). These documents clearly show they were provided to the EEOC back in February of 2023, prior to the close of discovery. Specifically, the documents state that they were collected on February 26, 2023. See Exhibit A for a sample of the documents. Notwithstanding the fact that the EEOC had these documents back in February 2023, the documents were not produced for another eight months, long after the close of discovery.

3.      Responsive Facebooks posts and Facebook Messenger messages to and

4

from Ms. Saunders (253 pages).

    4.     Victim impact statements (8 pages).

    5.     Investigator witness interview notes (6 pages). The EEOC recently disclosed that a private investigator had been hired by the EEOC during discovery to interview former Walmart employees, and that those statements were neither produced by the EEOC during discovery nor included on a privilege log. The EEOC has now produced those documents.

    **B.**    **Documents still not produced by the EEOC**

The EEOC has additional documents that it still has not produced. During a call with the EEOC on November 6, 2023, and a subsequent email memorializing the call, the EEOC stated that their "intention was to produce [documents] on a rolling basis" and utilize an index to assist in understanding what was being produced. See Exhibit B for a copy of the email summarizing this call. The parties had a follow-up call on November 17, 2023 to discuss the EEOC's untimely production. Specifically, the EEOC still needs to produce the following documents:

    1.     Saunders' Facebook Posts and Messages. The EEOC has advised that it has a sizable amount of data from Ms. Saunders' Facebook account. While the EEOC has performed a cursory review for relevance, it has advised that they cannot produce the raw data from Facebook due to the size and format. The parties have agreed that Walmart will provide search terms and date ranges, and the EEOC will

produce the documents gathered from the search.

2.   Saunders' Emails.  While the EEOC has produced a handful of emails, the search terms it used were very narrow.  The EEOC has offered to run additional search terms provided by Walmart and provide Walmart with a "hit list" of responsive documents. Walmart has provided those search terms and are waiting on the results.

3.   EEOC Investigator Interview Notes.  Despite prior statements to the contrary, the EEOC reported that there are interview notes from witness interviews conducted by the EEOC during the investigation stage.  These interview notes were requested during discovery, and the EEOC reported that it would not produce documents protected from disclosure by the deliberative process privilege, including investigative reports, but that all non-privileged documents had been produced.  In a subsequent good faith conferral conversation regarding discovery, the EEOC specifically reported that there were not any interview notes[2].  The EEOC never produced any such interview notes and did not include any interview notes on a

---

[2] Specifically, on November 10, 2023, the undersigned counsel for Walmart spoke with counsel for the EEOC regarding the EEOC's discovery deficiencies.  During that telephone conference, counsel for the EEOC reported that there were not any interview notes or recordings.  Counsel for Walmart advised counsel for the EEOC that one of the witnesses reported that the interview was recorded, she stated that she would double check.  The EEOC never subsequently produced any interview notes and never included them on a privilege log.

privilege log.

Now, however, the EEOC has explained that there are interview notes from interviews with Stephanie Bradley and Gerald Huckabee. However, the EEOC claims it cannot produce these interview notes because the notes are contained in the Investigator Memorandum, Interview Report and Pre-Determination Interview Report, all of which were listed on the EEOC's privilege log. This explanation lacks credibility. The EEOC investigator clearly took notes if she put information from those notes into each of the aforementioned reports. The EEOC has a burden of producing the notes themselves – there are not any privileges associated with the notes. If the only place the EEOC has maintained these notes is in the documents listed above, then those portions of the documents need to be produced. The EEOC can redact the allegedly privileged portion of those documents.

Furthermore, the documents recently produced by the EEOC indicate that Ricky Harrison had an interview with the EEOC investigator back in December 2020. The EEOC originally said that the only interview notes were with Bradley and Huckabee. During the November 17, 2023 telephone call, the undersigned stated that there should be notes from the interview with Harrison, as indicated in Harrison's Facebook Messenger message to Saunders. The EEOC conceded that there are notes from an interview with Harrison in the aforementioned reports, despite the EEOC failing to include that information in its previous email. See

Exhibit C for a copy of this email.  The EEOC has not determined whether it is going to produce these notes.  If the EEOC refuses to produce these notes, Walmart intends to file a motion to compel as these notes are particularly important since Harrison has passed away.

4. Villalobos' Emails, Text Messages and Social Media.  Because it was clear that the EEOC did not meet its discovery obligations with Saunders, Walmart asked the EEOC to confirm that neither Villalobos or Riveras have any relevant text messages, emails or social media posts.  The EEOC agreed to check on any such documents and report back.  During the parties' telephone conference on November 17, 2023, the EEOC reported that it will search Villalobos' Facebook account with search terms provided by Walmart.

5. Riveras' Emails, Text Messages and Social Media.  During the parties' telephone conference on November 17, 2023, the EEOC reported that it will search Riveras' Facebook account based on search terms provided by Walmart.  The EEOC reported that when asked if she had any emails relevant to this case, Riveras responded that "she does not believe she did."  Given this level of uncertainty, Walmart has requested that the EEOC search Riveras' emails.  The EEOC is considering this request.

