# Lyons, Angelique

| | |
|---|---|
| **From:** | BARBARA WELLS <BARBARA.WELLS@EEOC.GOV> |
| **Sent:** | Wednesday, November 8, 2023 8:16 PM |
| **To:** | Lyons, Angelique; Morejon, Amanda M.; Borso, Heather |
| **Cc:** | AUSTIN RUSSELL; BRYAN GRAYSON |
| **Subject:** | RE: Follow up to our call today on Walmart case |
| **Attachments:** | List of Search Terms for Joelle Saunders Yahoo Account.docx |

**Dear Angelique and Amanda,**

Thank you for your patience. We have been working on readying the emails from the search terms for production and will get those to you today via a separate email message with them attached. Austin manually Bates numbered them because production requests to our litigation support group take a minimum of three days. Below is a further update.

**Discovery Item Update:**

**Email**
Attached is a document with the search terms used to search Saunders' email ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬. We anticipate producing approximately 25 emails today, which have been identified using search terms. (EEOC_0000541 to EEOC_0000569).

**Victim Impact Statements**
The Victim Impact Statements we have located did not exist prior to the last iteration of the privilege log. Austin and I didn't know these existed until we began our review of the Saunders emails. We are producing these today (EEOC_0000570 to EEOC_0000573). As I previously explained, we are not calling these witnesses or using the documents. They were created at the request of counsel and emailed to her without comment so we are only producing the statements themselves.

**Instagram**
Ms. Saunders' Instagram is not private and can be viewed here. ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ We have not taken possession of the raw data for Instagram (if that is even possible) because nothing in the posts is relevant or responsive, and we have confirmed that she sent no responsive messages through Instagram.

**Text Messages from Ms. Saunders**
Ms. Saunders has reaffirmed that she did not text anyone about Walmart or anything relating to this case or the underlying facts.

**Private Investigator**
We have contacted the private investigator's office and left a message. As of this writing, we have not yet received an answer regarding whether the private investigator audio recordings of any interviews. Again, we are willing to produce the Investigator's written summaries (which is all we have) so long as you are not going to claim that you can depose EEOC employees or the Private Investigator regarding their communications about the interviews. We maintain that this is attorney work product and do not wish a partial production to be construed as a waiver.

**EEOC Investigator**

The EEOC Investigator interviewed Huckabee and Bradley via telephone with counsel then representing Walmart on the call. This means that Walmart's attorney was able to memorialize these interviews as easily as the EEOC Investigator. I don't believe you ever provided the kind of detail on a privilege log that would let us determine whether you received those notes or not, but it might be worth a call to your client to request them from Littler.

I should have been clearer about the specific name of the file in which the notes are maintained. The investigator notes exist only in the Investigator Memorandum (listed on the Revised Privilege Log), in Interview Reports (listed on the Revised Privilege Log), or the Pre-Determination Interview Report (listed on the Revised Privilege Log). Thus, you are incorrect in your waiver argument. We asserted the Governmental Deliberative Process Privilege (GDP) for all of these files. In an effort to be certain that the investigator did not have any other form of notes beyond what she provided to prior counsel for EEOC, I did personally confirm that she doesn't save anything relating to her investigations outside of the system from which that Revised Privilege Log was created.

**Amended Privilege Log**
We need to provide an updated privilege log that covers any privileged items in Saunders' email. We hope to have that to you tomorrow or Friday. We did not want to hold the production today until that log was complete. I hope you will not contend that is a waiver.

**Facebook Raw Data for Saunders**
We cannot manually produce the raw data from Facebook (as we did with the emails found with search terms) due to the size and format. This production would have to be run by Litigation Support and that will take a week or so. As we explained in the call, this data is voluminous and difficult to review and comprehend. We previously produced as we did in the interest of identifying what was salient after a painstaking review of a massive amount of information. We understand you would like more information. Would you provide search terms to make the burden of the production and the time that it will take you to review what is produced reasonable and proportionate. We are working hard to preserve the trial date and to provide the responsive information in the most useable format.

**Riveras and Villalobos Email and Social Media**
We are working to provide an update on these issues. We do not have the answers we need to talk about these issues at this point.


Regards,

Barbara J. Wells
Trial Attorney
U.S. EEOC-Birmingham District Office/Mobile Local Office
(205) 651-7041



CONFIDENTIALITY NOTICE:  This e-mail message and any attachments are
private communication sent by the U.S. EEOC, and may contain
confidential, legally privileged information meant solely for the

intended recipient. If you are not the intended recipient, you are notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message or calling 205.651.7041, and delete the e-mail and any attachments from your system. Thank you.

**From:** Lyons, Angelique <ALyons@constangy.com>
**Sent:** Wednesday, November 8, 2023 12:26 PM
**To:** BARBARA WELLS <BARBARA.WELLS@EEOC.GOV>; Morejon, Amanda M. <amorejon@constangy.com>; Borso, Heather <HBorso@constangy.com>
**Cc:** AUSTIN RUSSELL <AUSTIN.RUSSELL@EEOC.GOV>; BRYAN GRAYSON <BRYAN.GRAYSON@EEOC.GOV>
**Subject:** RE: Follow up to our call today on Walmart case

> **CAUTION:** The sender of this message is external to the EEOC network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to phishing@eeoc.gov.

