# AUSTIN RUSSELL

| | |
|---|---|
| **From:** | BARBARA WELLS |
| **Sent:** | Wednesday, November 8, 2023 7:16 PM |
| **To:** | Lyons, Angelique; Morejon, Amanda M.; Borso, Heather |
| **Cc:** | AUSTIN RUSSELL; BRYAN GRAYSON |
| **Subject:** | RE: Follow up to our call today on Walmart case |
| **Attachments:** | List of Search Terms for Joelle Saunders Yahoo Account.docx |

**Dear Angelique and Amanda,**

Thank you for your patience. We have been working on readying the emails from the search terms for production and will get those to you today via a separate email message with them attached. Austin manually Bates numbered them because production requests to our litigation support group take a minimum of three days. Below is a further update.

**Discovery Item Update:**

**Email**
Attached is a document with the search terms used to search Saunders' email (foxgloves_and_ivy1390@yahoo.com). We anticipate producing approximately 25 emails today, which have been identified using search terms. (EEOC_0000541 to EEOC_0000569).

**Victim Impact Statements**
The Victim Impact Statements we have located did not exist prior to the last iteration of the privilege log. Austin and I didn't know these existed until we began our review of the Saunders emails. We are producing these today (EEOC_0000570 to EEOC_0000573). As I previously explained, we are not calling these witnesses or using the documents. They were created at the request of counsel and emailed to her without comment so we are only producing the statements themselves.

**Instagram**
Ms. Saunders' Instagram is not private and can be viewed here. Joelle Saunders (@joellebib) • Instagram photos and videos. We have not taken possession of the raw data for Instagram (if that is even possible) because nothing in the posts is relevant or responsive, and we have confirmed that she sent no responsive messages through Instagram.

**Text Messages from Ms. Saunders**
Ms. Saunders has reaffirmed that she did not text anyone about Walmart or anything relating to this case or the underlying facts.

**Private Investigator**
We have contacted the private investigator's office and left a message. As of this writing, we have not yet received an answer regarding whether the private investigator audio recordings of any interviews. Again, we are willing to produce the Investigator's written summaries (which is all we have) so long as you are not going to claim that you can depose EEOC employees or the Private Investigator regarding their communications about the interviews. We maintain that this is attorney work product and do not wish a partial production to be construed as a waiver.

**EEOC Investigator**

The EEOC Investigator interviewed Huckabee and Bradley via telephone with counsel then representing Walmart on the call. This means that Walmart's attorney was able to memorialize these interviews as easily as the EEOC Investigator. I don't believe you ever provided the kind of detail on a privilege log that would let us determine whether you received those notes or not, but it might be worth a call to your client to request them from Littler.

I should have been clearer about the specific name of the file in which the notes are maintained. The investigator notes exist only in the Investigator Memorandum (listed on the Revised Privilege Log), in Interview Reports (listed on the Revised Privilege Log), or the Pre-Determination Interview Report (listed on the Revised Privilege Log). Thus, you are incorrect in your waiver argument. We asserted the Governmental Deliberative Process Privilege (GDP) for all of these files. In an effort to be certain that the investigator did not have any other form of notes beyond what she provided to prior counsel for EEOC, I did personally confirm that she doesn't save anything relating to her investigations outside of the system from which that Revised Privilege Log was created.

**Amended Privilege Log**
We need to provide an updated privilege log that covers any privileged items in Saunders' email. We hope to have that to you tomorrow or Friday. We did not want to hold the production today until that log was complete. I hope you will not contend that is a waiver.

**Facebook Raw Data for Saunders**
We cannot manually produce the raw data from Facebook (as we did with the emails found with search terms) due to the size and format. This production would have to be run by Litigation Support and that will take a week or so. As we explained in the call, this data is voluminous and difficult to review and comprehend. We previously produced as we did in the interest of identifying what was salient after a painstaking review of a massive amount of information. We understand you would like more information. Would you provide search terms to make the burden of the production and the time that it will take you to review what is produced reasonable and proportionate. We are working hard to preserve the trial date and to provide the responsive information in the most useable format.

**Riveras and Villalobos Email and Social Media**
We are working to provide an update on these issues. We do not have the answers we need to talk about these issues at this point.


Regards,

Barbara J. Wells
Trial Attorney
U.S. EEOC-Birmingham District Office/Mobile Local Office
(205) 651-7041



CONFIDENTIALITY NOTICE:  This e-mail message and any attachments are
private communication sent by the U.S. EEOC, and may contain
confidential, legally privileged information meant solely for the