UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

    Plaintiff,

v.                                           Case No. 3:21cv1051-TKW-HTC

WALMART INC. and
WAL-MART STORES EAST, L.P.,

    Defendants.
_____/

## ORDER

On November 21, 2023, the Court granted Defendant Walmart's[1] motion for status conference and to set deadlines, Doc. 128, and held a status conference on November 28, 2023. Upon consideration of the parties' arguments and written submissions,[2] and to ensure the trial date is not altered, the parties shall comply with the deadlines set forth below. Additionally, the Court has considered Walmart's request for attorneys' fees and costs and finds that some fees and costs are warranted.

**I.    EEOC's Document Production**

The EEOC filed this suit against Walmart more than 2 years ago alleging that certain former employees had been subjected to sexual harassment and retaliation.

---

[1] There are two defendants, Walmart, Inc., and Wal-Mart Stores East, L.P. Doc. 59.
[2] The EEOC filed a written opposition on November 27, 2023. Doc. 131.

Docs. 1, 59 (amended complaint). Specifically, the claims against Walmart arise out of alleged improper conduct by former employee James Pollack against his then co-workers, Joelle Saunders, Caroline Villalobos, and Destiny Riveras. Throughout this litigation, the parties have been embroiled in one discovery dispute after another, resolving them only after the Court became involved. Regardless, after one extension of time and a denial of a second request, the parties finally got this case toward a path for trial (or so the Court thought).

After granting Walmart's motion for summary judgment in part,[3] Doc. 103, the Court held a pretrial conference on October 20, 2023, and set the trial date for November 6, 2023, Doc. 109. Just prior to the pretrial conference, however, Walmart filed a motion for sanctions complaining about an untimely production by the EEOC of 70 pages of social media messages to and from Saunders regarding the allegations in this suit. Doc. 125. The EEOC produced those messages on September 26 and October 6, more than seven (7) months after the close of discovery. As part of its sanctions request, Walmart sought to bar the EEOC from using the messages or their contents at trial, to be allowed to conduct a search of Saunders' cell phone and social media, to be allowed to engage in additional discovery, to extend the trial date, and to recover fees. *Id.* at 11. Although the Court

---

[3] The Court granted judgment in favor of Walmart on the retaliation claim brought on behalf of Saunders as well as on the sexual harassment claims brought on behalf of Villalobos and Riveras. Doc. 103.

Case No. 3:21cv1051-TKW-HTC

denied the motion for sanctions, it granted the following relief: (1) Walmart could re-depose Saunders the week of November 6 regarding the newly produced messages; (2) the EEOC should, by no later than October 27, 2023, "confirm with Ms. Saunders that there are no additional communications that were responsive to Defendants' discovery requests similar to those discussed at the pretrial conference," and "certify to Defendants that no other communications exist or produce any additional communications"; and (3) the trial date was moved to January 29, 2024. Doc. 127.

Despite the Court's specific order, Saunders has not been deposed, and the EEOC has not produced all electronic communications, or relevant documents, for that matter, that are responsive to Defendants' discovery requests. As will be discussed below, after the October 20 pretrial conference, the EEOC learned that there was additional information in its possession, including Facebook posts and emails, that had not been reviewed or produced. The EEOC, thus, began producing some of that information after the conference (approximately 300 pages), and that production resulted in Walmart filing a motion for status conference and to set deadlines. Walmart seeks for the Court to impose specific deadlines for the remainder of the EEOC's production and to allow the parties additional time to file new motions in limine and amend their exhibit lists as necessary to address any

recently produced documents. Also, Walmart wants additional time to depose Saunders.

Each of the category of documents at issue is discussed below.[4]

A. <u>Saunders' Facebook Page</u> – As discussed above, just prior to the October 20 pretrial conference, the EEOC produced 70 pages of Facebook messenger messages between Saunders and her former supervisor, Ricky Harrison (who is now deceased) and the other aggrieved employees.[5] According to the EEOC's current counsel, the EEOC learned in the course of preparing for trial and in producing those messages, that there may also be relevant and responsive posts made by Saunders on her Facebook page. Thus, the EEOC asked Saunders to provide to it screenshots of relevant posts, which she did, and which the EEOC has since produced. Other than asking Saunders for relevant posts, however, none of the EEOC's counsel has gone through the Facebook posts to ensure that there are no other posts which are relevant and responsive to Walmart's discovery requests. Instead, the EEOC suggested Walmart provide to it search terms for querying the

