IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>WALMART INC. and<br>WAL-MART STORES EAST, LP,<br><br>    Defendants. | Civil Action No.<br>3:21-cv-01051-TKW-HTC |

## CONSENT DECREE

On September 21, 2021, the U.S. Equal Employment Opportunity Commission ("EEOC" or the "Commission") filed a two-count complaint against Defendants Walmart Inc. and Wal-Mart Stores East, L.P. (collectively, "Walmart") alleging violations of Sections 703(a)(1) and 704(a) of Title VII of the Civil Rights Act ("Title VII"). The first count claimed that Walmart sexually discriminated against Joelle Saunders ("Saunders") and others (including Destiny Riveras and Carolina Villalobos) at their DeFuniak Springs, Florida location in violation of 42 U.S.C. §§ 2000e-2(a)(1), and the second count alleged that Saunders was retaliated against in violation of 42 U.S.C. §2000e-3(a). On July 17, 2023, the Court entered judgment dismissing Count II of the Amended Complaint with prejudice and all claims in Count I with prejudice against the class, including Destiny Riveras and Carolina Villalobos, leaving just a single claim of harassment by Saunders. Walmart denies that it engaged in any unlawful conduct related to the Commission's allegations and does not make any admission of liability by entering into this Consent Decree.

The Commission and Walmart (the "Parties") stipulate to jurisdiction of the Court over the Parties and agree that the subject matter of this action is properly before the Court. The Parties advised the Court that they desire to resolve all the allegations in the Complaint without the burden, expense, and delay of further litigation. The Parties agree to entry of this Consent Decree without trial or further adjudication of the Commission's claims and waive their rights to a trial and appeal. In addition, Walmart waives its right to attorney's fees and costs as awarded by the Court in its November 29, 2023, Order (ECF 133).

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** as follows:

### I. SCOPE AND DURATION OF CONSENT DECREE

1. This Consent Decree resolves all issues and claims arising out of EEOC Charge No. 510-2019-00254, and the Commission's Complaint in Civil Action No. 3:21-CV-01051-TKW-HTC filed in the United States District Court for the Northern District of Florida. This Consent Decree shall not be considered in any manner to be dispositive of any other matters which are or may be pending before any office of the Commission. Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to affect or otherwise limit, the EEOC's authority to process or litigate any other charge of discrimination filed against Defendants or Defendants' rights to defend themselves against any other charge of discrimination or litigation filed against either one of them.

2. This Consent Decree applies solely to the Walmart facility in DeFuniak Springs, Florida, Store #1134.

3. The provisions of this Consent Decree are effective immediately upon the date that the Court enters the Consent Decree (the "Effective Date") and shall be binding upon the Parties to this lawsuit for one year after the effective date of this Consent Decree.

## II. NOTICE

4. The Parties agree that when this Consent Decree requires that Defendants provide notice to the Commission, Defendants must send the notice, documents, reports, information, and items to the Commission's Regional Attorney for the Birmingham District Office marked to the attention of Marsha Rucker, Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205, and by electronic mail to marsha.rucker@eeoc.gov.

5. The Parties agree that when this Consent Decree requires that the Commission provide notice to the Defendants, the Commission will send documents or information to Defendants both by electronic mail to walmart@constangy.com and in writing by overnight mail to: Salvador Simao, Constangy, Brooks, Smith & Prophete, LLP, 15 Independence Blvd., Suite 420, Warren, NJ 07059.

## III. MONETARY RELIEF

6. Saunders will execute a release of claims set forth in Exhibit A. Defendants shall pay Joelle Saunders Thirty Thousand Dollars and Zero Cents ($30,000.00) for alleged and disputed non-wage compensatory damages. Defendants will provide an IRS Form 1099 Misc. for this amount to Saunders.

7. The above payment is contingent on Defendants' receipt of a completed and signed copy of Saunders' IRS Form W-9 and Walmart Associate Information Sheet.

8. Payment shall be made within sixty (60) calendar days of entry of the Consent Decree, but only if Saunders previously provided Defendants with an executed release (Exhibit A), completed IRS Form W-9 and completed Walmart Associate Information sheet. If any of the above documents were not provided within sixty calendar days of the entry of the Consent Decree,

the payment due date will be extended to fourteen days after the receipt of any outstanding document. The check shall be mailed to Saunders at 331 Basswood Road, Port St. Joe, FL 32456.