The EEOC is unable to provide an estimated date by which it will produce the "hit list" from its searches, or when it will provide all of the documents.  The EEOC

has committed to working quickly to respond, but the production will be further delayed by the upcoming holiday. Because Walmart does not yet have all of the documents, it has not scheduled Saunders' deposition.

## III.   ARGUMENT

Walmart requests a status conference and the establishment of deadlines necessary to move this case toward trial on January 29, 2024. Not only is Walmart waiting on the EEOC to produce the aforementioned documents, but the EEOC's untimely production of this vast amount of information at this point in the case puts Walmart at a disadvantage. The EEOC should have produced all of this information during discovery in this case, and its failure to do so has resulted in substantial prejudice to Walmart. Walmart's defense efforts and strategy[3], including its pretrial filings, would have changed had the EEOC met its discovery obligations. Since the EEOC clearly did not do so, it is necessary to establish new deadlines for Walmart to address certain pretrial obligations to attempt to mitigate the prejudice to Walmart. For example, Walmart will need to add additional exhibits to its exhibit list and file additional motions in limine, and Walmart may want to add witnesses to its witness

---

[3] For example, the EEOC has now produced a number of documents showing significant other stressors in Ms. Saunders' life that could have contributed to her alleged emotional distress. Had these documents been provided by the EEOC in a timely manner during the discovery process, Walmart may have wanted to employ an expert witness to opine on the likely causation of any alleged emotional distress. The EEOC's failure to comply with the discovery rules robbed Walmart of this opportunity.

list or designate additional deposition testimony for trial, although Walmart is not yet able to make these decisions because it is still waiting for documents from the EEOC and to redepose Ms. Saunders. In addition, depending on information learned during Ms. Saunders' deposition, it may be necessary to engage in other discovery to prevent additional prejudice to Walmart.

This Court has the inherent power "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). In this case, it is necessary to establish new deadlines for the EEOC to produce the remaining documents, and for Walmart to complete discovery and its pretrial filings. Absent the setting of deadlines, the production of documents could drag out for so long that Walmart will not have the opportunity to redepose Ms. Saunders in a timely manner. Further, at the present time, Walmart does not have permission to revise its pretrial filings, which Walmart will need to do to address the newly discovered documents and information.

In addition, Walmart moves this Court for the entry of an award of its attorneys' fees in having to redepose Ms. Saunders and revise its pretrial materials. Had the EEOC met its discovery obligations, Walmart would not have to incur these additional expenses. Specifically, Walmart's counsel will have to fly to Panama City to travel to Ms. Saunders' city of residence in order to take the deposition. Walmart would not have to incur this additional and substantial expense but for the

EEOC's failure to produce requested documents. Similarly, Walmart will have to revise its pretrial filings at considerable expense that is only necessary due to the EEOC's untimely production. It is clear from the timeline of events that the EEOC did not take the proper steps to obtain responsive documents when originally responding to Walmart's discovery, withheld documents that are allegedly privileged without including them on a privilege log or even telling Walmart that the documents existed and were being withheld, and not producing documents that clearly were in its possession prior to the close of discovery. These actions show a pattern by the EEOC of ignoring its discovery obligations, which has caused not only substantial prejudice to Walmart but has significantly increased the time and expense for Walmart to litigate this case.

## IV.   CONCLUSION

Based on the foregoing, Walmart respectfully requests that this Court scheduling a status conference for the purpose of setting deadlines for the EEOC to complete its document production, and for Walmart to redepose Ms. Saunders and revise its pretrial filings. Furthermore, Walmart respectfully requests the award of attorney's fees incurred as a result of the EEOC's conduct, and any other appropriate relief.

**CERTIFICATE OF ATTORNEY CONFERENCE**

Pursuant to Local Rule 7.1(B), the undersigned certifies that she discussed the

10372651v1

relief sought in this motion with attorneys for the EEOC during a telephone conference on November 17, 2023 and by multiple emails on November 20, 2023. The EEOC has advised that it does not object to a status conference or the setting of deadlines as long as those deadlines are reasonable. The EEOC represented that it does object to Walmart's request for attorney's fees.

Respectfully submitted this 20th day of November, 2023.

/s/Angelique Groza Lyons
Angelique Groza Lyons, Esq.
Fla. Bar No. 118801
alyons@constangy.com
Secondary Email: tampa@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
100 North Tampa Street, Suite 3350
Tampa, Florida 33602
(813) 223-7166 / Fax: (813) 223-2515

F. Damon Kitchen
Florida Bar No. 861634
dkitchen@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
200 West Forsyth Street, Suite 1700
Jacksonville, FL  32202-4317
Telephone: (904) 356-8900
Facsimile: (904) 356-8200
***Attorneys for Defendants***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 20th day of November, 2023, I electronically filed with the Clerk of Court a copy of the foregoing document via the CM/ECF system, which will automatically serve a copy upon counsel for Plaintiff.

10372651v1

/s/Angelique Groza Lyons
Attorney

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(F)**

The undersigned counsel certifies that the word-processing software counts 2528 words in this filing, including headings, footnotes, and quotations.

/s/Angelique Groza Lyons
Attorney

10372651v1