Barbara,

As a follow up to your email below:

1. We still have not received any of the emails you referenced on Monday, and we have not received a list of the search terms used on the emails. Please send both of those today so that we can determine if any additional searches are necessary.
2. The "victim impact statements" are not privileged. Even if they were privileged, the statements were not listed on the privilege log which was prepared after Ms. Saunders claims to have read those statement. Accordingly, any privilege that may have existed has been waived. Please send those statements today.
3. The witness interviews conducted by the private investigator are also not privileged. Those statements were taken months ago and were not listed on the privilege log. Accordingly, any privilege that may have existed has been waived. Please send those statements today.
4. The witness interview notes made during the EEOC's investigation of the charge are not listed on the privilege log. The log makes reference to interview reports, but does not mention any interview notes. Accordingly, please send those documents today.
5. We want all of the Facebook data, as well as Instagram, for Ms. Saunders. Please provide an estimated time when you can send us these items.
6. Please update us on the search for social media (not limited to Facebook) and emails from Ms. Riveras and Ms. Villalobos which may be relevant. We are happy to provide search terms but first need to know what potential universe of information they have.

As mentioned during our call, time is of the essence. The court originally ordered the deposition to occur this week, and I am reluctant to indefinitely delay and thereby not be in compliance with the court order. Obviously, we cannot take her deposition until we receive all of this outstanding discovery.

Thanks.

**Angelique Lyons**
**Partner - Tampa and Port St. Lucie Office Head**

Constangy, Brooks, Smith & Prophete, LLP
Direct: 772.878.5767 • Direct Fax: 772.905.2541
E-mail: ALyons@constangy.com •View Bio/VCard

1860 SW Fountainview Blvd.
Suite 100
Port St. Lucie, FL 34986
Main: 813.223.7166
\*\*\*

---

**From:** BARBARA WELLS <BARBARA.WELLS@EEOC.GOV>
**Sent:** Monday, November 6, 2023 7:13 PM
**To:** Lyons, Angelique <ALyons@constangy.com>; Morejon, Amanda M. <amorejon@constangy.com>; Borso, Heather <HBorso@constangy.com>
**Cc:** AUSTIN RUSSELL <AUSTIN.RUSSELL@EEOC.GOV>; BRYAN GRAYSON <BRYAN.GRAYSON@EEOC.GOV>
**Subject:** Follow up to our call today on Walmart case

Dear Angelique and Amanda,

Thank you for talking to us today about discovery issues. Our concerns about the completeness of the EEOC's document production arose when we discovered that EEOC did not have in its document review software anything relating to Ms. Saunders' Facebook Messenger messages despite such messages having been discussed in her deposition. As you know, neither Austin nor I were counsel of records during discovery. We have been playing catch up trying to get through our ESI as well as that of Walmart's as we prepared for trial. Once we discovered that Facebook data needed to be ingested and reviewed, we did so and we produced it to you. In court on October 20, 2023, we heard your dissatisfaction with the limited context provided with the production in late September. As a result, we are committed to transparency and that is why we wished to talk to you before producing the further materials we discussed today. As we said, we have spent the time since finishing review of all Ms. Saunders' Facebook Messenger (which we certified on 10/27/2023) and going back over all ESI in our possession in this case. We have identified the following additional documents to be produced as we discussed in today's call:

1. **Indeed job search information for Ms. Saunders**:

   This material is not voluminous. It relates to Ms. Saunders' job search after her dismissal. As the retaliation claim was dismissed, we do not believe these documents are relevant to the remaining issues in the case. However, as the documents are responsive to Defendants' discovery requests, we produced them today.

2. **Facebook posts**:

   Today we also produced 13-14 screen shots of arguably responsive Facebook posts. As we explained, the underlying data for the Facebook collection is not organized in a way that is easy to review or comprehend because it is not threaded properly. There are separate data threads for each access point IP address. There are separate data threads for images and emojis. The data exists for all dates since Ms. Saunders got on Facebook. We are producing the screen shots now we identified through talking to Ms. Saunders, but we are prepared to further search the posts and to produce the data if you believe that is necessary.

3. **Saunders' Email:**

   We have in our possession a large volume of email records from Ms. Saunders' personal email account. Most of her email activity is related to on-line shopping. However, we did locate some email messages relating to her job search which we will produce due to the responsive nature of the messages. This is not a large number of messages. We will also

produce the messages located that are arguably responsive on the issue of damages. Again, we are erring on the side of overproducing content but not dumping volume for you to have to sort. We will provide you with search terms Austin and I used in reviewing the email. We will conduct other searches if you provide terms. As I mentioned on the phone, I personally reviewed every email in this account (to and from Ms. Saunders) for the period between April 1, 2018 and October 31, 2018. Due to its volume, the rest of the email was reviewed using search terms. All hits from the search terms were reviewed either by Austin or myself for relevance, responsiveness, and privilege/work product. We will be producing those arguably responsive emails that are not subject to a privilege or work/product doctrine.