---

[4] There is no dispute the documents addressed herein were specifically requested by Walmart as part of its written discovery requests. *See* Request No. 23 (seeking documents evidencing conversations between the aggrieved employees and any Walmart employee regarding the complained of conduct); Request No. 25 (seeking all entries or comments made by the aggrieved employees in any social medial or digital communication, including but limited to Facebook); Request No. 26 (seeking all nonprivileged text messages, social media messages or emails between the aggrieved parties and any person regarding the allegations in the complaint or damages).
[5] The EEOC did not produce anything from Saunders' Facebook page until October and did not even download Saunders Facebook page until October 4, 2023, even though Saunders testified in February at her deposition that she communicated with Riveras and Harrison through Facebook.

logs of posts that it has downloaded from Saunders' Facebook page and sought guidance on how to produce those logs.

Based on the discussions at the conference, rather than conducting a term search of the logs, the EEOC shall review the live version of Saunders Facebook page and shall produce screenshots of all relevant and responsive posts, as those posts are typically seen through the normal user interface.  The EEOC shall also produce to Walmart all logs of posts that it has obtained from Saunders' Facebook page.  The EEOC must complete this production and file a notice of compliance with the Court by no later than **December 6, 2023**.  *If* Walmart wants to see any other screenshots of posts that are on the log, Walmart shall notify the EEOC of its request by no later than **December 8, 2023**, and the EEOC shall have until **December 13, 2023,** to produce the additional posts or seek protection from the Court if it disagrees with Walmart's request.

B.     Saunders' Instagram Account – The EEOC's counsel represented to the Court that she has reviewed Saunders' Instagram account, which is publicly viewable, and did not identify any relevant or responsive information.  Thus, Walmart has agreed the EEOC has no further obligation with regard to Saunders' Instagram Account.

C.     Saunders' Indeed Account – The EEOC produced 30 pages from Saunders' Indeed Account on November 6, and the EEOC's counsel has represented

that there is no additional relevant or responsive information to be produced from this account. Thus, the EEOC has no further obligation as it relates to this account.

D.  <u>Saunders' Yahoo Email Account</u> – Despite having downloaded a copy of Saunders' email account in March 2023, the EEOC only recently searched the account for relevant and responsive emails. On November 8, after applying 31 search terms covering a period from April 1, 2018 to October 31, 2018, the EEOC produced approximately 36 pages of emails to Walmart. The EEOC asked Walmart if it wanted to apply other search terms and, on November 17, Walmart provided a list of approximately 70 new terms.

As discussed during the conference, the EEOC shall conduct a search of Saunders' email account for a period from January 1, 2018, to the date the emails were downloaded by the EEOC, utilizing the search terms it originally used *and* the search terms proposed by Walmart. The EEOC shall then review the emails containing the search terms and shall produce to Walmart those emails which are relevant and responsive.[6] The EEOC shall complete the production and file a notice of compliance with the Court by no later than **December 11, 2023**.

---

[6] If Walmart wants a "hit list" for any specific search term, Walmart will notify the EEOC of this request by December 4, 2023, and the EEOC shall have until December 6, 2023, to produce the hit list or seek protection from the Court if it disagrees with the request.

Case No. 3:21cv1051-TKW-HTC

  E. <u>Victim Impact Statements</u> – The EEOC represented that it has produced all victim impact statements and, thus, nothing remains to be produced for this category of documents.

  F. <u>Emails for Villalobos and Riveras</u> – The EEOC will search, review and produce emails from Villalobos's and Riveras's email accounts utilizing the same protocol set forth above for Saunders' email account. The deadline for this production, for the filing of the EEOC's notice of compliance, and for Walmart to request any "hit lists" shall also be the same as for the Saunders' production.

  G. <u>Social Media accounts for Villalobos and Riveras</u> – Despite Riveras testifying in February at her deposition that she used Facebook Messenger to communicate about the allegations in this case, the EEOC has not yet downloaded either Villalobos's or Riveras's Facebook pages. As discussed at the status conference, the EEOC will review Villalobos's and Riveras's Facebook posts and Messenger messages and will produce screenshots of any messages or posts which are relevant and responsive to Walmart's discovery requests. The EEOC shall produce responsive documents and file a notice of compliance with the Court by no later than **December 13, 2023**.