9. Defendants shall deliver an electronic copy of the check to the Commission via email to marsha.rucker@eeoc.gov and shall, on that same date, mail a photocopy of the check to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 22nd Street South, Suite 2000, Birmingham, Alabama 35205.

## IV. ANTI-DISCRIMINATION POLICY

10. Within sixty (60) days of the entry of this Consent Decree, Walmart's anti-discrimination policy shall be made available electronically to employees at Store #1134.

## V. TRAINING

11. Within sixty (60) days of the effective date of this Agreement, Defendants will provide training on compliance with Title VII and prevention of sexual harassment in the workplace to all salaried supervisors and salaried managers at the DeFuniak Springs, Florida facility, Store #1134

12. During the term of this consent decree, in addition to the training for current salaried supervisors and salaried managers, Defendants will provide training on compliance with Title VII and prevention of sexual harassment in the workplace to each employee promoted or hired in a salaried supervisory or salaried managerial position at Store #1134 within sixty days (60) days of change in status.

13. Defendants shall retain records of all attendees for the training required in accordance with Paragraphs 11 and 12.

4

14. Defendants may use recordings or remote access technology to provide these trainings so long as employees are provided a mechanism for asking questions about the training during or after the training.

15. Defendants shall certify compliance with the training requirements set forth in Paragraph 11 within thirty (30) days of completion of training.

## VI. NOTICE POSTING

16. Defendants shall make the Notice attached as Exhibit B available to employees at their facility in DeFuniak Springs, Florida, Store #1134 within fifteen (15) business days of entry of this Consent Decree.

17. Defendants shall either: post Exhibit B in a conspicuous place upon their premises at Store #1134 where notices to employees are customarily posted; or post Exhibit B electronically to their intranet so that it is accessible only to employees at Store #1134.

18. Defendants shall post Exhibit B for a 90-day period.

## VII. DISPUTE RESOLUTION

19. In the event that one of the Parties believes during the term of this Consent Decree that the other failed to comply with any provision of the Decree, that Party shall notify the other and their counsel of the alleged non-compliance and shall be provided thirty (30) calendar days thereafter to remedy the alleged non-compliance or to satisfy the other Party that the alleged non-compliance is not well founded. If the noticed Party fails to remedy the alleged non-compliance to the satisfaction of the notifying Party, the notifying Party may apply to the Court for appropriate relief.

## VIII. MISCELLANEOUS PROVISIONS

20. Walmart shall notify all such successors-in-interest of the existence and terms of this Decree.

21. Each of the parties shall bear its own costs, attorney fees, and expenses in this lawsuit and prosecution and defense of the Charge preceding it. Defendants shall not be entitled to collect any of the attorney's fees or costs awarded in the Court's November 29, 2023 Order (ECF 133).

22. This Consent Decree constitutes the complete understanding between the parties regarding the matters discussed herein.

## IX. EEOC'S REPORTING REQUIREMENTS UNDER IRC SECTIONS 162(f) AND 6050X

23. The EEOC may be required to report this settlement to the IRS under Section 162(f) and 6050X of the Internal Revenue Code, allowing certain employer payments to be deducted from that employer's taxes. If the EEOC is required to do so, the EEOC will provide the employer with a copy of the 1098-F form that it will provide to the Internal Revenue Service (IRS).

24. Walmart Inc.'s EIN number is 71-0415188. If the EEOC is required to issue a 1098-F, the EEOC shall mail a copy of the Form 1098-F to Salvador Simao, Constangy, Brooks, Smith & Prophete, LLP, 15 Independence Blvd., Suite 420, Warren, NJ 07059.

25. The EEOC has made no representations regarding whether the amount paid pursuant to this settlement qualifies for the deduction under the Internal Revenue Code.

26. The EEOC's provision of Form 1098-F does not mean the requirements to claim a deduction under the Internal Revenue Code have been met.

27. Any decision about a deduction pursuant to the Internal Revenue Code belongs to the IRS solely and Defendants understand that EEOC will not provide any input to IRS regarding that decision.