There were some attorney client and work product materials in the email which we have located, and we will amend our privilege log. We had intended to list the victim impact statements from Joelle's parents on the privilege log as they were done at request of counsel, but you have asked that we produce them and again in the spirit of cooperation and ameliorating any possible prejudice, we will produce them so long as you do not argue that waives any privilege relating to the documents or conversation on the topic. We understand you need to ask your client about that.

4. **Private Investigator Interview Notes:**

   Prior to the dates on which either Austin or I were assigned to handle this case, a Commission attorney hired a private investigator to serve some deposition subpoenas and to interview some witnesses formerly employed at the DeFuniak Springs Walmart. Those interviewed are Teresa Torres, Wayne Leach, Courtney Huffstutler, and Rob Haubensack and his wife. As we said, these are protected by attorney work product doctrine because they were conducted at the request of a Commission attorney. Despite the protected nature of the documents, we are willing to produce them as a show of good faith and as an attempt to ameliorate any claim of prejudice from the erroneous failure to timely list them on the privilege log. However, we cannot do so unless you agree that you will not argue that as a waiver of any privileges beyond the statements themselves. We understand that you need to ask your client about that point, and we will await your answer. We do not intend to try to admit the documents in evidence.

Our intention is to produce on a rolling basis and using an index to assist you in understanding what we are producing. We appreciate that you agreed to allow PDF production to expedite production. Obviously, we retain the underlying native version should you wish to see that format upon reviewing the PDFs. It is just unwieldy for use with a jury or even meaningful review.

**Other issues you raised during the call:**

- You asked if the private investigator recorded the conversations of those he interviewed. We do not know so we will inquire.

- You asked that we look into whether there are audio recordings and notes from the EEOC investigator. We confirmed there are no audio recordings. Any written notes from the investigator were either previously produced or identified on the EEOC's privilege log. I spoke with the investigator personally today. She remembers the case clearly. She did not record any interview of any person in connection with this matter. In fact, she never records such interviews. Her notes are listed on our prior privilege log in addition with the legal basis for withholding them. I don't find any evidence in what correspondence relating to the case I have reviewed that shows any attempt by you or prior counsel for Walmart to dispute the privilege asserted.

- You asked that we produce the victim impact statements. As I said we believe these are protected by the attorney work product doctrine, and we do not anticipate calling either of Ms. Saunders' parents, who provided the victim impact statements. As a show of good faith, we are willing to produce these statements provided you agree not to argue any waiver of any privilege for further information relating to the statements.

- You asked about Facebook and email messages for Ms. Villalobos and Ms. Riveras. We will ascertain if they have email accounts and whether they used them to email Walmart employees or each other or Ms. Saunders (although that would have shown up in Ms. Saunders' email). As you know, they no longer have claims in the case. Ingesting, reviewing, and producing ESI can be time consuming depending upon volume. If we can work together to come up with strategies to focus the review that will speed things up. Let's discuss a mutually acceptable approach when we have a better sense of whether there is or is not currently any responsive data (I am told prior counsel inquired of them and they said that they had nothing responsive, but we will ask again). If there is anything potentially responsive, we will produce it. Unfortunately, at this point, we are without good information on whether or not they have or use email (although it seems likely that at least Ms. Riveras did) and whether they have or had any active Facebook account at any point from 2018 to present. For what it is worth, we did not limit our search of Ms. Saunders' email to the time of her employment or after, but conducted her searches against the full email cull as it could be that items relating to damages issues could be present in them.

- You asked about text messages. We do not have any, but we will double check to make sure that Ms. Villalobos, Ms. Riveras, and Ms. Saunders have responsive text messages. I cannot say whether they were asked this before or not because I do not know. We will be sure to circle back on that point as well.  I can tell you there are not any such text messages in the ESI we presently possess.

As I said on the call, we are doing all in our power to ameliorate any possible prejudice caused by incomplete discovery responses. We don't think the judge will want to delay this further, but we also want you to be confident you have what you were owed. As I pledged to you on the phone, we are committed to fixing this now that we know of it and wanted to disclose this before we reached the timing of Ms. Saunders' redeposition.


Regards,

Barbara J. Wells
Trial Attorney
U.S. EEOC-Birmingham District Office/Mobile Local Office
(205) 651-7041



CONFIDENTIALITY NOTICE:  This e-mail message and any attachments are
private communication sent by the U.S. EEOC, and may contain
confidential, legally privileged information meant solely for the
intended recipient. If you are not the intended recipient, you are

notified that any use, dissemination, distribution or copying of this communication is strictly prohibited. Please notify the sender immediately by replying to this message or calling 205.651.7041, and delete the e-mail and any attachments from your system. Thank you.