  H. <u>Interview summaries, investigator memo and investigator notes</u> – The EEOC produced interview summaries on November 17, 2023. The EEOC shall produce redacted investigator memos and investigator notes by **December 6, 2023**.

I. <u>Text messages</u> – Walmart agrees, based on the EEOC's representations and the aggrieved employees' deposition testimonies, that the likelihood of any text messages being relevant or responsive is minimal. Thus, the EEOC has no further obligation as it relates to the production of the aggrieved parties' text messages.

II. **Saunders' Deposition**

Walmart may take a second deposition of Saunders the week of **December 18, 2023**, unless a different date is agreed upon by the parties which does not affect any other deadlines set forth herein or the trial date. Because it is unknown at this time how much additional information will be produced by the EEOC in compliance with this order, the Court does not find it appropriate to impose a time limit on the deposition other than the 7-hour time limit already included in the Federal Rules. That being said, Walmart is cautioned against treading old ground or going afield of the matters raised in the new production.

III. **Pretrial Deadlines**

The parties have also asked to be able to file new motions in limine and amend their exhibit lists, as necessary, based on the new production. The Court has set a pretrial conference for January 19, 2024. In light of that setting, and consistent with the prior pretrial deadlines, the parties shall comply with the following deadlines:[7]

---

[7] This Order does not alter the deadlines or the parties' obligations as set forth in the Court's October 23, 2023 Order, Doc. 127, setting the January 29, 2024 trial date.

Case No. 3:21cv1051-TKW-HTC

    A.    New motions in limine (pertaining to any newly produced discovery)[8] shall be filed on or before **January 5, 2024**, with responses due 7 days after the motion is filed.

    B.    Amended deposition designations shall be filed on or before **January 5, 2024.**

    C.    An amended pretrial stipulation, including an amended exhibit and witness list, if any, shall be filed on or before **January 12, 2024**. *See* Doc. 109 for specific requirements.

**IV.    Request for Fees**

Walmart seeks attorneys' fees and costs for filing the motion for status conference, attending the status conference, filing any new motions in limine, having to amend its exhibit and witness lists (should that occur), and retaking Saunders' deposition. The EEOC opposes this request on two grounds. First, the EEOC argues it has diligently sought to comply with its discovery obligations since the pretrial conference and that there were delays and issues in this case as it relates to discovery generally caused by both sides. Second, the EEOC argues that awarding fees as to Saunders' deposition is premature and will only motivate counsel to extend the deposition longer than necessary. The Court finds little merit in either argument.

---

[8] The inclusion of these deadlines does not necessarily mean that the Court will consider any newly filed motions, particularly if they relate to old matters or rehash arguments already considered.

Case No. 3:21cv1051-TKW-HTC

Regardless of the EEOC's renewed commitment to meet its discovery obligations, the reality is that the Court simply cannot ignore the EEOC's wholesale failure to meet its discovery obligations in the 2 years this case has been pending. Indeed, other than pointing to a change in counsel, the EEOC could offer no explanation for its delayed production. Even after the pretrial conference and the realization that there was information that had been requested and not produced, the EEOC had not downloaded Villalobos's or Riveras's social media or email accounts, failed to search Saunders' Facebook posts, and conducted only a cursory search of Saunders' email account. The EEOC's delay in producing this information clearly prejudiced Walmart and, thus, the Court finds Walmart is entitled to *reasonable* fees and costs for filing the motion for a status conference, attending the status conference, and retaking Saunders' deposition. Because it is not yet known whether any new motions in limine will be filed or pretrial disclosures amended, awarding costs for those tasks is premature.

The parties shall meet and confer regarding the amount of fees and costs sought by Walmart and *if* the parties cannot agree, Walmart shall file a motion to determine fees and costs, setting forth the amount sought and providing supporting documentation. This filing shall be made on or before **December 29, 2023**. The EEOC shall have until **January 3, 2024**, to file an opposition.

Case No. 3:21cv1051-TKW-HTC

**DONE and ORDERED** this 29th day of November, 2023.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**