28. Defendants acknowledge that they are not relying on any EEOC representations regarding whether the amounts paid pursuant to this agreement qualify for a deduction under the

Internal Revenue Code and that they have consulted with legal counsel of their choice regarding all issues relating to tax consequences of anything in this Consent Decree.

**DONE AND ORDERED** this ____ day of _____, 2024.

BY THE COURT:

_____
T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE

BY CONSENT:

**FOR PLAINTIFF**

KARLA GILBRIDE
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
General Counsel
131 M Street, NE
Washington, DC 20507

_/s/ Marsha Rucker_
Marsha Rucker
Regional Attorney

Date: Feb 6, 2024

**FOR DEFENDANTS**

_Salvador Simao_                         SALVADOR SIMAO
AUTHORIZED REPRESENTATIVE                (Printed name)
FOR WALMART, INC.

_Salvador Simao_                         SALVADOR SIMAO
AUTHORIZED REPRESENTATIVE                (Printed name)
FOR WAL-MART STORES EAST, L.P.

7

# EXHIBIT A

## RELEASE OF CLAIMS

In consideration for the monetary relief in the amount of $30,000.00 to be paid to me by or on behalf of Walmart Inc. and Wal-Mart Stores East, LP ("Walmart") pursuant to the Consent Decree entered on _____, in connection with the resolution of *Equal Employment Opportunity Commission v. Walmart Inc. and Wal-Mart Stores East, LP*, Civil Action No. 3:21-cv-01051-TKW-HTC and EEOC Charge No. 510-2019-00254, I release, acquit, discharge, and waive my right to recover for any claims of sex discrimination, sexual harassment and retaliation under Title VII of the Civil Rights Act of 1964, as amended, arising out of my employment with Walmart, that I had against Walmart prior to the date of this release and that were included in the claims alleged in the EEOC's Amended Complaint in this lawsuit and/or EEOC Charge No. 510-2019-00254.

In witness whereof, Joelle Saunders has caused this Release to be executed this ___ day of _____, 2024.

_____
Joelle Saunders

Sworn before me this
___ day of _____, 2024
Notary Public

## EXHIBIT B

## NOTICE

The following notice is being posted pursuant to the terms of a Consent Decree reached between the Parties in <u>EEOC v. Walmart Inc. and Wal-Mart Stores East LP</u> filed in the United States District Court for the Northern District of Florida, Civil Action No. 3:21-cv-01051-TKW-HTC.

Management of Walmart Inc. and Wal-Mart Stores East, LP wish to emphasize their policy of providing equal employment opportunity in all of their operations and in all areas of employment practices. Walmart Inc. and Wal-Mart Stores East, LP aspire that there be no discrimination against any employee on the grounds of sex. This policy extends to all terms, conditions, and privileges of employment.

Pursuant to Title VII of the Civil Rights Act, it is unlawful for an employer to discriminate based on the sex or gender of an employee. Further, it is unlawful for any employer to retaliate against an employee because he or she has opposed discriminatory employment practices, or because he or she has filed a charge of discrimination with any municipal, state, or federal equal employment opportunity agency, or because he or she has participated in an investigation of a charge of discrimination.

Walmart Inc. and Wal-Mart Stores East, LP respect the right of their employees to work in an environment free from discrimination. Accordingly, Walmart Inc. and Wal-Mart Stores East, LP reaffirm their commitment to complying with Title VII, in that it is our policy to prohibit all discrimination based on sex or gender.

**You may report your concerns of discrimination, harassment, retaliation or unequal treatment to Walmart's twenty-four-hour employee hotline at [insert 1800 number here].**

**Any employee who believes that he/she has suffered discrimination, harassment, retaliation or unequal treatment on the basis of sex or gender has the right to contact the EEOC directly at 1-800-669-4000.**

In compliance with federal law, no official at Walmart Inc. and Wal-Mart Stores East, LP will retaliate against an employee who makes an internal complaint of discrimination or who contacts the EEOC.

This Notice shall remain posted for the term of 90 days.

Walmart Inc. and Wal-Mart Stores East, LP

By: _____